IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 21-90054 |
| STRIKE, LLC | |
| DEBTOR | CHAPTER 11 |

OBJECTION TO INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN SENIOR SECURED PRIMING SUPERPRIORITY POSTPETITION FINANCING AND (B) USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME Midland Central Appraisal District, The County of Wharton, Texas, and Reeves County Tax District hereinafter referred to as "Texas Taxing Authorities", secured creditors in the above bankruptcy case, and file this Objection to the Debtor's Motion Of Interim Order (I) Authorizing The Debtors To (A) Obtain Senior Secured Priming Superpriority Postpetition Financing And (B) Use Cash Collateral, (Ii) Granting Adequate Protection To The Prepetition Secured Parties, (iii) Modifying The Automatic Stay, (Iv) Scheduling A Final Hearing, And (V) Granting Related Relief, on the following grounds:

1. The Texas Taxing Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State. The Texas Taxing Authorities have filed secured claims for 2019-2021 ad valorem taxes in the amount of $149,672.83.

2. The Texas Taxing Authorities object to the Interim Order to the extent that the pre-petition, and any potential post-petition claims are being primed. The Texas Taxing Authorities object to the entry of any final order that purports the superior lien position of the Texas Taxing Authorities. The tax liens arise on January 1 of each tax year and "float" to after-acquired property.  See <u>City of Dallas v Cornerstone Bank</u>, 879 S. W. 2d 264 (Tex. App. – Dallas 1994). The tax liens are *in*

*solido,* and a lien on all personal property of the Debtor. See <u>In re: Universal Seismic Associates, Inc.</u>, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See <u>In re: Winns Stores, Inc.</u>, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

3. The Interim Order also does not adequately protect the tax liens and claims as required by 11 U.S.C. § 363 (e). The proceeds from the sale of the Texas Taxing Authorities' collateral constitutes their cash collateral, and they object to the use of the collateral to pay any other creditors of this estate. Pursuant to 11 U.S.C. § 363(c) (4), absent consent by the Texas Taxing Authorities or an order of the Court permitting use of the cash collateral, the Debtor "shall segregate and account for any cash collateral" in its possession. Accordingly, absent consent, a segregated account must be established from the sale proceeds to comply with the requirement of § 363(c) (4). These proceeds from the sale constitute the Texas Taxing Authorities' collateral and should not be distributed to any other party unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

4. The inclusion of the following language in the Final Order authorizing the Debtor to use cash collateral and obtain DIP financing would be adequate to enable the Texas Taxing Authorities to withdraw their Objection to this Interim Order:

   a. Notwithstanding any other provisions included in the Final Order, or any agreements approved hereby, any statutory liens (collectively, the "Tax Liens"), of the Texas Taxing Authorities shall not be primed by nor made subordinate to any liens granted to any party hereby to the extent such Tax Liens are valid, senior, perfected, and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Texas Taxing Authorities are fully preserved. From the proceeds of the sale of any of the Debtor's assets located in the state of Texas, the amount of $149,672.83 shall be set aside by the Debtor in a segregated account as adequate protection for the asserted secured claims of the Texas Taxing Authorities prior to the distribution of any proceeds to any other creditor. The liens of the Texas Taxing Authorities, if any, shall attach to these proceeds to the same extent and with the same priority as the liens they now hold against

the property of the Debtor. These funds shall be on the order of adequate protection and shall constitute neither the allowance of the claims of the Texas Taxing Authorities, nor a cap on the amounts they may be entitled to receive.

WHEREFORE the Texas Taxing Authorities object to the Interim Order, request this Court to order appropriate provisions to assure the protection of the position of their secured tax claims, and further request other and such relief as is just and proper.

Dated: December 13, 2021

        Respectfully submitted,

        MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
        Attorneys for Claimants, Midland Central Appraisal District, The County of Wharton, Texas and Reeves County Tax District

        */s/Tara LeDay*
        Tara LeDay
        State Bar Number 24106701
        P.O. Box 1269
        Round Rock, Texas 78680
        Telephone: (512) 323-3200
        Fax: (512) 323-3205
        Email: tleday@mvbalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the above Objection to Motion of Interim Order to Matthew D Cavenaugh, Jackson Walker LLP, 1401 McKinney Street Ste 1900, Houston, Texas 77010; Genevieve Marie Graham, Jackson Walker LLP, 1401 McKinney Street Suite 1900, Houston, Texas 77010; Kristhy M Peguero, Jackson Walker LLP, 1401 McKinney St Ste 1900, Houston, Texas 77010; Hector Duran, Jr, U.S. Trustee, 515 Rusk Ste 3516, Houston, Texas 77002, and to those parties listed on the Court's Notice of Electronic Filing on December 13, 2021, by Electronic Notification.

        */s/Tara LeDay*
        Tara LeDay