IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| STRIKE, LLC, *et al.*[1] | ) ) | Case No. 21-90054 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS ATTORNEYS TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The debtors and debtors in possession in the above captioned cases (collectively, the "**Debtors**," and together with their non-Debtor affiliates, the "**Company**") hereby file this application (the "**Application**") for entry of an order (the "**Order**") substantially in the form attached hereto, authorizing the Debtors to employ and retain White & Case LLP ("**White & Case**" or the "**Firm**") effective as of the Petition Date as the Debtors' bankruptcy counsel. In support of this Application, the Debtors rely upon and incorporate by reference (i) the *Declaration of Sean Gore in Support of Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 18] (the "**First Day Declaration**"),[2] (ii) the declaration of Andrew O'Neill, a partner of White & Case,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Strike, LLC (2120); Strike HoldCo, LLC (0607); Delta Directional Drilling, LLC (9896); Strike Global Holdings, LLC (4661); Capstone Infrastructure Services, LLC (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 1800 Hughes Landing Boulevard, Suite 500, The Woodlands, Texas 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

AMERICAS 108977121

which is annexed hereto as **Exhibit A** (the "**O'Neill Declaration**"), and (iii) the declaration of Sean Gore, the Debtors' Chief Financial Officer, which is annexed hereto as **Exhibit B** (the "**Retention Declaration**").  In further support of the Application, the Debtors respectfully state as follows:

## RELIEF REQUESTED

1. By this Application, pursuant to sections 327(a), 329, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the Debtors seek entry of an Order, substantially in the form attached hereto, authorizing the employment and retention of White & Case as the Debtors' bankruptcy counsel to perform the legal services that will be necessary during these Chapter 11 Cases (defined below), as more fully described herein, and in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and White & Case dated September 7, 2021 (the "**Engagement Letter**"), a copy of which is attached as **Schedule 1** to the O'Neill Declaration and incorporated herein by reference.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The predicates for the relief requested by this Application are sections 327(a), 329, 330 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules.

## BACKGROUND

5.  Headquartered in The Woodlands, Texas, the Debtors provide pipeline, facilities, and infrastructure solutions to the energy sector. Partnering closely with clients across North America, the Debtors deliver a full range of integrated engineering, construction, maintenance, integrity, and specialty services that span the entire oil and gas lifecycle. The Debtors have approximately 2,500 employees and locations in all major oil and gas basins across the United States. The Debtors' operating revenue for the twelve-month period that ended 2020 was approximately $1 billion, and, as of the Petition Date, the Debtors have over $308,000,000 in aggregate original principal amount of prepetition funded debt obligations.

6.  On December 6, 2021 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 15, 2021, an official creditors' committee (the "**Committee of Unsecured Creditors**") was appointed by the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"). No trustee or examiner has been appointed in these Chapter 11 Cases.

7.  Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these Chapter 11 Cases, are set forth in detail in the First Day Declaration.

3

**BASIS FOR RELIEF**

8. The Debtors seek to retain White & Case because of the Firm's knowledge of, and experience with (a) the Debtors and their businesses and (b) the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Debtors believe that White & Case has assembled a highly qualified team of professionals and paraprofessionals to provide services to the Debtors during these Chapter 11 Cases. The Debtors further believe that White & Case has the knowledge and experience necessary to deal effectively with the issues that will arise in these Chapter 11 Cases.

9. White & Case has represented the Company since February 2021 in connection with various matters, including advising the Company at various times with respect to (a) general corporate matters; (b) tax and finance matters; and (c) other U.S. law matters. Most recently, pursuant to the Engagement Letter, the Debtors retained White & Case as their counsel in connection with efforts to restructure their financial obligations and related matters with respect to U.S. law. Pursuant to the Engagement Letter, White & Case has advised the Debtors with respect to such efforts, including forbearance agreements, bridge financing, restructuring and bankruptcy matters, and other strategic alternatives. As a result, White & Case has acquired in-depth knowledge of the Debtors' capital structure and gained additional insight into the current condition of the Debtors' businesses. Accordingly, White & Case possesses the necessary knowledge and background, and is uniquely positioned, to address the potential legal issues that may arise in the context of these Chapter 11 Cases.

