IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.  21-90054 |
| | § | |
| STRIKE, LLC, et al | § | Chapter   11 |
| | § | |
| Debtors | § | Jointly Administered |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CERTAIN TEXAS TAXING ENTTITIES TO THE DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF RITCHIE BROS. AUCTIONEERS (AMERICA) INC. AS AUCTIONEER (II) APPROVING THE SALE OF ASSETS, AND (III) GRANTING RELATED RELIEF**
(Relates to Document #198)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Panola County, City of Cleburne, Cleburne Independent School District, Johnson County, Brazoria County Tax Office, Chambers County Tax Office, Barbers Hill Independent School District, The City of Mont Belvieu, Montgomery County Municipal Utility District #67, Karnes County Tax Office, Midland County, La Pryor Independent School District, secured creditors and parties in interest (the "Certain Texas Taxing Entities") and files this Limited Objection and Reservation of Rights to Emergency Motion for Entry of an Order (I) Authorizing the Retention and Employment of Ritchie Bros. Auctioneers (America) Inc. as Auctioneer (II) Approving the Sale of Assets, and (III) Granting Related Relief (the "Sale Motion"), and respectfully shows as follows:

Background

1. The Certain Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

2.      The Certain Texas Taxing Entities hold secured pre-petition tax claims for the current 2021 tax year for $540,344.34[1] (the "Tax Claims"). These claims are secured by tax liens on the tangible personal property of the Debtors within their taxing boundaries (the "Tax Liens"). The Tax Liens attach to the taxpayer's property on January 1 of each tax year.

3.      The Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code.

4.      The property taxes are due upon receipt pursuant to Texas Property Tax Code Sec. 31.02. The 2021 taxes will become delinquent after January 31, 2022.

Limited Objection to Sale Motion and Proposed Sale Order

5.      The Certain Texas Taxing Entities object to the Sale Motion and the Proposed Sale Order in that it seeks to sell assets that are encumbered by the Tax Liens, free and clear without the consent of The Certain Texas Taxing Entities and without providing adequate protection in the form of segregated funds.

6.      The sale of assets as proposed by the Sale Motion will create cash collateral proceeds to which the Tax Liens attach. Pursuant to 11 U.S.C. §363(c)(4), absent consent of a party with interest in the cash collateral, a segregated account shall be established to segregate the non-consenting party's cash collateral. The Certain Texas Taxing Entities object to the use of their cash collateral and the payment of proceeds from the sale of their collateral to any party whose interest is inferior to its Tax Lien, unless and until they are adequately protected.

7.      The Certain Texas Taxing Entities request that sufficient funds to pay their claims, plus interest at the applicable non-bankruptcy rate, be set aside in a segregated account for the sole

---

[1] The Tax Claims are still undergoing research and are subject to change.

purpose of paying the Tax Claims. The Certain Texas Taxing Entities further request that the Court enter an order that the segregated funds not be paid to any other party until the Tax Claims are paid in full.

8. In the event that property is sold after January 1, 2022, the tax liens for the 2022 tax year will have attached to the property. Under those circumstances, the 2022 taxes should either be assumed by the Buyer to the same extent that the Seller is liable under Texas law, or the Debtors should segregate funds sufficient to pay the 2022 taxes. Further the 2022 tax liens should remain attached to the property until the 2022 taxes are paid in full.

9. The Debtors' motion indicates that they have sold assets prepetition. The Debtors should disclose assets sold prior to January 1, 2022, to the applicable appraisal district, by filing the appropriate renditions, to ensure that they are not included on the tax roll for 2022.

10. In the event that collateral of the Certain Texas Taxing Entities was sold prepetition without the taxes being paid, the Certain Texas Taxing Entities retain their liens on the sold property or are entitled to liens on the prepetition sales proceeds.

11. The Certain Texas Taxing Entities object to the Sale Motion in that it allows for the payment of proceeds from the sale of all DIP collateral to the DIP Agent whose liens are junior to the Certain Texas Taxing Entities.

12. The Certain Texas Taxing Entities further object to the Motion to the extent an order on the Motion provides special language or concessions for the sole benefit of the similarly situated taxing entities that does not also apply to the Certain Texas Taxing Entities as this would unfairly lead to the disparate treatment of similarly situated creditors. Any special language included in an order on the Motion for the benefit of other Texas taxing authorities should expressly and equally apply to the Certain Texas Taxing Entities as well.

13. Nothing in The Certain Texas Taxing Entities request is an attempt to impede on the Debtors' rights to object to the allowance of the claims filed by The Certain Texas Taxing Entities or to seek payment of claims prior to allowance. Any language establishing a segregated account funded to pay the claims of The Certain Texas Taxing Entities would provide for a full reservation of the Debtors' rights.

14. Counsel for the Certain Texas Taxing Entities have attempted to confer with counsel for the Debtors in an attempt to reach an agreement.

<u>Prayer</u>

WHEREFORE, The Certain Texas Taxing Entities respectfully request that (1) a final order approving the Sale Motion provide for segregate funds sufficient to pay the Tax Claims set aside and not paid to any other party without further order of this Court or the agreement of the parties, (2) that proceeds from the sale of the Certain Texas Taxing Entities collateral not be paid to any junior lien holders, (3) that the Certain Texas Taxing Entities be provided with liens on the sale proceeds from any of the collateral sold prepetition and (4) grant them such other and further relief as is just and proper.

Dated: December 20, 2021

> Respectfully submitted,
>
> PERDUE, BRANDON, FIELDER,
> COLLINS & MOTT, L.L.P.
> Attorneys for The Certain Texas Taxing Entities
> 1235 North Loop West, Suite 600
> Houston, Texas 77008
> (713) 862-1860 (phone)
> (713) 862-1429 (fax)
>
> */s/ Melissa E. Valdez*
> Melissa E. Valdez
> Texas Bar No. 24051463
> Owen M. Sonik
> Texas State Bar No. 18847250

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing Limited Objection has been sent to the parties listed below by the method indicated on this the 20th of December 2021.

**PROPOSED COUNSEL TO THE DEBTORS**

Matthew D Cavenaugh
Jackson Walker LLP
1401 McKinney Street, Ste 1900
Houston, TX 77010
Email: mcavenaugh@jw.com

Genevieve Marie Graham
Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
Email: ggraham@jw.com

Kristhy M Peguero
Jackson Walker LLP
1401 McKinney St, Ste 1900
Houston, TX 77010
Email: kpeguero@jw.com

**OFFICE OF THE UNITED STATES TRUSTEE**

Hector Duran, Jr
U.S. Trustee
515 Rusk, Ste 3516
Houston, Tx 77002
Email: Hector.Duran.Jr@usdoj.gov

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Marty L Brimmage
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Email: mbrimmage@akingump.com

And all other parties via CM/ECF-enotice.

/s/*Melissa E. Valdez*
Melissa E. Valdez