**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| STRIKE, LLC, *et al.*[1] | Case No. 21-90054 (DRJ) |
| Debtors. | (Jointly Administered) |

**SCHEDULE OF ASSETS AND LIABILITIES
FOR STRIKE HOLDCO, LLC CASE NO. 21-90058 (DRJ)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Strike, LLC (2120); Strike HoldCo, LLC (0607); Delta Directional Drilling, LLC (9896); Strike Global Holdings, LLC (4661); Capstone Infrastructure Services, LLC (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 1800 Hughes Landing Boulevard, Suite 500, The Woodlands, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| STRIKE, LLC, *et al.*[1] | ) Case No. 21-90054 (DRJ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## INTRODUCTION

Strike, LLC ("**Strike**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflects the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. The Schedules and Statements and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Strike, LLC (2120); Strike HoldCo, LLC (0607); Delta Directional Drilling, LLC (9896); Strike Global Holdings, LLC (4661); Capstone Infrastructure Services, LLC (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 1800 Hughes Landing Boulevard, Suite 500, The Woodlands, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performances of the Debtors.

Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Notwithstanding any subsequent information or discovery, the Debtors and their agents, attorneys, and financial advisors do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re- categorized.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or unforeseeable and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Sean Gore, Executive Vice President and Chief Financial Officer of Strike, has signed each of the Schedules and Statements.  Mr. Gore is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Gore necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and the Debtors' proposed advisors.  Mr. Gore has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

In the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1.  **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to:  (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim (each, a "**Claim**")[2] is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority or avoidability of any Claim.   Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount

---

[2]   For the purposes of these Global Notes, the term "Claim" shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2.    **Description of Cases and "As Of" Information Date**.    On December 6, 2021 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 15, 2021, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

On the Petition Date, the Court entered the *Order (I) Directing Joint Administration of Cases and (II) Waiving Requirements of Bankruptcy Code Section 345(c)(1) and Bankruptcy Rules 1005 and 2002(n)* [Docket No. 7] (the "J**oint Administration Order**"). The Joint Administration Order authorized the joint administration of the Debtors chapter 11 cases under lead case number 21-90054 for procedural purposes only. Accordingly, each Debtor has filed its own Schedules and Statements.

The asset and liability information provided herein represents asset and liability data of the Debtors as of October 31, 2021, except as otherwise noted. As noted below, the amounts of the Debtors' funded debt obligations and certain amounts related to the Debtors' requests for "first day" relief are represented as of the Petition Date.

3.    **Net Book Value of Assets**.    Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of October 31, 2021.    The book values of certain assets may materially differ from their fair market values or other measures of value. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value or the amount a third party might be willing to pay in connection with any asset disposition.

For financial reporting purposes, Strike prepares consolidated financial statements. Unlike Strike's consolidated financial statements, these Schedules and Statements, except as indicated herein, reflect the assets and liabilities of each Debtor and do not include the assets and liabilities of certain of Strike's non-Debtor affiliates. Accordingly, combining the assets and Claims set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information for Strike and its respective consolidated subsidiaries.

Book values of assets generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets. Additionally, because the book values of assets may materially differ from their fair market values, a number of assets have undetermined values as of October 31, 2021, and are listed accordingly. Furthermore, assets that have been fully depreciated or fully amortized, or were expensed for GAAP accounting purposes, have no net book value and are therefore not included in the Schedules and Statements.

4. **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make certain estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, and the reported amounts of revenues and expenses. Actual results could differ materially from these estimates. Further, certain immaterial assets and liabilities may have been excluded from the Schedules and Statements. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

5. **Recharacterization**. The Debtors have made reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate.

6. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

Only the administrative agents under the Debtors' Prepetition Senior Loan Facility (defined below) and Prepetition Junior Loan Facility (defined below) have been listed on the Schedules and Statements on behalf of the lenders thereunder, which are not separately listed.

The liabilities listed on the Schedules do not reflect a complete analysis of Claims rights to be treated as an administrative claim under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted administrative Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim. Similarly, although the Debtors listed certain amounts owed to employees as priority up to the cap provided under section 507(a)(4) and 507(a)(5) of the Bankruptcy Code, the Debtors reserve all rights to dispute or challenge the validity

and priority of any claims and with respect to the Debtors ability to ultimately pay such claims in light of other provisions of the Bankruptcy Code, including the requirements of Section 503(c) of the Bankruptcy Code.

7.      **Excluded Assets and Liabilities**.   The Debtors have excluded book values for certain categories of assets and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, tax accruals, asset retirement obligations, and assets with a net book value of zero. For confidentiality reasons, the Debtors have not listed individual customer accounts receivable information or individual retention agreements for participants in the Debtors' prepetition employee retention programs.  However, any payments made to "insiders," as such term is defined in section 101(31) of the Bankruptcy Code, on account of prepetition retention programs are listed in the Schedules and Statements subject to the reservations regarding insider designations below.  In addition, certain immaterial assets and liabilities may have been excluded.

