## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| STRIKE, LLC, *et al.*[1] | Case No. 21-90054 (DRJ) |
| Debtors. | (Jointly Administered) |

## SCHEDULE OF ASSETS AND LIABILITIES
## FOR CAPSTONE INFRASTRUCTURE SERVICES, LLC CASE NO. 21-90055 (DRJ)

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Strike, LLC (2120); Strike HoldCo, LLC (0607); Delta Directional Drilling, LLC (9896); Strike Global Holdings, LLC (4661); Capstone Infrastructure Services, LLC (0161); and Crossfire, LLC (7582).  The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 1800 Hughes Landing Boulevard, Suite 500, The Woodlands, Texas 77380.  Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STRIKE, LLC, *et al.*[1] | ) | Case No. 21-90054 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## INTRODUCTION

Strike, LLC ("**Strike**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflects the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. The Schedules and Statements and

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Strike, LLC (2120); Strike HoldCo, LLC (0607); Delta Directional Drilling, LLC (9896); Strike Global Holdings, LLC (4661); Capstone Infrastructure Services, LLC (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 1800 Hughes Landing Boulevard, Suite 500, The Woodlands, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performances of the Debtors.

Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Notwithstanding any subsequent information or discovery, the Debtors and their agents, attorneys, and financial advisors do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re- categorized. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or unforeseeable and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Sean Gore, Executive Vice President and Chief Financial Officer of Strike, has signed each of the Schedules and Statements. Mr. Gore is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Gore necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and the Debtors' proposed advisors. Mr. Gore has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

In the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

## <u>GLOBAL NOTES AND OVERVIEW OF METHODOLOGY</u>

1.  **<u>Reservation of Rights</u>**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to:  (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim (each, a **"Claim"**)[2] is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount

---

[2]   For the purposes of these Global Notes, the term "Claim" shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2.  **Description of Cases and "As Of" Information Date**.  On December 6, 2021 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On December 15, 2021, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

On the Petition Date, the Court entered the *Order (I) Directing Joint Administration of Cases and (II) Waiving Requirements of Bankruptcy Code Section 345(c)(1) and Bankruptcy Rules 1005 and 2002(n)* [Docket No. 7] (the "**Joint Administration Order**").  The Joint Administration Order authorized the joint administration of the Debtors chapter 11 cases under lead case number 21-90054 for procedural purposes only.  Accordingly, each Debtor has filed its own Schedules and Statements.

The asset and liability information provided herein represents asset and liability data of the Debtors as of October 31, 2021, except as otherwise noted.  As noted below, the amounts of the Debtors' funded debt obligations and certain amounts related to the Debtors' requests for "first day" relief are represented as of the Petition Date.

3.  **Net Book Value of Assets**.  Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of October 31, 2021.   The book values of certain assets may materially differ from their fair market values or other measures of value.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value or the amount a third party might be willing to pay in connection with any asset disposition.

For financial reporting purposes, Strike prepares consolidated financial statements.  Unlike Strike's consolidated financial statements, these Schedules and Statements, except as indicated herein, reflect the assets and liabilities of each Debtor and do not include the assets and liabilities of certain of Strike's non-Debtor affiliates.  Accordingly, combining the assets and Claims set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information for Strike and its respective consolidated subsidiaries.

Book values of assets generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets. Additionally, because the book values of assets may materially differ from their fair market values, a number of assets have undetermined values as of October 31, 2021, and are listed accordingly.   Furthermore, assets that have been fully depreciated or fully amortized, or were expensed for GAAP accounting purposes, have no net book value and are therefore not included in the Schedules and Statements.

4.    **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make certain estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, and the reported amounts of revenues and expenses.  Actual results could differ materially from these estimates.  Further, certain immaterial assets and liabilities may have been excluded from the Schedules and Statements.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

5.    **Recharacterization**.  The Debtors have made reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate.

6.    **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

Only the administrative agents under the Debtors' Prepetition Senior Loan Facility (defined below) and Prepetition Junior Loan Facility (defined below) have been listed on the Schedules and Statements on behalf of the lenders thereunder, which are not separately listed.

