**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STRIKE, LLC, *et al.*[1] | ) | Case No. 21-90054 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER APPROVING THE SETTLEMENT AGREEMENT WITH
MEARS GROUP, INC. PURSUANT TO BANKRUPTCY RULE 9019**

> **Emergency relief has been requested. Relief is requested not later than January 27, 2022 (prevailing Central Time).**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on January 27, 2022 at 11:00 a.m. (prevailing Central Time) in Courtroom 400, 4th Floor, 515 Rusk, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's home page. The meeting code is "Judge Jones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Strike, LLC (2120); Strike HoldCo, LLC (0607); Delta Directional Drilling, LLC (9896); Strike Global Holdings, LLC (4661); Capstone Infrastructure Services, LLC (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 1800 Hughes Landing Boulevard, Suite 500, The Woodlands, Texas 77380. More information about this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):

## RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "**Order**"), authorizing and approving a settlement with Mears Group, Inc. ("**Mears**") on the terms set forth in the settlement agreement and release attached as **Exhibit 1** to the Order (the "**Settlement Agreement**").[2]

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9013-1 of the Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## BACKGROUND

4. Strike, LLC and Mears Group, Inc. ("**Mears**") entered into an agreement in August 2020 pursuant to which Mears performed services on a construction project for one of the Debtors' customers. Mears commenced an arbitration proceeding styled *Mears Group, Inc. -vs- Strike, LLC* (Case Number: 01-21-0001-1668) in February 2021 related to nonpayment. Mears is seeking

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement (including the Term Sheet).

payment of all amounts due under the agreement.  Mears also raised an informal objection to the sale of Debtors' assets.

5. The Debtors deny all liability and have asserted counterclaims against Mears for alleged damage caused to the project and disputes the Mears' informal objection.  Nevertheless, the litigation is not without risk.  The Debtors have already incurred substantial discovery costs, and the investigation of and defense against Mears's claims has required the attention of the Debtors' officers and employees whose time is already stretched focusing on preserving the value of the Debtors' business and on the administration of these chapter 11 cases.  Litigation will result in additional expense to the Debtors' estates.  The Debtors believe that entry into a settlement on the terms set forth in the Settlement Agreement, which was negotiated extensively in good faith, reflects an outcome that is squarely within the range of reasonable outcomes and is a sound exercise of their business judgment.  The DIP Secured Parties[3] and the Official Committee of Unsecured Creditors (the "**Committee**") support the settlement reflected in this Motion.

## BASIS FOR RELIEF

6. Bankruptcy Rule 9019(a) provides, in pertinent part, "[o]n motion . . . and after notice and a hearing, the court may approve a compromise or settlement." *See* Fed. R. Bankr. P. 9019(a). Section 105(a) of the Bankruptcy Code further provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

---

[3] The term "**DIP Secured Parties**" is defined in the *Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling A Final Hearing, and (V) Granting Related Relief* [Docket No. 79].

*See* 11 U.S.C. § 105(a).

7. Settlements and compromises are a "normal part of the process of reorganization," and assist in "administering [bankruptcy] proceedings in an economical and practical manner." *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939); *Protective Comm. of Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Bankruptcy Courts generally favor compromises as they are "oftentimes desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *Matter of Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

8. To obtain approval of a settlement, the movant need only show that it falls within the "range of reasonable litigation alternatives." *In re Roqumore*, 393 B.R. 474, 480 (Bankr. S.D. Tex. 2008). It does not require a trial or evidentiary hearing to adjudicate the issues being settled, and a bankruptcy court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

9. In determining whether a proposed settlement is within the range of reasonable alternatives, bankruptcy courts in the Fifth Circuit may consider the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, including the difficulties, if any, to be encountered in the matter of collection, (3) the paramount interest of the creditors and a proper deference to their respective views, (4) the extent to which the settlement is truly the product of arm's-length bargaining and not fraud or collusion,

and (5) all other factors bearing on the wisdom of the compromise. *See Cadle v. Mims (In re Moore)*, 608 F.3d 253, 264-65 (5th Cir. 2010).

10. The settlement falls well within the range of reasonableness and is a sound exercise of the Debtors' business judgment. Mears's and Debtors' respective claims, objections and counterclaims each raise complex and fact-intensive issues of responsibility for damage in a large pipeline project. The Settlement Agreement reflects a reasonable apportionment of the litigation risk, as determined by sophisticated parties represented by experienced counsel. While probability of success is unclear, the cost of litigation is certain. The Debtors have already incurred substantial costs related to discovery in connection with investigation of and defense against Mears's claims. The Debtors' officers and employees who are otherwise focused on preserving the value of the Debtors' business and on administering these chapter 11 cases have already had to devote significant time to this matter. The Debtors are seeking to eliminate further considerable expense and preserve value for their stakeholders. The settlement is the product of good faith, arms' length negotiations and is supported by all major stakeholders in the cases. The Court should grant the Motion.

## EMERGENCY CONSIDERATION

11. The Debtors request emergency consideration of this Motion. The parties have agreed to the Settlement Agreement to, among other things, resolve Mears's objection to the Debtors' motion for authorization to sell substantially all of their assets. The Settlement Agreement, in turn, is conditioned upon Court approval at or before the hearing related to that sale motion. Absent approval on that timeline, Mears's informal objection to the sale process will be preserved in all respects to the disruption of the sale process. The Debtors, the Committee, and

the DIP Secured Parties support emergency consideration so that the Court may address the Motion prior to the Court's consideration of the Debtors' sale motion.

### WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

12. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfied Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### NOTICE

13. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Committee; (c) the Prepetition Senior Loan Agent; (d) the Prepetition Junior Loan Agent; (e) AIP and the DIP Secured Parties and their counsel, Stroock & Stroock & Lavan LLP; (f) the Office of the United States Attorney for the Southern District of Texas; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Internal Revenue Service; (i) the United States Securities and Exchange Commission; (j) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, no other or further notice need be provided.

The Debtors respectfully request that the Court enter the Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Houston, Texas
January 26, 2022

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **WHITE & CASE LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | Thomas E Lauria (TX Bar No. 11998025) |
| Kristhy Peguero (TX Bar No. 24102776) | Matthew C. Brown (admitted *pro hac vice*) |
| Genevieve Graham (TX Bar No. 24085340) | Fan B. He (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | Gregory L. Warren (admitted *pro hac vice*) |
| Houston, Texas 77010 | 200 South Biscayne Boulevard, Suite 900 |
| Telephone: (713) 752-4200 | Miami, FL 33131 |
| Facsimile: (713) 752-4221 | Telephone: (305) 371-2700 |
| Email: mcavenaugh@jw.com | Email: tlauria@whitecase.com |
| Email: kpeguero@jw.com | Email: mbrown@whitecase.com |
| Email: ggraham@jw.com | Email: fhe@whitecase.com |
| | Email: gregory.warren@whitecase.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | Andrew F. O'Neill (admitted *pro hac vice*) |
| | 111 South Wacker Drive, Suite 5100 |
| | Chicago, IL 60606 |
| | Telephone: (312) 881-5400 |
| | Email: aoneill@whitecase.com |
| | |
| | Charles Koster (admitted *pro hac vice*) |
| | 609 Main Street, Suite 2900 |
| | Houston, TX 77002 |
| | Telephone: (713) 496-9700 |
| | Email: charles.koster@whitecase.com |
| | |
| | Aaron Colodny (admitted *pro hac vice*) |
| | R.J. Szuba (admitted *pro hac vice*) |
| | 555 South Flower Street, Suite 2700 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 620-7700 |
| | Email: aaron.colodny@whitecase.com |
| | Email: rj.szuba@whitecase.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on January 26, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh