**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STRIKE, LLC, *et al.*[1] | ) | Case No. 21-90054 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' SIXTH OMNIBUS MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED REAL PROPERTY**
**LEASES EFFECTIVE AS OF THE APPLICABLE  REJECTION DATE AND (B)**
**ABANDONMENT OF CERTAIN  PERSONAL PROPERTY**
**AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

> **Parties receiving this Motion should locate their respective names and contracts on the List of Rejected Leases attached as <u>Schedule 1</u> to the Order.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):

## <u>RELIEF REQUESTED</u>

1.      The Debtors seek entry of an order substantially in the attached proposed form (the "**Order**") (i) authorizing the Debtors to reject certain unexpired non-residential real property leases listed on <u>Schedule 1</u> to the Order (the "**Rejected Leases**," and the counterparties thereto,

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Strike, LLC (2120); Strike HoldCo, LLC (0607); Delta Directional Drilling, LLC (9896); Strike Global Holdings, LLC (4661); Capstone Infrastructure Services, LLC (0161); and Crossfire, LLC (7582).  The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is:  1800 Hughes Landing Boulevard, Suite 500, The Woodlands, Texas 77380.  Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

the "**Lease Counterparties**," and the real property subject thereto, the "**Leased Premises**") effective to the applicable rejection date (the "**Rejection Date**"), (ii) authorizing the abandonment of certain personal property that is located on the Leased Premises, and (iii) granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein are sections 105(a), 365, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 6004, 6006, 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9013-1(b) of the Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## BACKGROUND

### I.      Overview of Chapter 11 Cases

4.      On December 6, 2021 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned jointly administered chapter 11 cases (the "**Chapter 11 Cases**").  On December 15, 2021, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors (the "**Committee**").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

AMERICAS 111955554

5.      A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in the First Day Declaration,[2] including background information regarding the Debtors, their business operations, their corporate and capital structure, the events leading to the commencement of the Chapter 11 Cases, and their intent to sell substantially all of their assets through the Chapter 11 Cases.

6.      On January 28, 2022, the Court entered an order approving the sale of substantially all of the Debtors' assets to Strike Acquisition, LLC (the "**Purchaser**"). *See* [Dkt. No. 588] (the "**Sale Order**").  Attached as Schedule 1 to the Sale Order was a list of contracts (the "**Assigned Contracts**") that the Purchaser designated to have assigned to it or its applicable affiliate to which it assigns or transfers its rights.  The Rejected Leases were not among the contracts designated to be assumed and assigned as part of the sale transaction.

**II.      The Rejected Leases**

7.      The Rejected Leases consist of certain unexpired non-residential real property leases that the Purchaser did not elect to have assigned to it in connection with the sale transaction.  Following the consummation of the sale, the Debtors' employees and assets will be transferred to the Purchaser and its subsidiaries and the Debtors will seek to wind down their estates through the confirmation of a liquidating plan.  The Rejected Leases are not necessary for the Debtors' business or wind down going forward and the continued payment of rent thereunder would result in a loss to their estates.  Accordingly, rejection is in the best interest of the Debtors' estates and should be approved.

8.      The Debtors vacated the Leased Premises under all but one of the Rejected Leases by January 31, 2022 and seek to reject those Rejected Leases effective as of January 31, 2022.

---

[2]      The "**First Day Declaration**" means the Declaration of Sean Gore in Support of Chapter 11 Petitions and Requests for First Day Relief [Docket No. 18].

AMERICAS 111955554

The Debtors will vacate the Leased Premises under the remaining Rejected Lease as soon as practicable, and in no event later than February 28, 2022, and seek to reject that Rejected Lease effective no later than February 28, 2022.  The proposed Rejection Date for each Rejected Lease is set forth on **Schedule 1** to the Order.

### III.     The Abandoned Property

9.      The Debtors will remove all of their material personal property located or stored at the Leased Premises.  However, the Debtors have determined in their reasonable business judgment that the costs associated with the continued storage of certain personal property of *de minimis* value (the "**Abandoned Property**") will exceed any projected proceeds that could be realized from the sale of such property if such property could be sold at all.  Thus, storage and removal costs associated with attempting to sell the Abandoned Property would impose a financial burden on the Debtors' estates and likely provide no value in return.  Accordingly, the Debtors request that the Court approve the abandonment of the Abandoned Property in connection with the Debtors' rejection of the Rejected Leases for the benefit of their estates and creditors.

10.      The Order provides that the applicable Lease Counterparties may use or dispose of the Abandoned Property in their sole and absolute discretion without further notice or liability to any party (including the Debtors) claiming an interest in such Abandoned Property.  The Order further provides that the automatic stay, to the extent applicable, is modified to allow for the utilization or disposition of the Abandoned Property by the Lease Counterparties, as applicable.  Finally, the Order provides that the rights of the Lease Counterparties to assert claims for the disposition of any Abandoned Property are reserved, as are all parties' rights to

AMERICAS 111955554

object to such claims.  In this way, the Debtors' interests in maximizing estate value are balanced against the rights of the Lease Counterparties.

**BASIS FOR RELIEF**

I.      **Rejection of the Rejected Leases Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

11.     Section 365(a) of the Bankruptcy Code provides that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  Rejection is intended to allow a debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts and leases in order to preserve and maximize the value of the bankruptcy estate.  *See Stewart Title Guar. Co. v. Old Rep. Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (noting that section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed" (citation omitted)).  Bankruptcy courts use the business judgment standard to determine whether to approve a lease or contract rejection.  *See Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Grp. of Institutional Inv. v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'").

12.     The "business judgment" test merely requires a showing that rejection of the unexpired lease or contract will benefit the debtor's estate, and courts will approve such decision unless the decision is the product of bad faith, whim or caprice.  *See In re Pisces Energy, LLC*, 2009 Bankr. LEXIS 4709, at *18 (Bankr. S.D. Tex. Dec. 21, 2009 ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered." (quoting *NLRB v. Bildisco & Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513(1984))).

5

13.     Rejection of the Rejected Leases is a proper exercise of the Debtors' business judgment and is in the best interests of their estates and creditors.  The Rejected Leases were not among the contracts that the Purchaser elected to have assigned to it.  Following the consummation of the sale, the Rejected Leases will not be needed for the wind-down of the Debtors business.  Debtors will not be able to perform under the Rejected Leases.

## II.   Abandonment of the Abandoned Property Is Authorized under Section 554(a) of the Bankruptcy Code.

14.     Bankruptcy Code Section 554(a) provides that "[a]fter notice and hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Courts generally give deference to a debtor's decision to abandon property.  *See In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless the abandonment of the subject property would be harmful to the public, once a debtor has shown that the retention of such property is burdensome or of inconsequential value to the estate, a court should approve the abandonment.  *Id.* (citing *Midlantic National Bank v. New Jersey Dep't of Environmental Protection*, 474 U.S. 494, 507 (1986)); *see also In re Shore Co.*, 134 B.R. 572, 575 (Bankr. E.D. Tex. 1991) ("However, when the property sought to be abandoned by the trustee is environmentally-impacted, the trustee's discretion to abandon is not so unlimited.").

15.     The Debtors, have determined that the Abandoned Property has inconsequential value and the cost of removing and storing the Abandoned Property for future use or sale exceeds its value.  In certain instances, the Debtors have concluded that any efforts by the Debtors to move or market the Abandoned Property could delay the Debtors' exit of the Leased Premises and rejection of the Rejected Leases, which would cause them to incur additional

6

administrative expenses for future rent.  Accordingly, authorizing the Debtors to abandon the Abandoned Property is in the best interests of the Debtors and their estates.

**III.     Retroactive Relief Is Appropriate.**

16.     The Debtors request that rejection of the Rejected Leases be authorized as of the applicable Rejection Date specified on **<u>Schedule 1</u>** to the Order.  Courts have held that they may exercise discretion to authorize rejections to be effective to a date prior to entry of the order authorizing such rejection where the balance of the equities favor such relief.  *See In re Cafeteria Operators, L.P.,* 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (approving rejection of closed restaurants retroactively to the later of the date (i) the motion to reject was filed or (ii) the leased space was vacated); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection).

17.     The equities weigh in favor of granting the relief requested with respect to the Rejected Leases as of the applicable Rejection Date because (i) the Rejected Leases do not provide any benefit to the Debtors' estates; (ii) the Debtors have, or will have vacated the Leased Premises under each Rejected Lease on or before the applicable Rejection Date, (iii) there is no unreasonable delay because this Motion will likely be decided within 30 days of the filing of this Motion; and (iv) failure to grant the relief as requested could potentially result in assertions that the Debtors incurred unnecessary administrative costs associated with the Rejected Leases.  To avoid assertions of unnecessary administrative obligations post-petition, it is appropriate that the relief requested be effective as of the applicable Rejection Dates.

**IV.      Requirements of Bankruptcy Rule 6006(f).**

18.      Bankruptcy Rule 6006(e) permits a debtor to join requests for authority to reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f).  *See* Fed. R. Bankr. P. 6006(e).  Motions to reject multiple executory contracts or unexpired leases must satisfy the following requirements:

> a.  state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> b.  list parties alphabetically and identify the corresponding contract or lease;
>
> c.  be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
> d.  be limited to no more than 100 executory contracts or unexpired leases.

*See* Fed. R. Bankr. P. 6006(f).

19.      This Motion, together with the Rejected Leases listed in **Schedule 1** to the Order, satisfies the procedural requirements of Bankruptcy Rule 6006(f).

**WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)**

20.      To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).  The relief requested herein is essential to avoid the potential accrual of unnecessary administrative expenses

**RESERVATION OF RIGHTS**

21.      Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, priority of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any

AMERICAS 111955554

claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, except for the rejection of the Rejected Leases identified on **Schedule 1** to the Order; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; and (j) a waiver of any claims that the Debtors may have against any Lease Counterparty, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases.

## NOTICE

22.      The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the ABL Agent; (d) the Term Loan Agent; (e) AIP and the DIP Secured Parties,[3] and their counsel, Stroock & Stroock & Lavan

---

[3]      The term "**DIP Secured Parties**" is defined in the Debtors' _Emergency_ Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Parties, (IV) Scheduling A Final Hearing, and (V) Granting Related Relief [Docket No. 79].

AMERICAS 111955554

LLP; (f) the Office of the United States Attorney for the Southern District of Texas; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Internal Revenue Service; (i) the United States Securities and Exchange Commission; (j) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (k) counsel to the Committee, (l) all Lease Counterparties (as identified in **Schedule 1**); and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, no other or further notice need be provided.

AMERICAS 111955554

The Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Houston, Texas
January 31, 2022

/s/ Matthew D. Cavenaugh

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy Peguero (TX Bar No. 24102776)
Genevieve Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: kpeguero@jw.com
Email: ggraham@jw.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**WHITE & CASE LLP**
Thomas E Lauria (TX Bar No. 11998025)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice* pending)
Gregory L. Warren (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 900
Miami, FL 33131
Telephone: (305) 371-2700
Email: tlauria@whitecase.com
Email: mbrown@whitecase.com
Email: fhe@whitecase.com
Email: gregory.warren@whitecase.com

Andrew F. O'Neil (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
Email: aoneill@whitecase.com

Charles Koster (admitted *pro hac vice*)
609 Main Street, Suite 2900
Houston, TX 77002
Telephone: (713) 496-9700
Email: charles.koster@whitecase.com

Aaron Colodny (admitted *pro hac vice*)
R.J. Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
Email: aaron.colodny@whitecase.com
Email: rj.szuba@whitecase.com

*Counsel to the Debtors and
Debtors in Possession*

11

**<u>Certificate of Service</u>**

  I certify that on January 31, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ <u>*Matthew D. Cavenaugh*</u>

Matthew D. Cavenaugh

AMERICAS 111955554