**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| STRIKE, LLC, *et al.*[1] | Case No. 21-90054 (DRJ) |
| Debtors. | (Jointly Administered) |
| | **Re. Docket Nos. 292 & 656** |

**STIPULATION AND ORDER REGARDING**
**CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.'S NOTICE OF**
**RECLAMATION DEMAND AND APPLICATION FOR ADMINISTRATIVE CLAIM**

The above captioned debtors and debtors in possession (collectively, the "**Debtors**"), Consolidated Electrical Distributors, Inc. ("**CED**"), and Strike Holdco LLC (f/k/a Strike Acquisition LLC) and its affiliates and subsidiaries (including Strike Intermediate Holdings LLC, Strike Construction LLC, Strike Operating Company LLC, Crossfire Services LLC, Delta Directional Drilling LLC, and Capstone Infrastructure Services LLC) (collectively, the "**Purchaser**" and together with CED and the Debtors, the "**Parties**"), by and through their undersigned counsel, hereby stipulate and agree as follows and, upon entry by the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), it shall be found and ordered as follows (this "**Stipulation and Order**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Strike, LLC (2120); STH ShellCo LLC (f/k/a Strike HoldCo, LLC) (0607); Delta Directional Drilling, LLC (9896); SGH ShellCo LLC (f/k/a Strike Global Holdings, LLC) (4661); CIS ShellCo LLC (f/k/a Capstone Infrastructure Services, LLC) (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 1800 Hughes Landing Boulevard., Suite 500, The Woodlands, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

## RECITALS

**WHEREAS**, on December 6, 2021 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the Court commencing these chapter 11 cases (the "**Chapter 11 Cases**");

**WHEREAS**, the Debtors are operating their business and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on December 27, 2021, pursuant to section 546 of the Bankruptcy Code and section 2-702 of the Uniform Commercial Code, as codified by section 2.702 of the Texas Business and Commercial Code, CED sent the Debtors a written demand seeking to reclaim unpaid materials in the amount of $65,462.74 delivered to the Debtors by CED in the 45 days preceding the Petition Date [Docket No. 292] (the "**Reclamation Demand**");

**WHEREAS**, the materials supplied by CED have been installed in completed projects of the Debtors and therefore cannot be returned to CED;

**WHEREAS**, on February 4, 2022, CED filed a proof of claim in the Chapter 11 Cases in the amount of $156,229.71 (the "**Proof of Claim**");

**WHEREAS**, on February 4, 2022, CED filed its *Application for Administrative Claim Pursuant to 11 U.S.C. §§ 503(a) and 503(b)* [Docket No. 656] (the "**Application**"), seeking allowance and payment of an administrative claim in the total amount of $28,605.31, of which $12,551.43 is on account of goods delivered to Debtor Strike, LLC in the 20 days prior to the Petition Date (the "**Asserted Section 503(b)(9) Claim**") and $16,053.88 is on account of four postpetition invoices;

**WHEREAS**, on January 28, 2022, the Court entered the *Order (I) Authorizing and Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens,*

*Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; (III) Authorizing the Sale Transaction; and (IV) Granting Related Relief* [Docket No. 588] (the "**Sale Order**");

**WHEREAS**, on February 14, 2022, the Debtors completed the sale of substantially all of their assets to the Purchaser. *See Notice of Closing of Sale Transaction* [Docket No. 728];

**WHEREAS**, on or about February 15, 2022, the Debtors paid CED $32,244.57 as a cure payment in connection with certain contracts with the Debtors' customers that were assumed by the Debtors and assigned to the Purchaser under the Sale Order (the "**Cure Payment**"), of which $115.87 is on account of invoice number 1018043 and comprises a portion of the Asserted Section 503(b)(9) Claim;

**WHEREAS**, the Debtors have paid CED the following amounts on account of two of the postpetition invoices that were included in the Application:  (1) $1,120.23 on account of invoice number 1237604, and (2) $533.65 on account of invoice number 1238371; and

**WHEREAS**, after further reconciliation, the Parties agree that the other two postpetition invoices included in the Application relate to goods provided by CED to Strike Electrical Services, LLC, a vendor unrelated to the Debtors, and were inadvertently included in the Application.

## STIPULATION AND ORDER

**NOW, THEREFORE**, it is hereby stipulated and agreed to by and among the Parties and, upon being "so ordered" by the Court, it is hereby ordered, as follows:

1.      The Reclamation Demand and Proof of Claim are resolved, and the Application is approved, on the terms set forth in this Stipulation and Order.

2.      CED is granted the following allowed claims against Debtor Strike, LLC:

a. an allowed administrative claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $12,110.81 (the "**Allowed Administrative Claim**"), and

b. an allowed general unsecured claim in the amount of $115,188.17 (the "**Allowed General Unsecured Claim**").

3.    The Allowed Administrative Claim and Allowed General Unsecured Claim shall be afforded the same treatment, respectively, as all other allowed administrative claims and general unsecured claims under any chapter 11 plan filed by the Debtors in the Chapter 11 Cases.

4.    CED is granted an allowed administrative claim against Strike, LLC on account of goods provided after the Petition Date in the amount of $324.75 (the "**Allowed Postpetition Trade Claim**").

5.    Pursuant to Section 1.3(c) of that certain Asset Purchase Agreement, dated as of December 6, 2021, by and among the Purchaser and the Debtors, including Delta Directional (the "**Asset Purchase Agreement**"), the Allowed Postpetition Trade Claim shall be an Assumed Liability (as defined in the Asset Purchase Agreement) of the Purchaser and shall be paid in the ordinary course of the Purchaser's business.

6.    Upon payment of the Allowed Postpetition Trade Claim by the Purchaser, any claim against the Debtors on account of the Allowed Postpetition Trade Claim shall be discharged and released and the Debtors shall be authorized to take any and all actions to amend the claims register to reflect the payment of the Allowed Postpetition Trade Claim.

7.    Upon the approval and entry of this Stipulation and Order by the Court, CED is deemed to have unconditionally and irrevocably released, waived, and discharged each Debtor, the Purchaser, and each of their respective directors, officers, employees, affiliates and

advisors,  from any and all claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever asserted or that may be asserted by or on behalf of CED, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, this Stipulation and Order; *provided*, *however*, nothing in this release shall be deemed a waiver of the Allowed Administrative Claim, Allowed General Unsecured Claim, and Allowed Postpetition Trade Claim defined above.

8.      Epiq Corporate Restructuring, LLC, as claims, noticing, and solicitation agent, is authorized and directed to update the claims register maintained in the Chapter 11 Cases to reflect the relief granted in this Stipulation and Order.

9.      To the extent not allowed by this Stipulation and Order, all other amounts claimed with respect to the Application, the Reclamation Demand, and Proof of Claim are disallowed.

10.      The Debtors are authorized to take any and all actions necessary to effectuate this Stipulation and Order, including making modifications to the claims register to reflect the terms of this Stipulation and Order.

11.      This Stipulation and Order is the entire agreement between the Parties with respect to the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto or by order of the Court.  This Stipulation and Order supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

12.     This Stipulation and Order may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Each of the undersigned counsel that executes this Stipulation and Order by or on behalf of each respective Party represents and warrants that such undersigned counsel has been duly authorized and empowered to execute and deliver this Stipulation and Order on behalf of such Party.

13.     Each Party represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order.

14.     This Stipulation and Order shall be enforceable against the Debtors during these Chapter 11 Cases, any subsequent converted Chapter 7 Case of any Debtor under Chapter 7 of the Bankruptcy Code, and after the dismissal of any Chapter 11 Case.

15.     This Stipulation and Order shall be binding and effective upon execution by all the Parties hereto.

16.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Order.  Any requests for relief brought before the Court to resolve a dispute arising from or related to this Stipulation and Order, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

**SO ORDERED:**

Houston, Texas
Dated:  _____, 2022

_____
      UNITED STATES BANKRUPTCY JUDGE

Dated: April 1, 2022

*/s/ Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy Peguero (TX Bar No. 24102776)
Genevieve Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile:  (713) 752-4221
Email: mcavenaugh@jw.com
Email: kpeguero@jw.com
Email: ggraham@jw.com

*Co-Counsel to the Debtors and
Debtors in Possession*

**WHITE & CASE LLP**
Thomas E Lauria (TX Bar No. 11998025)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
Gregory L. Warren (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 900
Miami, FL 33131
Telephone: (305) 371-2700
Email: tlauria@whitecase.com
Email: mbrown@whitecase.com
Email: fhe@whitecase.com
Email: gregory.warren@whitecase.com

Andrew F. O'Neill (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
Email: aoneill@whitecase.com

Charles Koster (admitted *pro hac vice*)
609 Main Street, Suite 2900
Houston, TX 77002
Telephone: (713) 496-9700
Email: charles.koster@whitecase.com

Aaron Colodny (admitted *pro hac vice*)
R.J. Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
Email: aaron.colodny@whitecase.com
Email: rj.szuba@whitecase.com

*Counsel to the Debtors and Debtors in Possession*

*/s/ Charles A. Beckham, Jr.*

**HAYNES AND BOONE, LLP**
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Kelli S. Norfleet (TX Bar No. 24070678)
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile:  (713) 547-2600
Email: charles.beckham@haynesboone.com
Email: kelli.norfleet@haynesboone.com

– and –

**STROOCK & STROOCK & LAVAN LLP**
Kristopher M. Hansen (admitted *pro hac vice*)
Erez E. Gilad (admitted *pro hac vice*)
Daniel P. Ginsberg (admitted *pro hac vice*)
180 Maiden Lane New York, NY 10038
Telephone: (212) 806-5400
Facsimile: (212)806-6006
Email: khansen@stroock.com
Email: egilad@stroock.com
Email: dginsberg@stroock.com

*Counsel to the Purchaser*

*/s/ Lisa M. Norman*

**ANDREWS MYERS, PC**
Lisa M. Norman (TX Bar No. 24037190)
1885 Saint James Place, 15th Floor
Houston, TX 77056
Telephone: (972) 234-3400
Email:  lnorman@andrewsmyers.com

*Counsel to Consolidated Electrical*
*Distributors, Inc.*