10. For the reasons set forth herein, the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest, and therefore should be granted.

**SERVICES TO BE PROVIDED**

11. The services to be performed by White & Case are appropriate and necessary to enable the Debtors to execute their duties as debtors in possession and to prosecute these Chapter 11 Cases. Subject to further order of the Court, the Debtors request the employment and retention of White & Case to render various legal services including those set forth in the Engagement Letter and, among others, the following:

　　a. Advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

　　b. Advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal requirements of operating in chapter 11;

　　c. Advising the Debtors in connection with corporate transactions and corporate governance, negotiations, credit agreements, financing agreements, and other agreements with creditors, equity holders, prospective acquirers and investors, reviewing and preparing of documents and agreements, and such other actions;

　　d. Reviewing and preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates, and appearing in court, and taking other actions with respect to the foregoing;

　　e. Attending meetings and negotiating with representatives of creditors and other parties in interest;

　　f. Advising the Debtors with legal issues related to the Debtors' financial circumstances, including with respect to restructuring, financing, corporate, tax, litigation, mergers and acquisition, and employment issues, in each case as may be necessary or appropriate;

　　g. Performing all other ancillary necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including assisting the Debtors in: (i) analyzing the legal aspects of the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters;

　　h. Taking all necessary legal actions to protect and preserve the Debtors' estates as the Debtors request, including prosecuting actions on the Debtors' behalf,

> defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates; and
>
> i. Taking any necessary action on behalf of the Debtors as the Debtors request to obtain approval of a sale transaction and disclosure statement and confirmation of a chapter 11 plan and all documents related thereto.

12. It is necessary and essential for the Debtors to employ attorneys to render the foregoing professional services and any other legal services that the Debtors may require during the Chapter 11 Cases. White & Case has indicated its desire and willingness to act on behalf of, and render such services to, the Debtors subject to the Court's entry of an order approving White & Case's retention.

13. The Debtors have informed White & Case, and White & Case understands, that the Debtors are planning on filing retention applications for other professionals in these Chapter 11 Cases. In particular, the Debtors have filed, or expect to file shortly, applications to employ: (i) Jackson Walker LLP as co-counsel; (ii) Opportune Partners LLP as financial advisor; (iii) Opportune Partners LLC as investment banker; and (iv) Epiq Corporate Restructuring, LLC as claims and noticing agent and administrative advisor. The Debtors may also file applications to employ additional professionals. The Debtors anticipate that the coordination of efforts by and among the Debtors' attorneys and other professionals will substantially contribute to the efficient and effective administration of these Chapter 11 Cases.

## **WHITE & CASE'S DISINTERESTEDNESS**

14. To the best of the Debtors' knowledge, and except as otherwise set forth herein and in the accompanying O'Neill Declaration, White & Case has no connection with any of the Debtors, their affiliates, their creditors, or any other party-in-interest, or their respective attorneys and accountants, the U.S. Trustee for the Southern District of Texas or any person employed in

6

the office of the same, or any judge in the Bankruptcy Court or District Court for the Southern District Court of Texas or any person employed in the offices of the same.

15. As set forth in the O'Neill Declaration, White & Case in the past has represented, currently represents, and in the future likely will represent certain entities that are parties-in interest in these Chapter 11 Cases in matters unrelated to the Debtors, the Debtors' Chapter 11 Cases, or such parties-in-interests' claims against or interests in the Debtors.

16. The Debtors understand that, except as otherwise set forth in the O'Neill Declaration:

   a. Neither White & Case nor any attorney at the Firm holds or represents an interest adverse to the Debtors' estates;

   b. Neither White & Case nor any attorney at the Firm is or was a creditor, an equity security holder, or an insider of the Debtors, except that White & Case previously rendered legal services to the Debtors for which it was compensated as disclosed below;

   c. Neither White & Case nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors; and

   d. Neither White & Case nor any attorney at the Firm has an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

17. In view of the above, the Debtors believe that White & Case is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates.

18. White & Case will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances arise. If any new

AMERICAS 108977121

relevant facts or relationships are discovered or arise, White & Case will use reasonable efforts to identify such developments and will promptly file a supplemental declaration.

## **PROFESSIONAL COMPENSATION**

19. White & Case has provided and will be providing professional services to the Debtors at the current standard rate charged by the Firm for such services. Currently, the hourly rates charged by White & Case range from $1,200 to $1,725 for partners, $1,120 for counsel, $635 to $1,085 for associates, and $185 to $565 for paraprofessionals. White & Case has advised the Debtors the hourly rates set forth above are subject to periodic increases in the normal course of the Firm's business, often due to the increased experience of a particular professional and on an annual basis, including January 1, 2022. White & Case will provide notice of any rate increases to the Debtors, the U.S. Trustee, and any official committee appointed in the Chapter 11 Cases. Consistent with the Firm's policy with respect to all of its clients, White & Case will continue to charge the Debtors for reimbursement costs out of pocket and office expenses, and disbursements incurred in the rendition of services. These include but are not limited to: photocopying, local messenger and intercity delivery service, computerized research, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), support staff overtime and word processing, consulting, and expert costs, and other costs, expenses, and disbursements as set forth in the Engagement Letter.

20. The Debtors understand that White & Case intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders entered in these Chapter 11 Cases governing professional compensation and reimbursement for fees and

expenses charged. White & Case also intends to make a reasonable effort to comply with U.S. Trustee requests for information and additional disclosures as set forth *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**"), both in connection with this Application and the monthly (if any), interim (if any) and final fee applications to be filed by White & Case in these Chapter 11 Cases. To that end, the O'Neill Declaration includes information provided by White & Case pursuant to paragraph D.1 of the U.S. Trustee Guidelines.

21.    As set forth in the O'Neill Declaration, pursuant to the Engagement Letter, White & Case received an initial retainer from the Debtors in the amount of $500,000 (the "**Retainer**"). During the ninety days prior to the Petition Date, White & Case received payments and advances for services performed and expenses incurred, and to be performed and incurred, including in preparation for the commencement of the Chapter 11 Cases in the amount of $6,273,810.44. During this period, except for a payment of $305,108.46 on September 9, 2021 for fees and expenses relating to finance, tax and corporate work for the Debtors that became due, White & Case would pay its invoices for fees and expenses as they became due by deducting the amount of such invoices from the Retainer pursuant to the terms of the Engagement Letter. The Debtors would subsequently deposit with White & Case an amount equal to such deduction in order to fully replenish the Retainer. As of the Petition Date, White & Case has $0 remaining in the Retainer.[3] White & Case agrees to waive any further claim that the Firm may have against the Debtors for unpaid prepetition fees and expenses.

---

[3]    On Friday, December 3, White & Case deducted $500,000 from the Retainer for unbilled time and services rendered or to be rendered prior to the Petition Date.

9

22. Pursuant to Bankruptcy Rule 2016(b), White & Case has no agreement with any other entity to share any compensation received by White & Case, except as permitted under section 504(b)(1) of the Bankruptcy Code.

23. The Debtors respectfully submit that the retention of White & Case on the terms and conditions set forth herein, in the O'Neill Declaration, and in the Engagement Letter is necessary and in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest.

## SUPPORTING AUTHORITY

24. The Debtors seek to retain White & Case as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

25. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

26. For all the reasons stated above, in the O'Neill Declaration, and in the Retention Declaration, the employment and retention of White & Case as counsel to the Debtors is warranted. Further, White & Case is a "disinterested person" within the meaning of section 101(14) of the

Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the O'Neill Declaration.

### NOTICE

27. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Official Committee of Unsecured Creditors; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (d) the Prepetition Senior Loan Agent; (e) the Prepetition Junior Loan Agent; (f) AIP and the DIP Secured Parties, and their counsel, Stroock & Stroock & Lavan LLP; (g) the Office of the United States Attorney for the Southern District of Texas; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. In view of the nature of the relief requested, no other or further notice need be provided.

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested in this Application, and grant such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated: December 17, 2021

**STRIKE, LLC**
(for itself and on behalf of its affiliated debtors and debtors in possession)

*/s/ Sean Gore*
Name: Sean Gore
Title: Chief Financial Officer

## Certificate of Service

  I certify that on December 17, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh

AMERICAS 108977121