8.      **Insiders**. For purposes of the Schedules and Statements, the Debtors defined "insiders" as such term is defined in section 101(31) of the Bankruptcy Code.  However, parties referenced as "insiders" have been included for informational purposes only and the designation of a party as an "insider" in the Schedules and Statements shall not constitute an admission that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code or that such parties were insiders at the time the applicable payment or transfer listed on the Schedules and Statements was made or incurred.  The Debtors have attempted to identify parties who could properly be considered "insiders" at any point during the applicable periods identified in the Schedules and Statements. The Debtors were inclusive in their interpretation of what may constitute an "insider."  However, the Debtors do not take any position with respect to: (a) any referenced insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any referenced insider; (c) the decision making or corporate authority of any referenced insider; or (d) whether the Debtors or any referenced insider could successfully argue that such party is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9.      **Intellectual Property Rights**.   Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.     **Umbrella/Master Agreements**.   Certain contracts and/or leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements of the Debtor entity that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.   None of these umbrella or master agreement listed in the Schedules and

Statements reflect any decision by the Debtors as to whether or not such agreements are executory in nature.

11. **Executory Contracts**.   Although efforts have been made to accurately reflect each Debtor's executory contracts in the Schedules and Statements, inadvertent errors or omission may have occurred.  Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using reasonable efforts.  Listing a contract or agreement in the Schedules and Statements does not constitute an admission that such contract or agreement (a) is an executory contract, (b) was in effect on the Petition Date, or (c) is valid or enforceable.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.

Although the Debtors made diligent attempts to attribute each executory contract to the correct Debtor, the Debtors may have inadvertently failed to do so.   Certain confidentiality and non-compete agreements may not be listed on Schedule G.   The contracts and agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments and other documents that may not be listed despite the Debtors' use of reasonable efforts to identify such documents. Certain of the contracts and agreements listed on Schedule G may also consist of several parts, including purchase orders, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry.    Unless otherwise specified on Schedule G, each executory contract listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, purchase orders, statements of work, requests for service, or other agreements made directly or indirectly.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single or integrated contract or agreement, multiple contracts or agreements, or severable or separate contracts or agreements.

The Debtors expressly reserve their rights, Claims, and causes of actions with respect to the executory contracts, including the right to dispute or challenge the characterization of any agreement on Schedule G as executory.

12. **Guarantees and Other Secondary Liability Claims**.   The Debtors have made reasonable efforts to locate and identify guarantees and other secondary liability Claims (collectively, the "**Guarantees**") in the executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements to which any Debtor is a party.  Where Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees.   The Debtors have placed the Guarantees on Schedule H for both the primary obligor and the guarantor of the relevant obligation.  It is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Additionally, failure to list any Guarantees in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guarantees not listed.

13.     **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

14.     **Classifications**.  Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors that such claim is entitled to priority treatment, including under sections 503 and/or 507 of the Bankruptcy Code or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff such Claims.  For the avoidance of doubt, the Debtors reserve all rights to dispute the amount and/or the priority status of any claim on any basis at any time.

15.     **Claims Description**.   Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.

16.     **Causes of Action**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

17.     **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

•       Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- Paid Claims.  The Debtors were authorized to pay certain outstanding prepetition Claims pursuant to various orders entered by the Court.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities, including seeking satisfaction of such claims without further amendment to the Schedules and Statements.

- Liens.  Property and equipment listed in the Schedules and Statements is presented without consideration of any liens that may attach (or have attached) to such property and equipment.

18. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

19. **Intercompany Payables and Receivables**.  The Debtors engage in certain intercompany transactions with other Debtor and non-Debtor affiliates.  Intercompany receivable account balances are shown in Schedule A/B and intercompany liabilities are shown in Schedule E/F.  Further, the Debtors operate their business on a consolidated level and do not cash settle intercompany payable or receivable amounts.

20. **Inventories, Property, and Equipment**.  Inventories consist of materials and supplies. These inventories are listed at net book value.  Inventories, property, and equipment are recorded at cost or at fair value at the date of acquisition in the case of certain previously acquired businesses.  All inventories, property, and equipment, are presented without consideration of any statutory or consensual liens.

21. **Other Leases**.  The Debtors lease equipment and facilities under certain lease agreements. These equipment and facilities leases are reported on Schedule G of each applicable Debtor, and to the extent that there was an amount outstanding under any of these leases as of the Petition Date, the amount owed to the applicable lessor has been listed on Schedule E/F of each applicable Debtor.

22. **Effect of "First Day" Orders**.  The Court has authorized the Debtors to pay various outstanding prepetition Claims including certain payments to employees, critical vendors, potential lien holders, and taxing authorities.  Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amount of such Claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any postpetition payments made on account of such Claims pursuant to the authority granted to the Debtors by the Court as of December 6, 2021.  To the extent any further adjustments are necessary to account for any additional Court-authorized postpetition payments, such adjustments

have not been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement. Estimates of Claims set forth in the Schedules and Statements may not reflect assertions by the Debtors' creditors of a right to have such Claims paid or reclassified under the Bankruptcy Code or orders of the Court.

23.   **Setoffs**.   The Debtors periodically setoff certain obligations in the ordinary course of business.   Such ordinary course setoffs can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, negotiations and/or disputes between Debtors and their customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes between the Debtors and their customers and/or suppliers.   These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

24.   **Confidentiality**.   There are instances within the Schedules and Statements where names, addresses, or amounts have been left blank.   Due to the nature of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

**Schedules Summary**.   The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the Debtors' financial statements.   Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.   Given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor's Schedules or Statements show more assets than liabilities, it shall not constitute an admission that such applicable Debtor was solvent as of the Petition Date or at any time before the Petition Date.   Likewise, to the extent a Debtor's Schedules and Statements show more liabilities than assets, it shall not constitute an admission that such applicable Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

**Claims of Third-Party Related Entities**.   Although the Debtors have made every effort to properly classify each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to both such entity and its affiliates.   Therefore, to the extent that the Debtors have classified their estimate of Claims of a creditor as disputed, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

**Schedule A/B, Parts 1– Cash and Cash Equivalents**. The amounts represented in Schedule A/B, Part 1, Question 1 are as of the Petition Date.

**Schedule A/B, Part 2 – Deposits and Prepayments**. In the ordinary course of the Debtors' business, the Company prepays various items to include insurance, bonuses, software licenses, prepaid cards, etc. The various prepayments have been listed by party holding the prepaid deposit or have been grouped to represent similar prepaid amounts. The prepaid balance generally represents the unamortized or remaining balance related to a contract or asset.

**Schedule A/B, Part 3 – Accounts Receivable**. The Debtors' accounts receivable balance includes trade receivables, intercompany receivables, related party receivables, accrued receivables, retainage and other miscellaneous receivables all generated in the ordinary course of the Debtors' business. For presentation purposes, all accrued receivables, retainage, and a majority of trade receivables are listed as less than 90 days outstanding while intercompany receivables, related party receivables, other receivables, and a portion of trade receivables are listed as greater than 90 days outstanding. The Debtors operate their business at a consolidated level and do not true-up intercompany balances with cash settlements. The Debtors appropriately account for all intercompany asset or liability amounts and transactions on each individual Debtor's books and records but prepare consolidated financial statements which eliminate the intercompany amounts.

**Schedule A/B, Part 4 – Non-Publicly Traded Stock Interests**. For purposes of the Schedules, the Debtors have listed the value of such ownership interests as undetermined because the fair market value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value. Bond values in Part 4, Question 16 are listed as of the Petition Date.

**Schedule A/B, Part 5 – Inventory, Excluding Agricultural Assets**. The Debtors' inventories consist of materials and supplies. These inventories are listed at net book value. Work in progress includes work in progress and contract assets. The Debtors have not performed a recent physical inventory count.

**Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**. The Debtors do not designate or account for office furniture and fixtures on an individual bases and instead group these items into a singular account. The balance included in Question 39 represents both office furniture and fixtures. Further, collectibles are grouped into a single line-item containing the various sculptures and artwork owned by the Debtors.

**Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles**. The Debtors own and lease various types of machinery, equipment, and vehicles that have been labeled as such. Both owned machinery, equipment, and vehicles as well as leased machinery, equipment, and vehicles accounted for as capital leases are included in the Schedules. Each owned or leased item is listed individually with identifying information, including internally generated asset identification number, description, and year (where applicable). Other machinery and equipment and tools/supplies have been grouped as "Other Machinery, Fixtures, and Equipment" and mats are grouped as a separate item as designated in the Debtors' accounting system.

10

The Debtors lease equipment and facilities under various capital and operating lease agreements. These equipment leases are reported on Schedule A/B and Schedule G of each applicable Debtor. To the extent that there was an amount outstanding under any of these leases as of the Petition Date, the amount owed to the applicable lessor has been listed on Schedule E/F of each applicable Debtor.

**Schedule A/B, Part 9 – Real Property**.  For any Debtors that own real property or buildings and leasehold improvements, they are reported, except where otherwise noted, at net book value.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed. Buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property.

In addition, certain of the instruments reflected on Schedule A/B, Part 9 may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B, Part 9.  The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A/B, Part 9 is an executory contract within the meaning of section 365 of the Bankruptcy Code.

**Schedule A/B, Part 10 – Intangibles and Intellectual Property**.  Customer relations includes customer lists, mailing lists, and other compilations.  Trade names include patents, copyrights, trademarks, and trade secrets.  The Debtors do not have a recent available valuation of such intangibles and intellectual property and accordingly have listed the value of these items as undetermined in the Schedules.

**Schedule A/B, Part 11 – All Other Assets**.   In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, credits, rebates, or refunds with their customers and suppliers, or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which such Debtor has asserted, or may assert, Claims as a plaintiff or counter-claims and/or cross-claims as defendant.

Certain Debtors have accumulated tax attributes that can potentially be carried forward to offset income or reduce tax liabilities in future years for United States federal and state tax purposes.   The amount of tax attributes for the relevant tax years are shown on Schedule A/B.

**Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or other order entered by the Court, the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  In certain circumstances, a Debtor may be a co-obligor or guarantor with respect to the scheduled Claims of other Debtors, and no Claim set forth on Schedule D of any Debtor is

intended to acknowledge Claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in Schedule D and/or the Global Notes shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights, Claims and Causes of Action with respect to Claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's Claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

The Debtors have not included parties that may assert such Claims are secured through setoff rights or inchoate statutory lien rights on Schedule D.

Strike, Delta Directional Drilling, LLC, Capstone Infrastructure Services, LLC, Crossfire, LLC and Strike Global Holdings, LLC, as borrowers, Strike Holdco, LLC ("**Strike Holdco**"), as guarantor, certain financial institutions, as Lenders, and Lightship Capital II LLC (as successor in interest to Bank of America, N.A.), as administrative agent and collateral agent, are parties to that certain *ABL Loan and Security Agreement*, dated as of November 30, 2016 (as amended, amended and restated, supplemented or otherwise modified, the "**Prepetition Senior Loan Agreement**"), which provided for a revolving asset-backed loan facility (the "**Prepetition ABL Facility**"), which was subsequently amended to provide for incremental delayed draw loans (the "**Prepetition Bridge Facility**," and together with the Prepetition ABL Facility, the "**Prepetition Senior Loan Facility**"). The Claim amount drawn for the Prepetition Senior Loan Facility listed in Schedule D is equal to the outstanding principal amount, plus all interest and fees, as of the Petition Date.

Strike, as borrower, Strike Holdco and certain of Strike's subsidiaries, as subsidiary guarantors, certain financial institutions, as lenders, and Wilmington Trust, National Association, as administrative agent and collateral agent, are parties to that certain *Term Loan and LC Loan and Security Agreement*, dated as of November 30, 2016 (as amended, amended and restated, supplemented or otherwise modified, the "**Prepetition Junior Loan Agreement**"), which provided for a term loan facility (the "**Prepetition Junior Loan Facility**"). The Claim amount for the Prepetition Junior Loan Facility listed in Schedule D is equal to the outstanding principal amount, plus all interest and fees, as of the Petition Date.

**Schedule E/F, Part 1 – Creditors with Priority Unsecured Claims**. Pursuant to the *Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 53] (the "**Taxes Order**"), the Debtors have been granted the authority to pay certain tax liabilities that accrued prepetition. Accordingly, any priority unsecured Claim based upon prepetition tax accruals that have been paid pursuant to the Taxes Order are not listed on Schedule E/F. Certain of the tax Claims may be subject to on-going audits, and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the tax Claims listed on Schedule E/F. Therefore, the Debtors have listed all such Claims as undetermined in amount,

pending final resolution of on-going audits or outstanding issues.  In addition, there may be other numerous contingent, unliquidated Claims from state taxing authorities, not all of which are listed.

The listing of a Claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such Claim or any portion thereof is entitled to priority status.

**Schedule E/F, Part 2 – Creditors with Non-Priority Unsecured Claims**.  The Debtors have made reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records.   The Claims of individual creditors for other things, products, goods, or services are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records, and may not reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all rights with respect to any such credits and allowances including the right to assert Claims, objections and/or setoffs.  The Claims listed on Schedule E/F, Part 2, arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  While reasonable efforts have been made, determining the date upon which each Claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for every Claim listed on Schedule E/F.

Schedule E/F contains information regarding pending litigation involving the Debtors.  In certain instances, the Debtor that is subject of the litigation is uncertain or undetermined.  Where the named defendant is "Strike, LLC" plus "et al.," the Debtors have listed such Claim on Schedule E/F of Strike.  However, to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule E/F for that Debtor.  The amounts for these potential Claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

**Schedule G – Executory Contracts and Unexpired Leases**.  The businesses of the Debtors are complex.  Although the Debtors' existing books, records, financial systems, and contracts management systems have been relied upon to identify and schedule executory contracts for each of the Debtors and commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred.  The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule, as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda and other documents, instruments  and  agreements that  may not  be listed on Schedule G, despite the Debtors' use of reasonable efforts to identify such documents.  In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not separately set forth on Schedule G.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

13

The Debtors have included only contracts and agreements to which a Debtor is a party.   Contracts that were entered into with a prior Strike entity, but inherited by a Debtor entity are listed on the Schedule of the current Debtor party.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as subordination, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.   Such documents may not be set forth on Schedule G.   Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors.   Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance.   In such cases, the Debtors made their best efforts to determine the correct Debtors' Schedule G on which to list such executory contract or unexpired lease.   Certain of the executory contracts may not have been memorialized and could be subject to dispute.   Each unexpired lease listed in Schedule G may include one or more ancillary documents, including but not limited to any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases.

**Schedule H – Co-Debtors**.   In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and Claims arising out of certain ordinary business transactions.   These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross Claims and counter-claims against other parties.   Due to the volume of such Claims, and because all such Claims are contingent, unliquidated, and disputed, and listed elsewhere in the Schedules and Statements, such Claims have not been set forth individually on Schedule H.

Schedule H reflects Guarantees, if any, by various Debtors of obligations of related affiliates, or co-borrowings by various Debtors.   The Debtors may not have identified certain Guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.   Certain of the Guarantees reflected on Schedule H, if any, may have expired or no longer be enforceable.   Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional Guarantees are identified or such Guarantees are discovered to have expired or are unenforceable, or to contest the validity or enforceability of the Guarantees in another filing.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS

**Statements, Part 1, Question 1 – Gross Revenue From Business**.   The amount shown for year-to-date 2021 includes revenue from business for the period of January 1, 2021 to December 6, 2021.

**Statements, Part 1, Question 2 – Non-Business Revenue**.   The amount shown for year-to-date 2021 includes non-business revenue for the period of January 1, 2021 to December 5, 2021, which consists primarily of interest revenue from now-closed bank accounts.

**Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors Within 90 Days**.   The dates set forth in the "Dates" column relate to one of the following:  (a) the date  of a

wire transfer; (b) the date of an "ACH" payment; or (c) the check date.  Disbursements made on account of multiple invoices may be reflected as a single payment.

**Statements, Part 2, Question 4 – Payments to Insiders**.  The Debtors' listing of individuals as "insiders" is subject to the methodology and reservations of rights described in paragraph 8 hereof. In the interest of disclosure, the Debtors have listed all payments during the applicable period to parties that may have qualified as an insider at any point during such period.  Disclosed payments include payments to parties that may not have been an "insider" at the time of the payment because such party was subsequently terminated or otherwise ceased to be an insider, and, accordingly may not be considered an "insider" at the time certain of the listed payments were made.

**Statements, Part 2, Question 5 – Repossessions, Foreclosures and Returns**.  The Debtors routinely return damaged, unsatisfactory or out-of-specification raw materials and other goods to vendors in the ordinary course of business.  These ordinary course returns have not been listed in Statements Part 2, Question 5.

**Statements, Part 2, Question 6 – Setoffs**.  For a discussion of setoffs incurred by the Debtors, refer to paragraph 22 of these Global Notes.

**Statements, Part 3, Question 7 – Legal Actions or Assignments**.  The Debtors are party to certain pending litigation matters that the Debtors believed may have potential recoveries.  The actual value of such litigation matters is contingent on their outcome.   The Debtors routinely participate in administrative actions and appeals with state agencies in the ordinary course of their business and have identified those administrative actions that were pending within one year of the Petition Date.

**Statements, Part 11, Question 21 – Property Held for Another**.   The Debtors withhold or retain certain funds from employees for payment to certain governmental authorities.  These funds are held in trust for turnover to the applicable governmental authority.  Given that the Debtors do not retain control of such funds and such funds are not considered property of the Debtors' estate, amounts of such funds have not been listed under Part 11 of the Statements.

**Statements, Part 12, Questions 22-24 – Details about Environmental Information**.   The Debtors historically have operated over a substantial period of time in several locations across the United States.  At some locations, the Debtors no longer have any active operations and may no longer have relevant records or their records may no longer be complete or reasonably accessible or reviewable.  In some cases, statutory document retention periods have passed.  Further, some individuals who once possessed responsive information are no longer employed by the Debtors. The Debtors have devoted substantial internal and external resources to identifying and providing the requested information that is responsive for as many sites and proceedings as reasonably possible.  But, for all these reasons, it may not be possible to fully identify and supply the requested information that is responsive to Statements, Part 12, Questions 22-24.

The Debtors are legally required to make routine reports and submissions to regulatory agencies concerning discharges resulting from normal operations consistent with regulatory requirements, such as discharge monitoring reports, toxic release inventory submissions and submissions

concerning air emissions.  The Debtors did not include such reports in their response, nor have the Debtors identified any instances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws or proceedings that have resulted from alleged violations of environmental laws that have not been resolved.

**Statements, Part 13, Question 26 – Books, Records and Financial Statements**.  Although the Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors with certain financial reporting, the Debtors do not maintain records of the parties that requested or obtained copies of any of financial reporting or complete lists to track such disclosures.  As such, the Debtors are unable to and have not provided lists of these parties in response to Part 13, Question 26 of the Statements.

**Statements, Part 13, Question 28 – Debtors' Officers and Directors**.  The individuals listed as "Director" on Strike's Statement, Part 13, Question 28, are directors of Strike Investment, LLC (the indirect corporate parent of Strike, LLC).

**Statements, Part 13, Question 30 – Payments, Distributions or Withdrawals to Insiders**.  The response to Part 13, Question 30 of the Statements incorporates by reference items listed in the responses to Part 2, Question 4 of the Statements.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Strike HoldCo, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 21-90058 |

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
        Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
        | NOT APPLICABLE |

    1b. **Total personal property:**
        Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
        | UNDETERMINED |

    1c. **Total of all property:**
        Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
        | UNDETERMINED |

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .
    | $347,330,000.00 |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

    3a. **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 5a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .
        | NOT APPLICABLE |

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F . . . . . . . . . . . . . .
        + | NOT APPLICABLE |

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Lines 2 + 3a + 3b
    | $347,330,000.00 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Strike HoldCo, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 21-90058 |

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

1. **DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
   ☒ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2.  **CASH ON HAND** | |
| 3.  **CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** *(IDENTIFY ALL)* | |
| 4.  **OTHER CASH EQUIVALENTS** | |
| 5   **Total of Part 1.** ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | NOT APPLICABLE |

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

6. **DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
   ☒ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 7.  **DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS** DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |
| 8.  **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |

| Debtor | Strike HoldCo, LLC | Case number (if known) | 21-90056 |
|---|---|---|---|
| | (Name) | | |

| 9 | **Total of Part 2.** ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | NOT APPLICABLE |
|---|---|---|

| **Part 3:** | **ACCOUNTS RECEIVABLE** |
|---|---|

**10. DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. ACCOUNTS RECEIVABLE**

| 12 | **Total of Part 3.** CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |
|---|---|---|

| **Part 4:** | **INVESTMENTS** |
|---|---|

**13. DOES THE DEBTOR OWN ANY INVESTMENTS?**

☐ No. Go to Part 5.

☒ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**14. MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:

**15. NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

| Name of entity | % of ownership | | |
|---|---|---|---|
| 15.1.   STRIKE, LLC | 100% | | UNDETERMINED |

**16. GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

| 17 | **Total of Part 4.** ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | UNDETERMINED |
|---|---|---|

| **Part 5:** | **INVENTORY, EXCLUDING AGRICULTURE ASSETS** |
|---|---|

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**19. RAW MATERIALS**

**20. WORK IN PROGRESS**

**21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE**

**22. OTHER INVENTORY OR SUPPLIES**

Debtor   Strike HoldCo, LLC _____   Case number (if known) _ 21-90054 _

(Name)

| 23 | Total of Part 5.<br>ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | | NOT APPLICABLE |
|---|---|---|---|

**24.** Is any of the property listed in Part 5 perishable?
☒ No
☐ Yes

**25.** Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?
☒ No
☐ Yes   Book value _____   Valuation method _____   Current value _____

**26.** Has any of the property listed in Part 5 been appraised by a professional within the last year?
☒ No
☐ Yes

| Part 6: | FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND) |
|---|---|

**27.** DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**28.** CROPS—EITHER PLANTED OR HARVESTED

**29.** FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH

**30.** FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)  (OTHER THAN TITLED MOTOR VEHICLES)

**31.** FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED

**32.** OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6

| 33 | Total of Part 6.<br>ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | | NOT APPLICABLE |
|---|---|---|---|

**34.** Is the debtor a member of an agricultural cooperative?
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative ?
　　☐ No
　　☐ Yes

**35.** Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?
☒ No
☐ Yes

**36.** Is a depreciation schedule available for any of the property listed in Part 6?
☒ No
☐ Yes

**37.** Has any of the property listed in Part 6 been appraised by a professional within the last year?
☒ No
☐ Yes

| Part 7: | OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES |
|---|---|

**38.** DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?
☒ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39.** OFFICE FURNITURE

Debtor    Strike HoldCo, LLC                                                        Case number (if known)    21-90054
          (Name)

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 40. | OFFICE FIXTURES | | | |
| 41. | OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE | | | |
| 42. | COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

| 43 | **Total of Part 7.** ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | | NOT APPLICABLE |
|---|---|---|---|

**44.**  Is a depreciation schedule available for any of the property listed in Part 7?
☒ No
☐ Yes

**45.**  Has any of the property listed in Part 7 been appraised by a professional within the last year?
☒ No
☐ Yes

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

**46.**  **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| | General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 47. | AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES | | | |
| 48. | WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES  EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| 49. | AIRCRAFT AND ACCESSORIES | | | |
| 50. | OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT) | | | |

| 51 | **Total of Part 8.** ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87. | | NOT APPLICABLE |
|---|---|---|---|

**52.**  Is a depreciation schedule available for any of the property listed in Part 8?
☒ No
☐ Yes

**53.**  Has any of the property listed in Part 8 been appraised by a professional within the last year?
☒ No
☐ Yes

| Debtor | Strike HoldCo, LLC | Case number (if known) | 21-90056 |
|--------|---------------------|------------------------|----------|
| | (Name) | | |

| **Part 9:** | **REAL PROPERTY** |
|---|---|

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**56 Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

| NOT APPLICABLE |
|---|

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 10:** | **INTANGIBLES AND INTELLECTUAL PROPERTY** |
|---|---|

**59. DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61. INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62. LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63. CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| **64. OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65. GOODWILL** | | | |

**66 Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

| NOT APPLICABLE |
|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☒ No
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Debtor | Strike Hold Oil, LLC | Case number (if known) | 21-90054 |
|---|---|---|---|
| | (Name) | | |

| **Part 11:** | **ALL OTHER ASSETS** |
|---|---|

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☒ No. Go to Part 12.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **71. NOTES RECEIVABLE** DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| **72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)** DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| **73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |
| **74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** | |
| **75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |
| **76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** | |
| **77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED** EXAMPLES: SEASON TICKETS, **COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |
| **78 Total of Part 11.** ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | NOT APPLICABLE |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 12:** | **Summary** |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83. Investments.** *Copy line 17, Part 4.* | UNDETERMINED | |
| **84. Inventory.** *Copy line 23, Part 5.* | | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |

Debtor    Strike HoldCo, LLC
          _____          Case number (if known)_____21-90054_____
          (Name)

| | | | |
|---|---|---|---|
| **88.** | **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ | N/A | |
| **89.** | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| **90.** | **All other assets.** *Copy line 78, Part 11.* | **+** | |
| **91.** | **Total.** Add lines 80 through 90 for each column . . . . . . . . . 91a. | $0.00 **+** 91b. | N/A |
| **92.** | **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $0.00 |

<table>
<tr><td colspan="2">**Fill in this information to identify the case:**</td></tr>
<tr><td>Debtor</td><td>Strike HoldCo, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Texas</td></tr>
<tr><td>Case number<br>(if known)</td><td>21-90058</td></tr>
</table>

☐ Check if this is an
   amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

1.  1.  **Do any creditors have claims secured by debtor's property?**
       ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules . Debtor has nothing else to report on this form.
       ☒ Yes. Fill in all of the information below.

| **Part 1:** | **List All Creditors with Secured Claims** |
|---|---|

2.  **List in alphabetical order all creditors who have secured claims.** If a creditor has more than
    one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 | **Creditor's name**<br>LIGHTSHIP CAPITAL II LLC, AS ADMINISTRATIVE AGENT - ON BEHALF OF ITSELF AND THE LENDERS UNDER THE ABL CREDIT AGREEMENT<br><br>**Creditor's mailing address**<br>450 LEXINGTON AVENUE, 40TH FLOOR<br>NEW YORK, NY  10017<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:** N/A<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☒ Yes<br> Specify each creditor, including this creditor, and its relative priority.<br> 1.   LIGHTSHIP CAPITAL II LLC, AS ADMIN AGT<br> 2.   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS ADMIN AGT | **Describe debtor's property that is subject to a lien**<br>11/30/2016; SENIOR LOAN FACILITY; SUBSTANTIALLY ALL ASSETS OF THE DEBTOR, EXCLUDING CERTAIN EXCLUDED ASSETS (AS DEFINED IN THE PREPETITION SENIOR LOAN AGREEMENT)<br><br>**Describe the lien**<br>SENIOR PRIORITY - ABL CREDIT AGREEMENT<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $86,600,000.00 | UNDETERMINED |

| Debtor | Strike Holdco, LLC | Case number (if known) | 21-90054 |
|---|---|---|---|
| | (Name) | | |

| **Part 1:** | **Additional Page** |
|---|---|

| | | | Column A | Column B |
|---|---|---|---|---|
| | | | **Amount of claim** | **Value of collateral that supports this claim** |
| | | | *Do not deduct the value of collateral.* | |
| 2.2 | **Creditor's name** WILMINGTON TRUST, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT - ON BEHALF OF ITSELF AND THE LENDERS UNDER THE TERM LOAN AGREEMENT | **Describe debtor's property that is subject to a lien** 11/30/2016; JUNIOR LOAN FACILITY; SUBSTANTIALLY ALL ASSETS OF THE DEBTOR, OTHER THAN CERTAIN EXCLUDED ASSETS (AS DEFINED IN THE PREPETITION JUNIOR LOAN AGREEMENT) | $260,730,000.00 | UNDETERMINED |
| | **Creditor's mailing address** 1100 NORTH MARKET STREET WILMINGTON, DE  19890 | | | |
| | **Creditor's email address** | **Describe the lien** JUNIOR PRIORITY - TERM LOAN AGREEMENT | | |
| | **Date or dates debt was incurred** VARIOUS | **Is the creditor an insider or related party?** ☒ No ☐ Yes | | |
| | **Last 4 digits of account number:** N/A | | | |
| | **Do multiple creditors have an interest in the same property?** ☐ No ☒ Yes     Specify each creditor, including this     creditor, and its relative priority.     1.    LIGHTSHIP CAPITAL II LLC, AS     ADMIN AGT     2.    WILMINGTON TRUST, NATIONAL     ASSOCIATION, AS ADMIN AGT | **Is anyone else liable on this claim?** ☐ No ☒ Yes **As of the petition filing date, the claim is:** *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | | |

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $347,330,000.00 |
|---|---|---|

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and Address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for ths entity |
|---|---|---|
| LIGHTSHIP CAPITAL II LLC STROOCK & STROOCK & LAVAN LLP 180 MAIDEN LANE NEW YORK, NY  10038 | Line 2.1 | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION ARNOLD & PORTER KAYE SCHOLER LLP 250 WEST 55TH STREET NEW YORK, NY  10019 | Line 2.2 | |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Strike HoldCo, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 21-90058 |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
|---|---|

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☑ No. Go to Part 2.
☐ Yes. Go to line 2.

| **Part 2:** | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5.** **Add the amounts of priority and nonpriority unsecured claims.**

Total of claim amounts

| | | |
|---|---|---|
| **5a.** Total claims from Part 1 | **5a.** | NOT APPLICABLE |
| **5b.** Total claims from Part 2 | **5b.** + | NOT APPLICABLE |
| **5c.** **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | **5c.** | NOT APPLICABLE |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Strike HoldCo, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Texas</td></tr>
<tr><td>Case number<br>(if known)</td><td>21-90058</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                                  12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1.**    **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules . There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2.**   **List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | ENGAGEMENT LETTER DATED 11/15/21 | JACKSON WALKER LLP ADDRESS ON FILE |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | LIMITED LIABILITY COMPANY AGREEMENT DATED 02/12/21 | STRIKE INVESTMENT, LLC ADDRESS ON FILE |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest** | ENGAGEMENT LETTER DATED 09/07/21 | WHITE & CASE LLP ADDRESS ON FILE |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Strike HoldCo, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Texas</td></tr>
<tr><td>Case number<br>(if known)</td><td>21-90058</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors                                                   12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

1. **Does the debtor have any codebtors?**
   - ☐ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   - ☒ Yes.

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
   creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each
   schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1 CAPSTONE INFRASTRUCTURE SERVICES, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | LIGHTSHIP CAPITAL II LLC, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.2 CAPSTONE INFRASTRUCTURE SERVICES, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.3 CROSSFIRE, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | LIGHTSHIP CAPITAL II LLC, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.4 CROSSFIRE, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.5 DELTA DIRECTIONAL DRILLING, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | LIGHTSHIP CAPITAL II LLC, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.6 DELTA DIRECTIONAL DRILLING, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.7 STRIKE GLOBAL HOLDINGS, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | LIGHTSHIP CAPITAL II LLC, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.8 STRIKE GLOBAL HOLDINGS, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.9 STRIKE, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | LIGHTSHIP CAPITAL II LLC, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.10 STRIKE, LLC | 1800 HUGHES LANDING BLVD SUITE 500 THE WOODLANDS, TX 77380 | WILMINGTON TRUST, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Strike HoldCo, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 21-90058 |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                                                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/20/2021      ✗ _____
         MM / DD / YYYY              Signature of individual signing on behalf of debtor

Sean Gore
_____
Printed name

Executive Vice President and Chief Financial Officer of Strike, LLC
_____
Position or relationship to debtor