The liabilities listed on the Schedules do not reflect a complete analysis of Claims rights to be treated as an administrative claim under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted administrative Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.  Similarly, although the Debtors listed certain amounts owed to employees as priority up to the cap provided under section 507(a)(4) and 507(a)(5) of the Bankruptcy Code, the Debtors reserve all rights to dispute or challenge the validity

and priority of any claims and with respect to the Debtors ability to ultimately pay such claims in light of other provisions of the Bankruptcy Code, including the requirements of Section 503(c) of the Bankruptcy Code.

7.   **Excluded Assets and Liabilities**.   The Debtors have excluded book values for certain categories of assets and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, tax accruals, asset retirement obligations, and assets with a net book value of zero. For confidentiality reasons, the Debtors have not listed individual customer accounts receivable information or individual retention agreements for participants in the Debtors' prepetition employee retention programs.   However, any payments made to "insiders," as such term is defined in section 101(31) of the Bankruptcy Code, on account of prepetition retention programs are listed in the Schedules and Statements subject to the reservations regarding insider designations below.   In addition, certain immaterial assets and liabilities may have been excluded.

8.   **Insiders**. For purposes of the Schedules and Statements, the Debtors defined "insiders" as such term is defined in section 101(31) of the Bankruptcy Code.   However, parties referenced as "insiders" have been included for informational purposes only and the designation of a party as an "insider" in the Schedules and Statements shall not constitute an admission that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code or that such parties were insiders at the time the applicable payment or transfer listed on the Schedules and Statements was made or incurred.   The Debtors have attempted to identify parties who could properly be considered "insiders" at any point during the applicable periods identified in the Schedules and Statements. The Debtors were inclusive in their interpretation of what may constitute an "insider."   However, the Debtors do not take any position with respect to: (a) any referenced insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any referenced insider; (c) the decision making or corporate authority of any referenced insider; or (d) whether the Debtors or any referenced insider could successfully argue that such party is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9.   **Intellectual Property Rights**.   Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.   **Umbrella/Master Agreements**.   Certain contracts and/or leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.   Where relevant, such agreements have been listed in the Schedules and Statements of the Debtor entity that signed the original umbrella or master agreement.   Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.   None of these umbrella or master agreement listed in the Schedules and

5

Statements reflect any decision by the Debtors as to whether or not such agreements are executory in nature.

11. **Executory Contracts**.   Although efforts have been made to accurately reflect each Debtor's executory contracts in the Schedules and Statements, inadvertent errors or omission may have occurred.  Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using reasonable efforts.  Listing a contract or agreement in the Schedules and Statements does not constitute an admission that such contract or agreement (a) is an executory contract, (b) was in effect on the Petition Date, or (c) is valid or enforceable.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.

Although the Debtors made diligent attempts to attribute each executory contract to the correct Debtor, the Debtors may have inadvertently failed to do so.   Certain confidentiality and non-compete agreements may not be listed on Schedule G.   The contracts and agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments and other documents that may not be listed despite the Debtors' use of reasonable efforts to identify such documents. Certain of the contracts and agreements listed on Schedule G may also consist of several parts, including purchase orders, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry.    Unless otherwise specified on Schedule G, each executory contract listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, purchase orders, statements of work, requests for service, or other agreements made directly or indirectly.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single or integrated contract or agreement, multiple contracts or agreements, or severable or separate contracts or agreements.

The Debtors expressly reserve their rights, Claims, and causes of actions with respect to the executory contracts, including the right to dispute or challenge the characterization of any agreement on Schedule G as executory.

12. **Guarantees and Other Secondary Liability Claims**.   The Debtors have made reasonable efforts to locate and identify guarantees and other secondary liability Claims (collectively, the "**Guarantees**") in the executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements to which any Debtor is a party.  Where Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees.   The Debtors have placed the Guarantees on Schedule H for both the primary obligor and the guarantor of the relevant obligation.  It is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Additionally, failure to list any Guarantees in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guarantees not listed.

13. **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

14. **Classifications**.  Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors that such claim is entitled to priority treatment, including under sections 503 and/or 507 of the Bankruptcy Code or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff such Claims.  For the avoidance of doubt, the Debtors reserve all rights to dispute the amount and/or the priority status of any claim on any basis at any time.

15. **Claims Description**.   Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.

16. **Causes of Action**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

17. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

- Underdetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- Paid Claims.  The Debtors were authorized to pay certain outstanding prepetition Claims pursuant to various orders entered by the Court.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities, including seeking satisfaction of such claims without further amendment to the Schedules and Statements.

- Liens.  Property and equipment listed in the Schedules and Statements is presented without consideration of any liens that may attach (or have attached) to such property and equipment.

18. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

19. **Intercompany Payables and Receivables**.  The Debtors engage in certain intercompany transactions with other Debtor and non-Debtor affiliates.  Intercompany receivable account balances are shown in Schedule A/B and intercompany liabilities are shown in Schedule E/F.  Further, the Debtors operate their business on a consolidated level and do not cash settle intercompany payable or receivable amounts.

20. **Inventories, Property, and Equipment**.  Inventories consist of materials and supplies. These inventories are listed at net book value.  Inventories, property, and equipment are recorded at cost or at fair value at the date of acquisition in the case of certain previously acquired businesses.  All inventories, property, and equipment, are presented without consideration of any statutory or consensual liens.

21. **Other Leases**.  The Debtors lease equipment and facilities under certain lease agreements. These equipment and facilities leases are reported on Schedule G of each applicable Debtor, and to the extent that there was an amount outstanding under any of these leases as of the Petition Date, the amount owed to the applicable lessor has been listed on Schedule E/F of each applicable Debtor.

22. **Effect of "First Day" Orders**.  The Court has authorized the Debtors to pay various outstanding prepetition Claims including certain payments to employees, critical vendors, potential lien holders, and taxing authorities.  Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amount of such Claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any postpetition payments made on account of such Claims pursuant to the authority granted to the Debtors by the Court as of December 6, 2021.  To the extent any further adjustments are necessary to account for any additional Court-authorized postpetition payments, such adjustments

have not been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement. Estimates of Claims set forth in the Schedules and Statements may not reflect assertions by the Debtors' creditors of a right to have such Claims paid or reclassified under the Bankruptcy Code or orders of the Court.

23. **Setoffs**.  The Debtors periodically setoff certain obligations in the ordinary course of business.  Such ordinary course setoffs can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, negotiations and/or disputes between Debtors and their customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes between the Debtors and their customers and/or suppliers.  These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

24. **Confidentiality**.  There are instances within the Schedules and Statements where names, addresses, or amounts have been left blank.  Due to the nature of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

**Schedules Summary**.  The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the Debtors' financial statements.  Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.   Given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor's Schedules or Statements show more assets than liabilities, it shall not constitute an admission that such applicable Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent a Debtor's Schedules and Statements show more liabilities than assets, it shall not constitute an admission that such applicable Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

**Claims of Third-Party Related Entities**.  Although the Debtors have made every effort to properly classify each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to both such entity and its affiliates.  Therefore, to the extent that the Debtors have classified their estimate of Claims of a creditor as disputed, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

9

**Schedule A/B, Parts 1– Cash and Cash Equivalents**.  The amounts represented in Schedule A/B, Part 1, Question 1 are as of the Petition Date.

**Schedule A/B, Part 2 – Deposits and Prepayments**. In the ordinary course of the Debtors' business, the Company prepays various items to include insurance, bonuses, software licenses, prepaid cards, etc.  The various prepayments have been listed by party holding the prepaid deposit or have been grouped to represent similar prepaid amounts.  The prepaid balance generally represents the unamortized or remaining balance related to a contract or asset.

**Schedule A/B, Part 3 – Accounts Receivable**.  The Debtors' accounts receivable balance includes trade receivables, intercompany receivables, related party receivables, accrued receivables, retainage and other miscellaneous receivables all generated in the ordinary course of the Debtors' business. For presentation purposes, all accrued receivables, retainage, and a majority of trade receivables are listed as less than 90 days outstanding while intercompany receivables, related party receivables, other receivables, and a portion of trade receivables are listed as greater than 90 days outstanding. The Debtors operate their business at a consolidated level and do not true-up intercompany balances with cash settlements. The Debtors appropriately account for all intercompany asset or liability amounts and transactions on each individual Debtor's books and records but prepare consolidated financial statements which eliminate the intercompany amounts.

**Schedule A/B, Part 4 – Non-Publicly Traded Stock Interests**.  For purposes of the Schedules, the Debtors have listed the value of such ownership interests as undetermined because the fair market value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value.  Bond values in Part 4, Question 16 are listed as of the Petition Date.

**Schedule A/B, Part 5 – Inventory, Excluding Agricultural Assets**.  The Debtors' inventories consist of materials and supplies.  These inventories are listed at net book value.  Work in progress includes work in progress and contract assets. The Debtors have not performed a recent physical inventory count.

**Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**.  The Debtors do not designate or account for office furniture and fixtures on an individual bases and instead group these items into a singular account.  The balance included in Question 39 represents both office furniture and fixtures. Further, collectibles are grouped into a single line-item containing the various sculptures and artwork owned by the Debtors.

**Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles**.  The Debtors own and lease various types of machinery, equipment, and vehicles that have been labeled as such.  Both owned machinery, equipment, and vehicles as well as leased machinery, equipment, and vehicles accounted for as capital leases are included in the Schedules. Each owned or leased item is listed individually with identifying information, including internally generated asset identification number, description, and year (where applicable).  Other machinery and equipment and tools/supplies have been grouped as "Other Machinery, Fixtures, and Equipment" and mats are grouped as a separate item as designated in the Debtors' accounting system.

The Debtors lease equipment and facilities under various capital and operating lease agreements. These equipment leases are reported on Schedule A/B and Schedule G of each applicable Debtor. To the extent that there was an amount outstanding under any of these leases as of the Petition Date, the amount owed to the applicable lessor has been listed on Schedule E/F of each applicable Debtor.

**Schedule A/B, Part 9 – Real Property**.  For any Debtors that own real property or buildings and leasehold improvements, they are reported, except where otherwise noted, at net book value.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed. Buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property.

In addition, certain of the instruments reflected on Schedule A/B, Part 9 may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B, Part 9.  The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A/B, Part 9 is an executory contract within the meaning of section 365 of the Bankruptcy Code.

**Schedule A/B, Part 10 – Intangibles and Intellectual Property**.  Customer relations includes customer lists, mailing lists, and other compilations.  Trade names include patents, copyrights, trademarks, and trade secrets.  The Debtors do not have a recent available valuation of such intangibles and intellectual property and accordingly have listed the value of these items as undetermined in the Schedules.

**Schedule A/B, Part 11 – All Other Assets**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, credits, rebates, or refunds with their customers and suppliers, or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which such Debtor has asserted, or may assert, Claims as a plaintiff or counter-claims and/or cross-claims as defendant.

Certain Debtors have accumulated tax attributes that can potentially be carried forward to offset income or reduce tax liabilities in future years for United States federal and state tax purposes.  The amount of tax attributes for the relevant tax years are shown on Schedule A/B.

**Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or other order entered by the Court, the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  In certain circumstances, a Debtor may be a co-obligor or guarantor with respect to the scheduled Claims of other Debtors, and no Claim set forth on Schedule D of any Debtor is

intended to acknowledge Claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in Schedule D and/or the Global Notes shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights, Claims and Causes of Action with respect to Claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's Claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

The Debtors have not included parties that may assert such Claims are secured through setoff rights or inchoate statutory lien rights on Schedule D.

Strike, Delta Directional Drilling, LLC, Capstone Infrastructure Services, LLC, Crossfire, LLC and Strike Global Holdings, LLC, as borrowers, Strike Holdco, LLC ("**Strike Holdco**"), as guarantor, certain financial institutions, as Lenders, and Lightship Capital II LLC (as successor in interest to Bank of America, N.A.), as administrative agent and collateral agent, are parties to that certain *ABL Loan and Security Agreement*, dated as of November 30, 2016 (as amended, amended and restated, supplemented or otherwise modified, the "**Prepetition Senior Loan Agreement**"), which provided for a revolving asset-backed loan facility (the "**Prepetition ABL Facility**"), which was subsequently amended to provide for incremental delayed draw loans (the "**Prepetition Bridge Facility**," and together with the Prepetition ABL Facility, the "**Prepetition Senior Loan Facility**"). The Claim amount drawn for the Prepetition Senior Loan Facility listed in Schedule D is equal to the outstanding principal amount, plus all interest and fees, as of the Petition Date.

Strike, as borrower, Strike Holdco and certain of Strike's subsidiaries, as subsidiary guarantors, certain financial institutions, as lenders, and Wilmington Trust, National Association, as administrative agent and collateral agent, are parties to that certain *Term Loan and LC Loan and Security Agreement*, dated as of November 30, 2016 (as amended, amended and restated, supplemented or otherwise modified, the "**Prepetition Junior Loan Agreement**"), which provided for a term loan facility (the "**Prepetition Junior Loan Facility**"). The Claim amount for the Prepetition Junior Loan Facility listed in Schedule D is equal to the outstanding principal amount, plus all interest and fees, as of the Petition Date.

**Schedule E/F, Part 1 – Creditors with Priority Unsecured Claims**. Pursuant to the *Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 53] (the "**Taxes Order**"), the Debtors have been granted the authority to pay certain tax liabilities that accrued prepetition. Accordingly, any priority unsecured Claim based upon prepetition tax accruals that have been paid pursuant to the Taxes Order are not listed on Schedule E/F. Certain of the tax Claims may be subject to on-going audits, and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the tax Claims listed on Schedule E/F. Therefore, the Debtors have listed all such Claims as undetermined in amount,

pending final resolution of on-going audits or outstanding issues.  In addition, there may be other numerous contingent, unliquidated Claims from state taxing authorities, not all of which are listed.

The listing of a Claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such Claim or any portion thereof is entitled to priority status.

**Schedule E/F, Part 2 – Creditors with Non-Priority Unsecured Claims**.  The Debtors have made reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records.   The Claims of individual creditors for other things, products, goods, or services are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records, and may not reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all rights with respect to any such credits and allowances including the right to assert Claims, objections and/or setoffs.  The Claims listed on Schedule E/F, Part 2, arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  While reasonable efforts have been made, determining the date upon which each Claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for every Claim listed on Schedule E/F.

Schedule E/F contains information regarding pending litigation involving the Debtors.  In certain instances, the Debtor that is subject of the litigation is uncertain or undetermined.  Where the named defendant is "Strike, LLC" plus "et al.," the Debtors have listed such Claim on Schedule E/F of Strike.  However, to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule E/F for that Debtor.  The amounts for these potential Claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

**Schedule G – Executory Contracts and Unexpired Leases**.  The businesses of the Debtors are complex.  Although the Debtors' existing books, records, financial systems, and contracts management systems have been relied upon to identify and schedule executory contracts for each of the Debtors and commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred.  The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule, as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda and other documents, instruments  and  agreements that  may not  be listed on Schedule G, despite the Debtors' use of reasonable efforts to identify such documents.  In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not separately set forth on Schedule G.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

13

The Debtors have included only contracts and agreements to which a Debtor is a party.   Contracts that were entered into with a prior Strike entity, but inherited by a Debtor entity are listed on the Schedule of the current Debtor party.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as subordination, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.  Such documents may not be set forth on Schedule G.  Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance.  In such cases, the Debtors made their best efforts to determine the correct Debtors' Schedule G on which to list such executory contract or unexpired lease.  Certain of the executory contracts may not have been memorialized and could be subject to dispute.  Each unexpired lease listed in Schedule G may include one or more ancillary documents, including but not limited to any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases.

**Schedule H – Co-Debtors**.  In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and Claims arising out of certain ordinary business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross Claims and counter-claims against other parties.  Due to the volume of such Claims, and because all such Claims are contingent, unliquidated, and disputed, and listed elsewhere in the Schedules and Statements, such Claims have not been set forth individually on Schedule H.

Schedule H reflects Guarantees, if any, by various Debtors of obligations of related affiliates, or co-borrowings by various Debtors.  The Debtors may not have identified certain Guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.   Certain of the Guarantees reflected on Schedule H, if any, may have expired or no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional Guarantees are identified or such Guarantees are discovered to have expired or are unenforceable, or to contest the validity or enforceability of the Guarantees in another filing.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS

**Statements, Part 1, Question 1 – Gross Revenue From Business**.  The amount shown for year-to-date 2021 includes revenue from business for the period of January 1, 2021 to December 6, 2021.

**Statements, Part 1, Question 2 – Non-Business Revenue**.  The amount shown for year-to-date 2021 includes non-business revenue for the period of January 1, 2021 to December 5, 2021, which consists primarily of interest revenue from now-closed bank accounts.

**Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors Within 90 Days**.  The dates set forth in the "Dates" column relate to one of the following:  (a) the date  of a

14

wire transfer; (b) the date of an "ACH" payment; or (c) the check date.  Disbursements made on account of multiple invoices may be reflected as a single payment.

**Statements, Part 2, Question 4 – Payments to Insiders**.  The Debtors' listing of individuals as "insiders" is subject to the methodology and reservations of rights described in paragraph 8 hereof.  In the interest of disclosure, the Debtors have listed all payments during the applicable period to parties that may have qualified as an insider at any point during such period.  Disclosed payments include payments to parties that may not have been an "insider" at the time of the payment because such party was subsequently terminated or otherwise ceased to be an insider, and, accordingly may not be considered an "insider" at the time certain of the listed payments were made.

**Statements, Part 2, Question 5 – Repossessions, Foreclosures and Returns**.  The Debtors routinely return damaged, unsatisfactory or out-of-specification raw materials and other goods to vendors in the ordinary course of business.  These ordinary course returns have not been listed in Statements Part 2, Question 5.

**Statements, Part 2, Question 6 – Setoffs**.  For a discussion of setoffs incurred by the Debtors, refer to paragraph 22 of these Global Notes.

**Statements, Part 3, Question 7 – Legal Actions or Assignments**.  The Debtors are party to certain pending litigation matters that the Debtors believed may have potential recoveries.  The actual value of such litigation matters is contingent on their outcome.   The Debtors routinely participate in administrative actions and appeals with state agencies in the ordinary course of their business and have identified those administrative actions that were pending within one year of the Petition Date.

**Statements, Part 11, Question 21 – Property Held for Another**.   The Debtors withhold or retain certain funds from employees for payment to certain governmental authorities.  These funds are held in trust for turnover to the applicable governmental authority.  Given that the Debtors do not retain control of such funds and such funds are not considered property of the Debtors' estate, amounts of such funds have not been listed under Part 11 of the Statements.

**Statements, Part 12, Questions 22-24 – Details about Environmental Information**.   The Debtors historically have operated over a substantial period of time in several locations across the United States.  At some locations, the Debtors no longer have any active operations and may no longer have relevant records or their records may no longer be complete or reasonably accessible or reviewable.  In some cases, statutory document retention periods have passed.  Further, some individuals who once possessed responsive information are no longer employed by the Debtors.  The Debtors have devoted substantial internal and external resources to identifying and providing the requested information that is responsive for as many sites and proceedings as reasonably possible.  But, for all these reasons, it may not be possible to fully identify and supply the requested information that is responsive to Statements, Part 12, Questions 22-24.

The Debtors are legally required to make routine reports and submissions to regulatory agencies concerning discharges resulting from normal operations consistent with regulatory requirements, such as discharge monitoring reports, toxic release inventory submissions and submissions

concerning air emissions.  The Debtors did not include such reports in their response, nor have the Debtors identified any instances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws or proceedings that have resulted from alleged violations of environmental laws that have not been resolved.

**Statements, Part 13, Question 26 – Books, Records and Financial Statements**.  Although the Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors with certain financial reporting, the Debtors do not maintain records of the parties that requested or obtained copies of any of financial reporting or complete lists to track such disclosures.  As such, the Debtors are unable to and have not provided lists of these parties in response to Part 13, Question 26 of the Statements.

**Statements, Part 13, Question 28 – Debtors' Officers and Directors**.  The individuals listed as "Director" on Strike's Statement, Part 13, Question 28, are directors of Strike Investment, LLC (the indirect corporate parent of Strike, LLC).

**Statements, Part 13, Question 30 – Payments, Distributions or Withdrawals to Insiders**.  The response to Part 13, Question 30 of the Statements incorporates by reference items listed in the responses to Part 2, Question 4 of the Statements.

| Fill in this information to identify the case: | |
|---|---|
| Debtor | Capstone Infrastructure Services, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 21-90055 |

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy
04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ☒ None

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☒ None

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than . (This amount may be adjusted on  and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates ; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☒ None

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☒ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90  days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☒ None

### Part 3: Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

   ☒ None

| Debtor | Capstone Infrastructure Services, LLC | Case number (if known) | 21-90054 |
|---|---|---|---|
| | (Name) | | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

---

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

---

| Part 5: | Certain Losses |
|---|---|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

---

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

---

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy | |
|---|---|---|
| LONG-TERM OFFICE LOCATION<br>11148 HIGHWAY 82 EAST<br>DUNCANVILLE, AL  35456 | From  2/14/2020 | To  10/14/2021 |
| PROJECT-RELATED OFFICE LOCATION<br>200 WRIGHTS RUN RD<br>SPRAGGS, PA  15362 | From  9/10/2018 | To  11/9/2021 |

---

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for :
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

---

| Part 9: | Personal Identifiable Information |
|---|---|

Debtor    Capstone Infrastructure Services, LLC                         Case number (if known)    21-90054
          (Name)

---

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.
☐ Yes.  State the nature of the information collected and retained.

---

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No.  Go to Part 10.
☐ Yes.  Does the debtor serve as plan administrator?

---

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

---

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

---

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

---

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

---

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:
- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes.  Provide details below.

---

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes.  Provide details below.

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes.  Provide details below.

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

| Debtor | Capstone Infrastructure Services, LLC | Case number (if known) | 21-90054 |
|--------|---------------------------------------|------------------------|----------|
|        | (Name)                                |                        |          |

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

---

**26. Books, records, and financial statements**

26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☑ None

26b.   List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

26c.   List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

26d.   List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

SEE GLOBAL NOTES

---

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ None

---

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| AILEEN WANG | MILL POINT CAPITAL PARTNERS MANAGEMENT 1177 AVENUE OF THE AMERICAS 45TH FLOOR NEW YORK, NY 10036 | DIRECTOR - STRIKE INVESTMENT, LLC | |
| ANTHONY DOWD | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | DIRECTOR - STRIKE INVESTMENT, LLC | |
| CHARLES W. DAVISON, JR. | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | CEO & DIRECTOR - STRIKE INVESTMENT, LLC | |
| DEFERRARI, DARIO | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | SVP & TREASURER | |
| DEMPSEY, BRYAN | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | GC & CCO | |
| DUSTIN SMITH | MILL POINT CAPITAL PARTNERS MANAGEMENT 1177 AVENUE OF THE AMERICAS 45TH FLOOR NEW YORK, NY 10036 | DIRECTOR - STRIKE INVESTMENT, LLC | |
| GORE, SEAN | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | EVP & CFO | |
| JAMES B CHERRY | ONE EQUITY PARTNERS 510 MADISON AVE FLOOR 19 NEW YORK, NY 10022 | DIRECTOR - STRIKE INVESTMENT, LLC | |
| KNUT ERIKSEN | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | DIRECTOR - STRIKE INVESTMENT, LLC | |

---

Debtor    Capstone Infrastructure Services, LLC                          Case number (if known)    21-90054
          (Name)

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| MICHAEL DURAN | MILL POINT CAPITAL PARTNERS MANAGEMENT 1177 AVENUE OF THE AMERICAS 45TH FLOOR NEW YORK, NY  10036 | DIRECTOR - STRIKE INVESTMENT, LLC | |
| PATRICK BARTELS | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | INDEPENDENT MANAGER OF STRIKE INVESTMENT, LLC | |
| STRIKE HOLDCO, LLC | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | OWNER | 100% |
| STRIKE INVESTMENT, LLC | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | OWNER | 100% |
| STRIKE, LLC | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | OWNER | 100% |
| TONY HORTON | 1800 HUGHES LANDING BOULEVARD, SUITE 500 THE WOODLANDS, TEXAS 77380 | INDEPENDENT MANAGER OF STRIKE INVESTMENT, LLC | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ None

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|--------------------------------|------------------------------------------------------------|
| STRIKE CAPITAL, LLC | 37-1462120 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

| Debtor | Capstone Infrastructure Services, LLC | Case number (if known) | 21-90055 |
|---|---|---|---|
| | (Name) | | |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/20/2021.

**x** _Sean m. G_____          Sean Gore
Signature of individual signing on behalf of the debtor          Printed Name

Executive Vice President and Chief Financial Officer of Strike, LLC
Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes