**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| STRIKE, LLC, *et al.*[1] | ) Case No. 21-90054 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## <u>Chapter 11 Fee Application Summary</u>

| Name of Applicant: | Jackson Walker LLP |
|---|---|
| **Applicant's Role in Case:** | Co-counsel and Conflicts Counsel to Debtors and Debtors in Possession |
| **Docket No. of Employment Order(s):** | 02/04/2022 [Docket No. 661] |
| **Interim Application (   )**<br>**Final Application    (X)** | Second Interim and Final |

| | Beginning Date | End Date |
|---|---|---|
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | December 6, 2021 | May 17, 2022 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?** | Yes | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed?** | Yes | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases?** | Yes | |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:Strike, LLC (2120); STH ShellCo LLC (*f/k/a* Strike HoldCo, LLC) (0607); Delta Directional Drilling, LLC (9896); SGH ShellCo LLC (*f/k/a* Strike Global Holdings, LLC) (4661); CIS ShellCo LLC (*f/k/a* Capstone Infrastructure Services, LLC) (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' serviceaddress is: 460 Wildwood Forest Dr., Suite 350, Spring, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

33352404v.3 146230/00003

| Do expense reimbursements represent actual and necessary expenses incurred? | Yes |
|---|---|

| Compensation Breakdown for Time Period Covered by this Application | |
|---|---|
| **Total professional fees requested in this Application:** | $183,001.50 |
| **Total professional hours covered by this Application:** | 222.1 |
| **Average hourly rate for professionals:** | $823.96 |
| **Total paraprofessional fees requested in this Application:** | $4,718.50 |
| **Total paraprofessional hours covered by this Application:** | 23.3 |
| **Average hourly rate for paraprofessionals:** | $202.51 |
| **Total fees requested in this Application:** | $187,720.00 |
| **Total expense reimbursements requested in this Application:** | $3,566.43 |
| **Total fees and expenses requested in this Application:** | $191,286.43 |
| **Total fees and expenses awarded in all prior Applications:** | $0.00[2] |

**Plan Status:** On May 17, 2022, the Court entered its *Order (I) Approving the Disclosure Statement (II) Confirming the Debtors' Joint Chapter 11 Plan of Liquidation and (III) Granting Related Relief* [Docket No. 1111] (the "Plan"). The Effective Date of the Plan occurred on June 6, 2022.

**Primary Benefits:** As co-counsel to the Debtors, Jackson Walker LLP ("JW") diligently represented the Debtors during these chapter 11 cases, advising the Debtors on a wide variety of complex restructuring matters and issues with the goal of efficiently pursuing a value-maximizing marketing and sale process and an orderly wind down of the Debtors' estates. Specifically, during the Application Period, JW, in conjunction with and at the request of co-counsel, advised the Debtors on matters related to the negotiation of a DIP financing arrangement with American Industrial Partners ("AIP"), the debtors' largest secured lender. Additionally, JW, in conjunction with co-counsel, advised the Debtors on matters related to the bidding process and ultimate sale of substantially all of the Debtors' assets to the stalking horse bidder, an affiliate of AIP. JW, in conjunction with co-counsel, further advised the Debtors with respect to the global settlement with AIP and the Committee, and the ensuing litigation involving certain major customers. To facilitate and further plan negotiations, JW performed an independent investigation of the Debtors' potential causes of action against the Board of Managers, certain of the Debtors' officers, and Mill Point Strike Splitter L.P. and certain of its agents and related entities. JW advised the Debtors in connection with the negotiation and documentation of the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Strike, LLC and Its Affiliated Debtors* [Docket No. 898] (the "Disclosure Statement") filed with the Court on March 23, 2022, and modified on April 5, 2022. The Disclosure Statement was conditionally approved on April 5, 2022. Thereafter, JW, in conjunction with the Debtors' other advisors, advised the Debtors in connection with the Plan

---

[2] On July 12, 2022, Jackson Walker filed its First Interim Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From December 6, 2021 through March 31, 2022 ("First Interim Fee Application") [Docket No. 1204]. The objection period had not yet expired, but Jackson Walker has requested $696,070.98 in legal fees and expenses.

solicitation process, which culminated in creditors overwhelmingly voting to accept the Plan. During that process, JW materially advanced the claims administration process by prosecuting a number of claims objections.  Finally, during the Application Period, JW, along with the Debtors' other advisors, helped the Debtors achieve confirmation of the Debtors' Plan.

33352404v.3 146230/00003

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STRIKE, LLC, *et al.*[1] | ) | Case No. 21-90054 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JACKSON WALKER LLP'S SECOND AND FINAL
FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF
FEES AND EXPENSES AS CO-COUNSEL TO THE DEBTORS FOR
THE PERIOD FROM DECEMBER 6, 2021 THROUGH MAY 17, 2022**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

Jackson Walker LLP ("JW"), co-counsel and conflicts counsel to the (collectively, the "Wind-down Debtors," and, before the Effective Date (as defined herein), the "Debtors"), hereby submits its *Second and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From December 6, 2021 Through May 17, 2022* (the "Application") for (a) interim allowance of compensation for professional services provided in the amount of $187,720.00 and reimbursement of actual and necessary expenses in the amount

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:Strike, LLC (2120); STH ShellCo LLC (*f/k/a* Strike HoldCo, LLC) (0607); Delta Directional Drilling, LLC (9896); SGH ShellCo LLC (*f/k/a* Strike Global Holdings, LLC) (4661); CIS ShellCo LLC (*f/k/a* Capstone Infrastructure Services, LLC) (0161); and Crossfire, LLC (7582).  The location of Debtor Strike, LLC's principal place of business and the Debtors' serviceaddress is: 460 Wildwood Forest Dr., Suite 350, Spring, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

of $3,566.43 for the period of April 1, 2022 through May 17, 2022 ("Second Interim Period"), and (b) final allowance of compensation of professional services provided in the amount of $875,026.00 and reimbursement of actual and necessary expenses in the amount of $12,331.41 that JW incurred for the period December 6, 2021 through May 17, 2022 (the "Application Period").  In support of this Application, JW states as follows:

**I.     JURISDICTION**

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are §§ 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

**II.     RELIEF REQUESTED**

4.      JW requests that the Court enter an order allowing JW (a) interim allowance of compensation for professional services provided in the amount of $187,720.00 and reimbursement of actual and necessary expenses in the amount of $3,566.43 for the Second Interim Period, and (b) final allowance of compensation of professional services provided in the amount of $875,026.00 and reimbursement of actual and necessary expenses in the amount of $12,331.41 that JW incurred for the Application Period.

### III.    PROCEDURAL BACKGROUND

5.    On December 6, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  By order of this Court, these cases were jointly administered on December 6, 2021 [Docket No. 7].

6.    A description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors is provided in the *Declaration of Sean Gore in Support of Debtors' Petition and Requests for First Day Relief* [Docket No. 18] (the "First Day Declaration").

7.    On January 6, 2022, the Debtors filed the *Application to Retain Jackson Walker LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession* [Docket No. 363] (the "Retention Application").

8.    On February 4, 2022, the Court entered its *Order Authorizing the Retention and Employment of Jackson Walker LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession* ("Retention Order") [Docket No. 661].  A copy of the Retention Order is attached hereto as **Exhibit 1**.

9.    On February 4, 2022, the Court entered its Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief ("Interim Compensation Order") [Docket No. 660], setting forth a procedure permitting the Court approved professionals, including JW, to serve a monthly fee statement (the "Monthly Fee Statement") on certain parties that include a detailed statement of services rendered and expenses incurred by each professional for that particular month.

10.    For the Period from December 6, 2021 through March 31, 2022 (the "First Interim Period"), JW filed the following Monthly Fee Statements (collectively, the "First Interim Period Monthly Fee Statements"):

(a)     Jackson Walker LLP's First Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counts to the Debtors for the Period From December 6, 2021 Through December 31, 2021 [Docket No. 895];

(b)     Jackson Walker LLP's Second Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counts to the Debtors for the Period From January 1, 2022 Through January 31, 2022 [Docket No. 896];

(c)     Jackson Walker LLP's Third Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counts to the Debtors for the Period From February 1, 2022 Through February 28, 2022 [Docket No. 953]; and

(d)     Jackson Walker LLP's Fourth Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counts to the Debtors for the Period From March 1, 2022 Through March 31, 2022 [Docket No. 1058].

11.     On July 12, 2022, JW filed its First Interim Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From December 6, 2021 Through March 31, 2022 ("First Interim Fee Application") [Docket No. 1204] requesting interim allowance and payment of fees in the amount of $687,306.00, and expenses in the amount of $8,764.98.

12.     For the period from April 1, 2022 through May 17, 2022, (the "Second Interim Period"), JW filed the following Monthly Fee Statements (collectively, the "Second Interim Monthly Fee Statements"):

(a)     Jackson Walker LLP's Fifth Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counts to the Debtors for the Period From April 1, 2022 Through April 30, 2022 [Docket No. 1202]; and

(b)     Jackson Walker LLP's Sixth Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counts to the Debtors for the Period From May 1, 2022 Through May 17, 2022 [Docket No. 1203].

33352404v.3 146230/00003

13.     True and correct copies of the Second Interim Monthly Fee Statements are attached hereto as **Exhibit 2**.

14.     JW did not receive any objections to the Second Interim Monthly Fee Statements.

## IV.     CASE STATUS SUMMARY

15.     During the Second Interim Period and Final Application Period, JW assisted the Debtors with the prosecution of their bankruptcy cases in this Court.  JW expended time and effort as co-counsel to the Debtors in these proceedings.  During the Application Period, JW provided legal advice and services regarding local rules, practices, and procedures affecting numerous issues in the Debtors' cases, including with respect to assisting with the following:

  (a)     providing legal advice and services regarding local rules, practices, and procedures including Fifth Circuit law;

  (b)     providing certain services in connection with administration of the chapter 11 cases, including, without limitation, preparing an agenda, and hearing notice;

  (c)     reviewing and commenting on proposed drafts of pleadings to be filed with the Court to endeavor to align same with local practice;

  (d)     appearing in Court proceedings;

  (e)     performing all other services assigned by the Debtors to the Firm as co-counsel and conflicts to the Debtors; and

  (f)     providing legal advice and services on any matter that White & Case may have a conflict with respect to the Debtors, if any, or as needed based on specialization.

  (g)     communicating with creditors and other parties in interest concerning these cases.

## V.     TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION

16.     The terms and conditions of JW's employment by the Debtors and compensation to be paid to JW by the Debtors are specifically outlined in the Retention Application. Post-petition compensation paid to JW by the Debtors is paid from the Debtors' estates.

## VI.     PROFESSIONAL SERVICES PROVIDED BY JW TO THE DEBTORS

17.     JW has assisted the Debtors in (a) providing legal advice concerning local rules, practices, and procedures relevant to numerous facets of their cases; (b) assisting with the administration of these cases; and (c) reviewing and providing comments on drafts of pleadings or other documents prepared for filing with the Court.  The following is a summary, by matter, of the significant professional services JW rendered during this Application Period.

(a)     <u>B110 - Case Administration</u>:  Fees: $14,962.50; Hours: 22.  These fees include all services rendered by JW that deal with general administration of the case and may also include specific matters that are not readily classifiable into other more specific matters.  The time expended by JW includes telephonic conferences with the Debtors' co-counsel, the United States Trustee, and parties-in-interest, communications with the Court's staff, finalizing and filing witness and exhibit lists, handling first and second day administrative matters, obtaining hearing transcripts, preparing for and attending hearings, and addressing other administrative issues.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Cavenaugh, Matt | $950.00 | 5.3 | $5,035.00 |
| Peguero, Kristhy M. | $750.00 | 3.6 | $2,700.00 |
| Graham, Genevieve M. | $685.00 | 9.5 | $6,507.50 |
| Gradney, Kendra E. | $205.00 | 1.8 | $369.00 |
| Trevino, Daniela M. | $195.00 | 1.8 | $351.00 |
| TOTAL` | | 22 | $14,962.50 |

(b)     <u>B115 – Reporting</u>: Fees: $1,884.00; Hours: 3.1.  These fees include review of statement of financial affairs, schedules, monthly operating reports, and any other accounting or reporting activities; including communications with the U.S. Trustee office.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Peguero, Kristhy M. | $750.00 | 2.3 | $1,725.00 |
| Gradney, Kendra E. | $205.00 | 0.3 | $61.50 |
| Trevino, Daniela M. | $195.00 | 0.5 | $97.50 |
| TOTAL | | 3.1 | $1,884.00 |

33352404v.3 146230/00003

(c)      B120: Asset Analysis and Recovery: Fees: $2,025.00; Hours: 2.7.  These fees include identification and review of potential assets including causes of action and non-litigation recoveries.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Peguero, Kristhy M. | $750 | 2.7 | $2,025.00 |
| **TOTAL** | | **2.7** | **$2,025.00** |

(d)      B130 - Asset Disposition: Fees: $2,625.00; Hours: 3.5.  These fees include sales, leases (section 365 matters – executory contacts, unexpired leases), abandonment and related transaction work related to asset disposition.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Peguero, Kristhy M. | $750.00 | 3.5 | $2,625.00 |
| **TOTAL** | | **3.5** | **$2,625.00** |

(e)      B140 – Relief from Stay and Adequate Protection: Fees: $10,977.00; Hours: 16.8.  These fees pertain to matters related to termination or continuation of the automatic stay under 11 U.S.C. § 362 and motion for adequate protection under 11 U.S.C. § 361.

| PROFESSIONAL | BILL RATE | HOURS | TOTAL |
|---|---|---|---|
| Peguero, Kristhy M. | $750 | 3.8 | $2,850.00 |
| Graham, Genevieve M. | $685 | 11.4 | $7,809.00 |
| Gradney, Kendra E. | $205 | 0.6 | $123.00 |
| Trevino, Daniela M. | $195 | 1 | $195.00 |
| **TOTAL** | | **16.8** | **$10,977.00** |

(f)      B150 – Meetings and Communications with Creditors: Fees: $805.00; Hours: 1.1.  These fees include preparation for and attendance at section 341(a) meeting and any other meetings with creditors and creditors' committee.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Peguero, Kristhy M. | $750 | 0.8 | $600.00 |
| Graham, Genevieve M. | $685 | 0.3 | $205.50 |
| **TOTAL** | | **1.1** | **$805.00** |

(g)     B160 - Fee/Employment Applications:   Fees: $6,065.00; Hours: 12.6. These fees include providing services related to ensuring the retention of the Debtors' professionals in these chapter 11 cases.  Specifically, JW spent time reviewing and revising its retention application, particularly with regard to local requirements for same.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Peguero, Kristhy M. | $750 | 6.4 | $4,800.00 |
| Gradney, Kendra E. | $205 | 5.6 | $1,148.00 |
| Trevino, Daniela M. | $195 | 0.6 | $117.00 |
| TOTAL | | 6.5 | $3,918.50 |

(h)     B185 – Assumption and Rejection of Leases and Contracts: Fees: $1,294.50; Hours: 1.8.   These fees pertain to analysis of leases and executory contracts and preparation of motions specifically to assume or reject.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Peguero, Kristhy M. | $750 | 1.7 | $1,275.00 |
| Trevino, Daniela M. | $195 | 0.1 | $19.50 |
| TOTAL | | 1.8 | $1,294.50 |

(i)     B210 – Business Operations: Fees: $1,034.50; Hours: 1.6.  These pertain to issues related to debtor-in-possession operating in a chapter 11 such as employee, vendor, tenant issues and other similar problems.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Peguero, Kristhy M. | $750 | 1.3 | $975.00 |
| Gradney, Kendra E. | $205 | 0.1 | $20.50 |
| Trevino, Daniela M. | $195 | 0.2 | $39.00 |
| TOTAL | | 1.6 | $1,034.50 |

(j)     B310 – Claims Administration and Objections: Fees: $76,837.00; Hours: 95.1.  These fees pertain to specific claim inquiries; bar date motions; analyses, objections and allowances of claims.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Kerridge, Ron | $1,075.00 | 11 | $11,825.00 |
| Dethrow, Brian L. | $1,065.00 | 15.9 | $16,933.50 |

11

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Moore, Steve | $975.00 | 3.7 | $3,607.50 |
| Cavenaugh, Matt | $950.00 | 3.6 | $3,420.00 |
| Peguero, Kristhy M. | $750.00 | 41.9 | $31,425.00 |
| Bankler, Chris | $745.00 | 1.5 | $1,117.50 |
| Wertz, Jennifer | $695.00 | 1.1 | $764.50 |
| Graham, Genevieve M. | $685.00 | 5.8 | $3,973.00 |
| Swantner, Matthew J. | $635.00 | 1.5 | $952.50 |
| Withers, Ashley | $595.00 | 0.4 | $238.00 |
| Yancy, Austin K. | $585.00 | 2.1 | $1,228.50 |
| Edwards, Carey L. | $285.00 | 0.3 | $85.50 |
| Gradney, Kendra E. | $205.00 | 3.8 | $779.00 |
| Trevino, Daniela M. | $195.00 | 2.5 | $487.50 |
| **TOTAL** | | **95.1** | **$76,837.00** |

(k)    B320 - Plan and Disclosure Statement:  Fees: $69,210.00; Hours: 85.1.

These fees pertain to assisting with analysis of issues pertinent to confirming the Debtors' plan

and attending the hearing on confirmation of the Debtors' plan.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Bankler, Chris | $745.00 | 15.1 | $11,249.50 |
| Cavenaugh, Matt | $950.00 | 39.2 | $37,240.00 |
| Gradney, Kendra E. | $205.00 | 2.6 | $533.00 |
| Graham, Genevieve M. | $685.00 | 2 | $1,370.00 |
| Peguero, Kristhy M. | $750.00 | 24.7 | $18,525.00 |
| Trevino, Daniela M. | $195.00 | 1.5 | $292.50 |
| **TOTAL** | | **85.1** | **$69,210.00** |

## VII.    COMPENSATION REQUESTED

18.    In this Application, JW seeks approval of (a) interim allowance of compensation

for professional services provided in the amount of $187,720.00 and reimbursement of actual and

necessary expenses in the amount of $3,566.43 for the Second Interim Period, and (b) final

allowance of compensation of professional services provided in the amount of $875,026.00 and

reimbursement of actual and necessary expenses in the amount of $12,331.41 that JW incurred for

the Application Period.  In support of this Application, JW submits a detailed record of fees as co-

counsel and conflicts counsel for the Application Period, attached hereto as **Exhibit 1**.  Pursuant

to the U.S. Trustee Guidelines, **Exhibit 2** is the chart reflecting customary and comparable compensation disclosures with fee applications, **Exhibit 3** is a chart summarizing the timekeepers included in this Application, **Exhibit 4** is the budget, and **Exhibit 5** is a chart with a summary of compensation requested by project category.  The blended rate for all JW timekeepers in this Application is $696.45.

19.     During these chapter 11 cases, pursuant to the Interim Compensation Order, JW was entitled to receive payment of 80% of its requested fees and 100% of its requested expenses for services rendered and expensed incurred from December 6, 2021 through and including May 17, 2022.  The following chart contains a summary of amount JW requested pursuant to the Interim Compensation Order during the Second Interim Period together with the amounts paid.

| Fee Statement Application Period | Date Filed | Amount Requested | Date Paid | Amount Outstanding |
|---|---|---|---|---|
| Fifth Monthly Fee Statement 04/01/2022 – 04/30/2022 | 7/12/2022 | $97,210.40 (80% of $121,513.00 + 100 % of $2,617.10 in expenses) | N/A | $124,130.10 |
| Sixth Monthly Fee Statement 05/01/2022 – 05/17/2022 | 7/12/2022 | $52,965.60 (80% of $66,207.00 + $949.33 in expenses) | N/A | $67,156.33 |
| **TOTAL DUE AS OF FILING OF APPLICATION FOR SECOND INTERIM PERIOD:** | | | | **$191,286.43** |

20.     The Application readily meets the standards of § 331 and applicable case law for compensation for services rendered on behalf of the Debtors' estates and for the administration of these cases.  The Fifth Circuit set forth the contours of the requirements for allowance of compensation under § 330 in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd., (In re Woerner)*, 783 F.3d 266 (5th Cir. 2015).  In *Woerner*, the Fifth Circuit held that a court would allow compensation to an attorney for the debtor for services that are "reasonably likely to benefit" the

33352404v.3 146230/00003

estate, and that a court should adjudge the reasonableness of requested compensation "at the time at which the service was rendered." *Id.*, at 273-74. All of the compensation requested in the Application meets the requirements of section 331 as delineated by the Fifth Circuit, and should be approved.

21.     JW provided necessary and beneficial services to the Debtors through assisting the Debtors in myriad ways. The time JW spent on services rendered and the rates charged for such services were reasonable and necessary to fully protect the Debtors' estates consistent with JW's role as co-counsel, and to maximize the dividend to creditors, in line with the *Johnson*[1] factors adopted by the Fifth Circuit in *In re First Colonial Corp.*, 544 F.2d 1291, 1299 (5th Cir. 1977), as follows:

      **a.**      **The Time and Labor Required.**

22.     As further illustrated by the fee breakdown in the Summary Cover Sheet, the amount of time spent by JW professionals and paraprofessionals on this case for the Application Period is 1256.4 hours.

      **b.**      **The Novelty and Difficulty of the Questions Presented by the Case.**

23.     This case has presented unique questions of fact and law relevant to both bankruptcy and applicable nonbankruptcy law, including laws and issues related to the oil and gas industry.

      **c.**      **The Skill Requisite to Perform the Legal Services Properly.**

24.     JW possesses the skill required to properly perform the legal services involved, in particular bankruptcy law expertise, as well as practice experience before this Court, and knowledge of its local rules.

---

[1] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

33352404v.3 146230/00003

**d.      The Preclusion of Other Employment by the Attorneys due to Acceptance of the Case.**

25.      Attorneys at JW were necessarily precluded from employment on other cases by the size and exigency of this case.  This case moved at an expedient pace requiring quick attention and open availability from JW attorneys.

**e.      The Customary Fee for Similar Work in the Community.**

26.      The fees charged by JW compare favorably with fees charged by other counsel in similar cases in this jurisdiction.  JW sets its fees consistent with available market data for similarly sized and situated firms given the years of experience of each attorney.  In addition, JW employs associates and legal assistants on this case in lieu of a single attorney, resulting in a blended rate of $764.96 per hour.  JW's blended rate compares favorably with hourly rates charged by local practitioners.

**f.      Whether the Fees are Fixed or Contingent.**

27.      JW attorneys in this case do not charge either fixed or contingent fees.

**g.      Time Pressures Imposed by the Client or Circumstances.**

28.      The circumstances of the bankruptcy case imposed time pressures due to the need to take steps to help the Debtors' case progress at an expedient pace.

**h.      The Amount Involved and Results Obtained as a Result of the Attorney Services.**

29.      As a result of JW's services, strategy, and efficiency as co-counsel and conflicts counsel, the Debtors have made substantial progress in their bankruptcy cases.  During the Application Period, with the assistance of JW as co-counsel, working in concert with White & Case, the Debtors made a smooth transition into Chapter 11 in this Court and achieved meaningful progress with their creditors, including.

### i.     The Experience, Reputation, and Ability of the Attorneys.

30.     The JW attorneys involved in the work on behalf of the Debtors represent years of combined experience in the particular area of bankruptcy law, including representation of chapter 11 debtors such as the Debtors in these cases.  The JW attorneys bring extensive experience in bankruptcy and energy industry issues to the Debtors' bankruptcy cases and ongoing operations and have substantial experience practicing in this Court and extensive familiarity with applicable Fifth Circuit bankruptcy law necessary for the successful prosecution of the Debtors' bankruptcy cases.

### j.     The Undesirability of the Cases.

31.     Every debtor case carries some risks due to the uncertainty of payment stemming from the relatively unknown value of the debtors' principal assets and the debtor's ability to pay administrative fees and costs.  These cases presented no additional undesirable elements.

### k.     The Nature and Length of the Professional Relationship with the Client.

32.     JW's business relationship with the Debtors began on November 15, 2021, the date of the Engagement Letter between JW and the Debtors.

### l.     Awards in Similar Cases.

33.     The fees herein requested are in line with fee awards approved in similar cases, by counsel with similar sophistication and experience.

34.     In conclusion, the services provided by JW have been necessary to the administration of the Debtors' estates in the Application Period and beneficial at the time at which the services were rendered toward the successful prosecution of the Debtors' cases.  Further, JW performed the services within a reasonable amount of time commensurate with the complexity, importance, nature of the problems, issues, and tasks addressed on behalf of the Debtors' estates.

33352404v.3 146230/00003

Finally, the compensation sought is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under title 11 of the district. JW requests that the Court determine that the nature, extent, and value of these services were appropriate under the circumstances at the time the services were rendered.

WHEREFORE Jackson Walker LLP requests that this Court enter an order (a) granting approval of compensation for professional services rendered during the Second Interim Period in the amount of $187,720.00, and reimbursement of actual and necessary expenses in the amount of $3,566.43; (b) final allowance of compensation of professional services provided in the amount of $875,026.00 and reimbursement of actual and necessary expenses in the amount of $12,331.41 incurred during the Application Period; (c) authorizing the Debtors to pay the fees and expenses as requested, and (d) granting such other and further relief as is just and proper.

33352404v.3 146230/00003

Houston, Texas
July 21, 2022

/s/ *Kristhy M. Peguero*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy Peguero (TX Bar No. 24102776)
Genevieve Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
Email: kpeguero@jw.com
Email: ggraham@jw.com

***Co-Counsel for the Debtor and Debtors in Possession***

18

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 21st day of July 2022, a copy of the foregoing was served via the Court's ECF system upon all parties receiving notice through same.

/s/ *Kristhy M. Peguero*
Kristhy M. Peguero

33352404v.3 146230/00003

**<u>EXHIBIT 1</u>**

**Retention Order**

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 07, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STRIKE, LLC, *et al.*[1] | ) | Case No. 21-90054 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | (Docket No. 363) |

### ORDER AUTHORIZING THE RETENTION
### AND EMPLOYMENT OF JACKSON WALKER LLP AS CO-COUNSEL
### AND CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION

CAME ON FOR CONSIDERATION the Application to Retain Jackson Walker LLP as

Co-Counsel and Conflicts Counsel for the Debtors and Debtors-in-Possession (the "Application")

filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). The

Court, having reviewed the Application, and the supporting documents thereto, and finding that it

has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, that the Application was properly

filed and served, that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that venue is

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and based upon good and sufficient

cause appearing therefor; it is HEREBY ORDERED THAT:

1.      The Debtors are authorized to retain and employ Jackson Walker LLP ("Jackson

Walker") as co-counsel and conflicts counsel upon the terms and conditions set forth in the

Application as modified herein.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Strike, LLC (2120); Strike HoldCo, LLC (0607); Delta Directional Drilling, LLC (9896); Strike Global Holdings, LLC (4661); Capstone Infrastructure Services, LLC (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 1800 Hughes Landing Boulevard, Suite 500, The Woodlands, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

2. Jackson Walker shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. For billing purposes, Jackson Walker shall keep its time in one tenth (1/10) hour increments. Jackson Walker will use its best effort to avoid any duplication of services provided by any of the Debtors' other chapter 11 professionals in these chapter 11 cases.

3. Jackson Walker will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Jackson Walker will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

4. Jackson Walker shall not charge a markup to the Debtors with respect to fees billed by contract attorneys ("Contractors") who are hired by Jackson Walker to provide services to the Debtors, and shall ensure that any such Contractors who are attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

5. To the extent that the Application or the Cavenaugh Declaration is inconsistent with this Order, the terms of this Order shall govern.

6. Notwithstanding anything to the contrary in the Application, Jackson Walker shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of this Court.

31147717v.1

7.     Jackson Walker shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtors, U.S. Trustee, and the Official Committee of Unsecured Creditors prior to any increases in the rates set forth in the Application. The supplemental declaration shall explain the basis for the requested rate increases in accordance with 11 U.S.C. § 303(a)(3)(F) and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any hourly rate increases on all grounds, including the reasonableness standard set forth in § 303 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

8.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Signed:  February 04, 2022.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

3

31147717v.1

**EXHIBIT 2**

**Detailed Record of Fees as Co-Counsel and Conflicts Counsel**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| STRIKE, LLC, *et al.*[1] | ) Case No. 21-90054 (DRJ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

## NOTICE OF JACKSON WALKER LLP'S FIFTH MONTHLY FEE STATEMENT FOR COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL AND CONFLICTS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM APRIL 1, 2022 THROUGH APRIL 30, 2022

| | | |
|---|---|---|
| **Name of Applicant:** | Jackson Walker LLP | |
| **Applicant's Role in Case:** | Co-Counsel and Conflicts Counsel to Debtors | |
| **Date Order of Employment Signed:** | February 7, 2022 [Docket No. 661] | |
| | **Beginning of Period:** | **End of Period** |
| **Time period covered by this Statement:** | April 1, 2022 | April 30, 2022 |
| **Summary of Total Fees and Expenses Requested** | | |
| **Total fees requested in this Statement:** | $97,210.40 (80% $121,513.00) | |
| **Total expenses requested in this Statement:** | $2,617.10 | |
| **Total fees and expenses requested in this Statement (exclusive of 20% Holdback):** | $99,827.50 | |
| **Total fees and expenses referenced in this Statement (inclusive of 20% Holdback):** | $124,130.10 | |
| **Summary of Attorney Fees Requested** | | |
| **Total attorney fees requested in this Statement:** | $118,458.50 | |
| **Total actual attorney hours covered by this Statement:** | 142.5 | |
| **Average hourly rate for attorneys:** | $831.29 | |
| **Summary of Paraprofessional Fees Requested** | | |
| **Total paraprofessional fees requested in this Statement:** | $3,054.50 | |
| **Total actual paraprofessional hours covered by this Statement:** | 15.3 | |
| **Average hourly rate for paraprofessionals:** | $199.64 | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Strike, LLC (2120); STH ShellCo LLC (*f/k/a* Strike HoldCo, LLC) (0607); Delta Directional Drilling, LLC (9896); SGH ShellCo LLC (*f/k/a* Strike Global Holdings, LLC) (4661); CIS ShellCo LLC (*f/k/a* Capstone Infrastructure Services, LLC) (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 460 Wildwood Forest Dr., Suite 350, Spring, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

1

> **In accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 660], each party receiving notice of the monthly fee statement will have until 4:00 p.m. (Prevailing Central Time), 14 days after service of the monthly fee statement to object to the requested fees and expenses.  Upon the expiration of such 14-day period, the Debtors are authorized to pay the Professional an amount of 80% of the fees and 100% of the expenses requested in the applicable monthly fee statement.**

Pursuant to §§ 327, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* (the "Fee Procedures Order") [Docket No. 660], Jackson Walker LLP ("JW"), as co-counsel and conflicts counsel to the Debtors, hereby files its *Fifth Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counsel to the Debtors for the Period from April 1, 2022 through April 30, 2022* ("Monthly Fee Statement").

1.　　By this Monthly Fee Statement, and pursuant to the Fee Procedures Order, JW seeks interim payment of $97,210.40 (80% of $121,513.00) as compensation for professional services rendered to the Debtors during the period from April 1, 2022 through April 30, 2022 (the "Fee Period"); and reimbursement of actual and necessary expenses in the amount of $2,617.10, for a total of $99,827.50.

2.　　In support of the Monthly Fee Statement, JW submits a *Summary of Expenses for the Fee Period*, attached hereto as **Exhibit A**, a *Summary of Legal Fees by Category as Co-Counsel and Conflicts Counsel for the Fee Period*, attached hereto as **Exhibit B**, and a *Detailed Record of Fees as Co-Counsel for the Fee Period*, attached hereto as **Exhibit C**.

3.      Pursuant to the Fee Procedures Order, any party objecting to the payment of interim compensation and reimbursement of expenses shall, within fourteen (14) days of service of the Monthly Fee Statement, serve via email to JW, and the following Application Recipients (as defined in the Fee Procedures Order), a written notice setting forth the precise nature of the objection and the amount at issue (the "Notice of Objection") on or before 4:00 p.m. (prevailing Central Time) fourteen (14) days after service of this Monthly Fee Statement:

(a)     the Debtors, Strike, LLC, 460 Wildwood Forest Drive, Suite 350N, Spring, TX 77380;

(b)     counsel to the Debtors, White & Case, (a) 111 South Wacker Drive, Suite 5100, Chicago, IL 60606, Attn: Andrew O'Neill; (b) 609 Main Street, Suite 2900, Houston, TX 77002, Attn: Charles Koster; and (c) 555 South Flower Street, Suite 2700, Los Angeles, CA 90071, Attn: Aaron Colodny;

(c)     co-counsel for the Debtors, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas, 77010, Attn: Matthew D. Cavenaugh and Kristhy M. Peguero;

(d)     counsel for the Committee, Akin Gump Strauss Hauer & Feld LLP, Attn: Marty L. Brimmage, Jr., Lacy M. Lawrence, 2300 N. Field St., Suite 1800, Dallas, Texas 75201, and Attn: Philip C. Dublin, Meredith A. Lahaie, Gary A. Ritacco, One Bryant Park, New York, NY 10036- 6745;

(e)     counsel for AIP and the DIP Secured Parties, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166; Attn: Kristopher M. Hansen; and

(f)     the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn.: Hector Duran, Jr.; and

(g)     counsel to any statutory committee appointed in these chapter 11 cases.

4.      If a Notice of Objection is timely served pursuant to the Fee Procedures Order, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay JW an amount equal to 80% of the agreed-upon fees and 100% of the agreed-upon expenses.

5.      Although every effort has been made to include all fees and expenses incurred in the Fee Period, some fees and expenses might not be included in this Monthly Fee Statement due to delays caused by accounting and processing during the Fee Period.  JW reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent Monthly Fee Statements will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Fee Procedures Order.

Houston, Texas
July 12, 2022

/s/ *Kristhy M. Peguero*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy Peguero (TX Bar No. 24102776)
Genevieve Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
Email: kpeguero@jw.com
Email: ggraham@jw.com

***Co-Counsel for the Debtor and Debtors in Possession***

## EXHIBIT A

### SUMMARY OF EXPENSES FOR THE FEE PERIOD

| EXPENSE | TOTAL |
|---|---|
| Color Imaging Expense | $95.20 |
| Copying Expense | $30.00 |
| Parking Expense | $8.00 |
| Relativity | $292.14 |
| Relativity | $2,177.46 |
| **TOTAL** | **$2,617.10** |

# EXHIBIT B

## SUMMARY OF LEGAL FEES AND EXPENSES
## BY CATEGORY FOR THE FEE PERIOD

|  | DESCRIPTION | LEGAL FEES | EXPENSES | TOTAL |
|---|---|---|---|---|
| 110 | Case Administration | $12,615.50 |  |  |
| 115 | Reporting | $997.50 |  |  |
| 120 | Asset Analysis and Recovery | $825.00 |  |  |
| 130 | Asset Disposition | $2,625.00 |  |  |
| 140 | Relief from Stay and Adequate Protection | $8,306.00 |  |  |
| 160 | Fee/Employment Applications | $3,357.50 |  |  |
| 185 | Assumption and Rejection of Leases and Contracts | $694.50 |  |  |
| 210 | Business Operations | $864.00 |  |  |
| 310 | Claims Administration and Objections | $45,808.50 |  |  |
| 320 | Plan and Disclosure Statement | $44,839.00 |  |  |
|  | **Totals** | **$121,513.00** | **$2,617.10** | **$124,130.10** |

| | |
|---|---|
| Total Fees for Fee Period | **$121,513.00** |
| 20% Fee Holdback for Fee Period | $24,302.60 |
| **80% of Fees Amount for Fee Period** | **$97,210.40** |
| Expenses for Fee Period | $2,617.10 |
| **TOTAL REQUEST** | **$99,827.50** |

## EXHIBIT C

## DETAILED RECORD OF FEES FOR THE FEE PERIOD

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| **Case Administration:** | | | | |
| 04/05/22 | K. Peguero | 0.2 | 150.00 | Revise notice of address change. |
| 04/05/22 | G. Graham | 2.0 | 1,370.00 | Call regarding case status (.4); correspondence regarding motion to quash (.9); review motion to quash (.1); review underlying 2004 requests (.3); review prior emails related to 2004 and motion to quash (.3). |
| 04/05/22 | D. Trevino | 0.3 | 58.50 | Draft witness and exhibit list for the 4/7/2022 hearing. |
| 04/05/22 | D. Trevino | 0.4 | 78.00 | Draft notice of change of address for the debtors. |
| 04/06/22 | M. Cavenaugh | 2.1 | 1,995.00 | Review and evaluate case administration including post-filing workstreams and upcoming conference with management. |
| 04/06/22 | K. Peguero | 0.2 | 150.00 | Update notice of address change. |
| 04/07/22 | D. Trevino | 0.1 | 19.50 | Finalize for filing the notice of change of address for the debtor. |
| 04/11/22 | M. Cavenaugh | 1.9 | 1,805.00 | Review and evaluate case administration including post-filing workstreams and upcoming conference with management. |
| 04/12/22 | K. Peguero | 0.5 | 375.00 | Working group standing call with W&C and company (.5) |
| 04/13/22 | G. Graham | 2.7 | 1,849.50 | Correspondence regarding Cleveland litigation (.3); correspondence regarding admin claims objections (.4); call regarding same SPLIT UP CALL TIME--includes other tasks (2) |
| 04/14/22 | K. Peguero | 0.5 | 375.00 | Review status of outstanding orders. |
| 04/14/22 | G. Graham | 2.4 | 1,644.00 | Correspondence regarding motion to quash and 2020 K1s; correspondence regarding admin application; review same; ADD TASKS FROM EMAIL |

1

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/19/22 | K. Peguero | 0.4 | 300.00 | Working group call with G. Sniezek, W&C, and company (.2); respond to creditor inquiries (.2). |
| 04/19/22 | D. Trevino | 0.4 | 78.00 | Draft the CNO for the removal extension motion. |
| 04/20/22 | K. Peguero | 0.2 | 150.00 | Revise CNO. |
| 04/20/22 | D. Trevino | 0.3 | 58.50 | Further edits to the CNO for the removal motion (.2) Compile and finalize same for filing (.1) |
| 04/21/22 | G. Graham | 2.4 | 1,644.00 | Prepare for and attend status conference regarding Cleveland litigation; calls regarding same; correspondence regarding same; ADD TASKS FROM EMAIL. |
| 04/21/22 | K. Gradney | 0.4 | 82.00 | Attend status conference. |
| 04/26/22 | K. Peguero | 0.5 | 375.00 | Weekly call with company, Opportune, and W&C teams. |
| 04/26/22 | D. Trevino | 0.3 | 58.50 | Process documents related to the ESRP for internal review. |
| Total Case Administration | | 18.2 | $ 12,615.50 | |

**Reporting**:

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/07/22 | K. Peguero | 1.0 | 750.00 | Review draft MORs. |
| 04/08/22 | K. Peguero | 0.2 | 150.00 | Review and coordinate with D. Trevino regarding filing of MORs (.2) |
| 04/08/22 | D. Trevino | 0.5 | 97.50 | Review and prepare for filing the February operating reports. |
| Total Reporting | | 1.7 | $ 997.50 | |

**Asset Analysis and Recovery**:

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/26/22 | K. Peguero | 0.7 | 525.00 | Call with B. Dempsey regarding preservation of data for litigation purposes (.3); correspondence to C. Bankler with regarding same (.4) |
| 04/27/22 | K. Peguero | 0.4 | 300.00 | Call with C. Bankler regarding preservation of evidence for prosecution of estate causes of action (.3); correspondence to C. Bankler regarding causes of action (.1) |
| Total Asset Analysis and Recovery | | 1.1 | $ 825.00 | |

2

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| **Asset Disposition:** | | | | |
| 04/04/22 | K. Peguero | 1.7 | 1,275.00 | Analyze sale order. |
| 04/06/22 | K. Peguero | 0.9 | 675.00 | Review and analyze sale order in connection with treatment of EPL insurance (.7); correspondence to J. Martinez regarding same (.2). |
| 04/06/22 | K. Peguero | 0.9 | 675.00 | Review sale order with respect to waiver of debtors' liabilities with respect to assumed liabilities under the plan |
| Total Asset Disposition | | 3.5 | $ 2,625.00 | |
| **Relief from Stay/Adequate Protection Proceedings:** | | | | |
| 04/01/22 | D. Trevino | 0.1 | 19.50 | Review and prepare for filing the stipulation of the debtors and Dennis Berry regarding his motion for relief from stay. |
| 04/06/22 | G. Graham | 2.5 | 1,712.50 | Call regarding voting report (.2); correspondence regarding motion to quash (.6); correspondence regarding address change (.2); review motion to quash and response (.8); review for hearing on same (.4); review plan regarding same (.3). |
| 04/07/22 | K. Peguero | 0.7 | 525.00 | Attend hearing on Motion to Quash. |
| 04/07/22 | G. Graham | 3.6 | 2,466.00 | Multiple correspondence regarding motion to quash (1.4); prepare for motion to quash hearing (1.7); review plan relating to same (.2); attend hearing on same (.3). |
| 04/07/22 | D. Trevino | 0.1 | 19.50 | Review the motion to quash, calculate and docket status conference dates. |
| 04/07/22 | K. Gradney | 0.6 | 123.00 | Compile zip folder of live pleadings for hearing on Motion to Quash (.3); attend hearing (.3). |
| 04/08/22 | G. Graham | 1.2 | 822.00 | Correspondence regarding motion to quash (.4); correspondence regarding response to admin claim (.4); review and revise same (.4). |
| 04/11/22 | G. Graham | 0.3 | 205.50 | Correspondence regarding quash order. |
| 04/18/22 | K. Peguero | 0.4 | 300.00 | Review lift stay stipulation and oversee filing of same. |

3

| Date | Timekeeper | Hours | Amount | Description |
|------|------------|-------|--------|-------------|
| 04/18/22 | D. Trevino | 0.1 | 19.50 | Finalize for filing the stipulation of the Debtors and Gulf & Ship regarding relief from stay. |
| 04/19/22 | G. Graham | 0.5 | 342.50 | Correspondence regarding Cleveland litigation. |
| 04/21/22 | K. Peguero | 0.6 | 450.00 | Attend status conference on Cleveland litigation (.4); correspondence to W&C team regarding Sandy Creek matter (.2) |
| 04/21/22 | D. Trevino | 0.2 | 39.00 | Internal communications regarding hearing date on Motion to Quash. |
| 04/21/22 | D. Trevino | 0.5 | 97.50 | Process documents received regarding the Cleveland K1 and taxes. |
| 04/22/22 | G. Graham | 0.8 | 548.00 | Correspondence regarding Cleveland tax production (.4); review documents relating to same (.4). |
| 04/28/22 | G. Graham | 0.9 | 616.50 | Correspondence regarding Cleveland litigation and requests regarding same. |
| Total Relief from Stay/Adequate Protection Proceedings | | 13.1 | $ 8,306.00 | |

**Meetings of and Communications with Creditors:**

| Date | Timekeeper | Hours | Amount | Description |
|------|------------|-------|--------|-------------|
| 04/08/22 | G. Graham | 0.3 | 205.50 | Correspondence regarding Cleveland K1 and debtors' taxes. |
| 04/20/22 | K. Peguero | 0.5 | 375.00 | Address and respond to creditor inquiries. |
| Total Meetings of and Communications with Creditors | | 0.8 | $ 580.50 | |

**Fee/Employment Applications:**

| Date | Timekeeper | Hours | Amount | Description |
|------|------------|-------|--------|-------------|
| 04/04/22 | K. Peguero | 1.2 | 900.00 | Review W&C fee statement and coordinate with K. Gradney regarding filing (.4); review Opportune fee statement and correspond with W&C regarding same (.3); revise JW fee statement (.5) |
| 04/04/22 | K. Gradney | 0.4 | 82.00 | Prepare for filing White & Case February fee statement (.1); coordinate service with noticing agent (.1); update Jackson Walker February fee statement to incorporate attorney edits (.2). |

4

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/06/22 | K. Gradney | 0.2 | 41.00 | Finalize for filing Jackson Walker February fee statement. |
| 04/06/22 | K. Gradney | 0.4 | 82.00 | Prepare Jackson Walker March fee statement. |
| 04/07/22 | K. Peguero | 0.4 | 300.00 | Review revised draft of Opportune second monthly fee statement and coordinate with K. Gradney regarding filing |
| 04/07/22 | D. Trevino | 0.2 | 39.00 | Finalize for filing the second fee statement of Opportune (.1) Coordinate service (.1) |
| 04/07/22 | K. Gradney | 1.6 | 328.00 | Prepare Jackson Walker fee statement. |
| 04/11/22 | K. Gradney | 0.2 | 41.00 | Telephone conference with G Sniezek regarding fee escrow. |
| 04/12/22 | K. Peguero | 0.6 | 450.00 | Review and comment on Opportune Final Fee Application (.4); update G. Sniezek regarding fee estimates (.2) |
| 04/12/22 | K. Gradney | 0.2 | 41.00 | Prepare professional fee estimate. |
| 04/13/22 | K. Gradney | 0.3 | 61.50 | Revise Opportune fee application (.2); telephone conference with K Peguero regarding same (.1). |
| 04/21/22 | K. Peguero | 0.2 | 150.00 | Review escrow instruction letter. |
| 04/21/22 | K. Gradney | 0.4 | 82.00 | Prepare fee escrow letter for Citi (.3); circulate for review and approval (.1). |
| 04/22/22 | K. Peguero | 0.3 | 225.00 | Review and coordinate with D. Trevino regarding filing of Opportune Final Fee App (.3) |
| 04/22/22 | D. Trevino | 0.2 | 39.00 | Review and prepare for filing the final fee application of Opportune (.1) Coordinate service (.1) |
| 04/23/22 | K. Peguero | 0.3 | 225.00 | Review and comment on Opportune 3rd fee statement. |
| 04/25/22 | D. Trevino | 0.2 | 39.00 | Finalize for filing the third fee statement of Opportune (.1) Coordinate service (.1) |
| 04/26/22 | K. Gradney | 0.2 | 41.00 | Update Jackson Walker March fee statement. |
| 04/29/22 | K. Peguero | 0.2 | 150.00 | Review and coordinate with K. Gradney regarding W&C March fee statement. |
| 04/29/22 | K. Gradney | 0.2 | 41.00 | Prepare for filing W&C monthly fee statement (.1); coordinate service of same (.1). |

33026310v.2 146230/00003

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| Total Fee/Employment Applications | | 7.9 | $ 3,357.50 | |

**Assumption/Rejection of Leases and Contracts**:

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/05/22 | K. Peguero | 0.2 | 150.00 | Correspondence to V. Polnick regarding outstanding rejection orders (.2) |
| 04/06/22 | K. Peguero | 0.3 | 225.00 | Review Speed Technical stipulation and correspond with A. Colodny regarding same (.3) |
| 04/11/22 | K. Peguero | 0.4 | 300.00 | Review status of lease rejection matters and coordinate with V. Polnick regarding same (.4) |
| 04/27/22 | D. Trevino | 0.1 | 19.50 | Finalize for filing the stipulation of the debtors and AFCO. |
| Total Assumption/Rejection of Leases and Contracts | | 1.0 | $ 694.50 | |

**Business Operations**:

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/05/22 | K. Peguero | 0.9 | 675.00 | Prepare for and attend Strike working group standing call (.4); call with J. Martinez regarding EPL policy liabilities and analyze same (.5) |
| 04/14/22 | K. Peguero | 0.2 | 150.00 | Finalize and oversee filing of Bradely declaration of ordinary course professional. |
| 04/14/22 | D. Trevino | 0.2 | 39.00 | Review and prepare for filing the Supplemental Declaration of Disinterestedness of Bradley Arant Boult Cummings LLP (.1) Coordinate service (.1) |
| Total Business Operations | | 1.3 | $ 864.00 | |

**Claims Administration and Objections**:

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/01/22 | K. Peguero | 0.5 | 375.00 | Correspondence to G. Sniezek regarding exhibits (.1); correspondence to Epiq team regarding claims register and claims objections (.4) |
| 04/01/22 | K. Peguero | 5.8 | 4,350.00 | Revise first-fifth omnibus claims objections (5.8) |
| 04/01/22 | G. Graham | 1.1 | 753.50 | Correspondence regarding tax claims (.2); correspondence regarding claims and objections to same (.2); correspondence regarding sale as it pertains to the claim objections (.3); review sale order relating to tax claims (.2); correspondence regarding same (.2). |

6

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/01/22 | D. Trevino | 0.5 | 97.50 | Create comparison documents for various claim objections (.3) Coordinate getting copies to K. Peguero (.2) |
| 04/02/22 | K. Peguero | 6.1 | 4,575.00 | Revise first through fifth claims objections (3.2); further revise exhibits (2.9) |
| 04/03/22 | K. Peguero | 2.2 | 1,650.00 | Review and incorporate G. Sneizek's comments to claims objections (1.3); further revisions to reduce and reclassify objection (.8); coordinate with K. Gradney regarding claims objection notices (.1) |
| 04/03/22 | D. Trevino | 0.5 | 97.50 | Draft Notices for the 1st through 5th omnibus claim objections. |
| 04/04/22 | K. Peguero | 3.0 | 2,250.00 | Review and comment on claims objections notices (.3); correspondence to Epiq to coordinate service (.1); review revised plan language regarding postpetition trade claims (.3); correspondence to C. Koster regarding additional bases for objection (.4); review Topline Rentals admin motion (.2); further revise notices (.3); finalize and oversee filing of objections (1.2); coordinate with Epiq team regarding service (.2) |
| 04/04/22 | D. Trevino | 0.4 | 78.00 | Further edits to the notices for the 1st through 5th omnibus claim objections. |
| 04/04/22 | K. Gradney | 0.9 | 184.50 | Review and prepare first through fifth omnibus objections to claims (.7); finalize and prepare same for filing (.2). |
| 04/05/22 | K. Peguero | 0.8 | 600.00 | Discuss remaining claims matters with G. Graham (.5); respond to A. Colodny regarding status of IRS matter (.3) |
| 04/05/22 | D. Trevino | 0.5 | 97.50 | Review recently filed omnibus objection to claims and calculate and docket related deadlines. |
| 04/05/22 | D. Trevino | 0.2 | 39.00 | Review the 1st through 5th omnibus claim objections and calculate and docket related deadlines. |
| 04/06/22 | B. Dethrow | 0.3 | 319.50 | Communications with GT regarding payroll expert (.2); communications with Glenn (.1). |

7

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/06/22 | K. Peguero | 0.8 | 600.00 | Review correspondence from A. Colodny regarding Empire admin response (.3); call with G. Sniezek regarding claims reconciliation status (.3); follow up discussion with G. Graham (.2). |
| 04/07/22 | A. Yancy | 1.6 | 936.00 | Review of background documents for purposes of drafting response to Empire Administrative claim (1.1); draft response to Empire Administrative Claim (0.5) |
| 04/07/22 | D. Trevino | 0.1 | 19.50 | Finalize for filing the stipulation between Debtors and Speed Technical regarding claim. |
| 04/08/22 | K. Peguero | 1.2 | 900.00 | Review and comment on A. Yancy draft objection (.2); call with A. Colodny regarding Empire claim (.5); advise A. Muhammad regarding extension of deadline (.1); review correspondence from K. Gradney and correspond with B. Lingle regarding upcoming deadline (.4). |
| 04/08/22 | A. Yancy | 0.5 | 292.50 | Revising response to Empire Administrative Claim. |
| 04/11/22 | K. Peguero | 0.2 | 150.00 | Follow up with B. Dethrow regarding IRS matters. |
| 04/11/22 | D. Trevino | 0.1 | 19.50 | Review application of admin expense of Texas First Rentals, and calculate the deadlines and docket. |
| 04/12/22 | B. Dethrow | 0.4 | 426.00 | Communications with GT regarding next steps (.2); summarize status for report (.2). |
| 04/12/22 | K. Peguero | 0.6 | 450.00 | Advise A. Colodny regarding additional claims objections (.4); correspondence to B. Dethrow regarding IRS matters (.2) |
| 04/13/22 | K. Peguero | 0.3 | 225.00 | Discuss claims objections with G. Graham (.3) |
| 04/13/22 | K. Peguero | 1.2 | 900.00 | Call with B. Dethrow regarding IRS and other tax claims (.5); discuss same internally (.5); call with C. Koster regarding IRS (.2) |
| 04/13/22 | G. Graham | 1.0 | 685.00 | Call regarding case status and claims objections (.5); correspondence regarding objections (.4); review prior correspondence regarding same (.1). |

8

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/14/22 | B. Dethrow | 1.6 | 1,704.00 | Prepare for and call with GT on payroll tax (.5); call with GT regarding payroll tax (.4); line up NM issues on payroll/WHT issue and attention to same (.5); analysis of proper "signers" for 2848 (.2). |
| 04/14/22 | K. Peguero | 1.2 | 900.00 | Call with C. Koster regarding claims analysis (.7); discuss pending admin motions with G. Graham (.3); correspondence to B. Dethrow regarding IRS matter (.2) |
| 04/14/22 | D. Trevino | 0.1 | 19.50 | Review and circulate to G. Graham the deadline for the Top Line Rental administrative expense claim. |
| 04/15/22 | K. Peguero | 0.4 | 300.00 | Review filing versions of TRF and Emplire admin claim responses and coordinate with K. Gradney and D. Trevino regarding filing of same. |
| 04/15/22 | G. Graham | 0.6 | 411.00 | Review Top Line Rental admin claim (.2); correspondence regarding same (.4). |
| 04/15/22 | K. Gradney | 0.2 | 41.00 | Prepare for filing objections to various administrative claims. |
| 04/18/22 | G. Graham | 0.5 | 342.50 | Draft response to Top Rental admin claim (.1); review claim regarding same (.2); review prior responses to admin claims regarding same (.2). |
| 04/19/22 | B. Dethrow | 0.6 | 639.00 | Prepare for call on IRS ESRP and analysis of same (.3); brief overview of materials sent by Glenn (.3). |
| 04/19/22 | G. Graham | 0.4 | 274.00 | Correspondence regarding Top Line Rental administrative claim |
| 04/19/22 | G. Graham | 0.3 | 205.50 | Correspondence regarding response to Top Line Rental admin claim (.3). |
| 04/21/22 | M. Cavenaugh | 1.8 | 1,710.00 | Correspond with W&C team re work in process and next steps (.8); prepare for and attend telephone conference with W&C and JW team re work in process, priority workstreams, and next steps (.7); review and analyze materials re same (.3). |

9

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/21/22 | B. Dethrow | 0.7 | 745.50 | Consider new tax documents transmitted by Glenn on IRS claim. |
| 04/21/22 | R. Kerridge | 0.4 | 430.00 | Reviewing IRS notice re 2018 ESRP (.3); email correspondence with B. Dethrow (.1). |
| 04/21/22 | K. Peguero | 0.5 | 375.00 | Analyze remaining administrative claims. |
| 04/22/22 | B. Dethrow | 2.1 | 2,236.50 | Review of new IRS claim (.4); consider next steps (.3); call G. Sniezek relating thereto (.5); analysis of additional IRS filing information (.4); summarize issues to team (.3); revise 2848 (.2) |
| 04/22/22 | R. Kerridge | 0.9 | 967.50 | Reviewing additional documents re ESRP (.2); telephone conference with B. Dethrow (.2); telephone conference with G. Sniezek and B. Dethrow re 2018 ESRP (.5). |
| 04/22/22 | K. Peguero | 0.5 | 375.00 | Correspondence and calls with B. Dethrow regarding IRS matters (.5) |
| 04/24/22 | R. Kerridge | 1.4 | 1,505.00 | Reviewing documents re proposed section 4980H penalty for 2018 (.3); research and analysis re same (1.1). |
| 04/25/22 | B. Dethrow | 1.7 | 1,810.50 | Prepare for and call with Glenn and team with regard to tax claims (.6); analysis of tax POAs (.3); analysis of state claims (.3); consider forcing IRS appeals issue into bankruptcy hearing (.5). |
| 04/25/22 | R. Kerridge | 1.6 | 1,720.00 | Telephone conference with B. Dethrow re IRS position and Strike's response (0.3); reviewing documents re section 4980H penalty (0.7); conference call with Strike representatives and counsel re proposed section 4980H penalty and next steps (0.4); follow-up call with counsel (0.2). |
| 04/25/22 | S. Moore | 0.2 | 195.00 | Communications and work with B. Dethrow on new $2.7M franchise tax claim filed by Texas Comptroller and provide Texas Comptroller Power of Attorney Form. |

33026310v.2 146230/00003

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/25/22 | K. Peguero | 1.8 | 1,350.00 | Call with Strike and G. Sniezek and B. Dethrow regarding IRS claims and follow up call with A. Colodny (1.3); review correspondence from A. Colodny regarding outstanding priority matters (.3); correspondence to B. Lingle regarding Top Line (.2) |
| 04/25/22 | G. Graham | 1.4 | 959.00 | Correspondence regarding 2020 tax documents (.2); call regarding IRS claim (1.2); |
| 04/26/22 | B. Dethrow | 0.4 | 426.00 | Consider unemployment insurance issue and referral and implications. |
| 04/26/22 | K. Peguero | 0.6 | 450.00 | Review draft Top Line stipulation and analyze effect on pending claims objection (.3); correspondence to B. Dethrow regarding insurance claim (.1); review stipulation regarding AFCO policies and correspond with C. Koster regarding same (.2) |
| 04/26/22 | G. Graham | 0.2 | 137.00 | Correspondence regarding claims objections. |
| 04/27/22 | B. Dethrow | 0.4 | 426.00 | Work on POAs, state and federal, to challenge administratively the tax claims and analyze issues relating thereto. |
| 04/27/22 | R. Kerridge | 0.1 | 107.50 | Email correspondence with A. Colodny re status. |
| 04/27/22 | K. Peguero | 0.8 | 600.00 | Follow up with B. Dethrow & R. Kerridge regarding tax matters (.2); correspond with A. Colodny regarding claims withdrawal form (.1); finalize and oversee filing of AFCO stipulation (.2); review and revise Top Line stipulation (.3) |
| 04/28/22 | C. Bankler | 1.2 | 894.00 | Analysis of potential claims reservation issues to draft reservation statement. |
| 04/28/22 | R. Kerridge | 0.2 | 215.00 | Telephone conference with R. Hunn and C. Dugan (Norton Rose) re ESRP matter. |
| 04/28/22 | D. Trevino | 0.1 | 19.50 | Review and prepare for filing the stipulation of the debtors and Top Line regarding the administrative claim application and objection. |

11

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/29/22 | M. Cavenaugh | 1.8 | 1,710.00 | Correspond with W&C team re work in process and next steps (.8); prepare for and attend telephone conference with W&C and JW team re work in process, priority workstreams, and next steps (.7); review and analyze materials re same (.3). |
| 04/29/22 | R. Kerridge | 0.5 | 537.50 | Reviewing response to IRS re 2018 ESRP (.3); telephone conference with R. Hunn re same (.2) |
| Total Claims Administration and Objections | | 58.0 | $ 45,808.50 | |

**Plan and Disclosure Statement (including Business Plan):**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/01/22 | M. Cavenaugh | 1.8 | 1,710.00 | Correspond with W&C team re work in process and next steps (.8); prepare for and attend telephone conference with W&C and JW team re work in process, priority workstreams, and next steps (.7); review and analyze materials re same (.3). |
| 04/01/22 | K. Peguero | 0.2 | 150.00 | Coordinate with D. Trevino regarding W/E list for upcoming confirmation hearing. |
| 04/01/22 | D. Trevino | 0.5 | 97.50 | Communication with W&C team regarding the witness and exhibit list for the confirmation hearing (.1) Compile exhibits and prepare same for filing (.4) |
| 04/02/22 | K. Peguero | 0.3 | 225.00 | Review UST comments to DS/Plan. |
| 04/04/22 | M. Cavenaugh | 6.8 | 6,460.00 | Assist in preparation of key litigation pleadings in connection with confirmation strategy. |

12

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 04/04/22 | K. Peguero | 2.9 | 2,175.00 | Review UST language with respect to conversion and confer with G. Graham (.4); correspondence to C. Koster regarding same (.2); analyze plan language with respect to assets vesting in liquidating trust (.5); correspond with internally regarding same (.4); correspondence to H. Duran regarding comments (.1); call with H. Duran and C. Koster regarding UST comments (.5); analyze UCC response and concerns regarding revesting language (.1); advise N. Abbatista regarding revisions to ballots and notices (.2); finalize revised proposed solicitation order and coordinate with K. Gradney regarding filing of same (.5) |
| 04/04/22 | G. Graham | 1.2 | 822.00 | Correspondence regarding DS/Plan (.4); review liquidating plans regarding same (.4); correspondence regarding motion to quash (.4). |
| 04/04/22 | K. Gradney | 0.5 | 102.50 | Review and compile for filing proposed order conditionally approving disclosure statement and related deadlines for solicitation. |
| 04/05/22 | M. Cavenaugh | 4.2 | 3,990.00 | Assist in preparation of key litigation pleadings in connection with confirmation strategy. |
| 04/05/22 | K. Peguero | 0.8 | 600.00 | Coordinate with K. Gradney regarding filing of DS/Plan (.2); prepare for and attend DS hearing (.6) |
| 04/05/22 | D. Trevino | 0.4 | 78.00 | Review the order conditionally approving the DS (.1) and calculate and docket deadlines (.3). |
| 04/05/22 | K. Gradney | 0.4 | 82.00 | Review and prepare for filing revised proposed plan and redline (.2); attend hearing on conditional approval of disclosure statement (.2). |
| 04/06/22 | K. Peguero | 0.2 | 150.00 | Advise N. Abbattista regarding DS/Plan (.2) |
| 04/07/22 | M. Cavenaugh | 5.3 | 5,035.00 | Assist in preparation of key litigation strategy in connection with plan confirmation. |
| 04/07/22 | K. Peguero | 0.7 | 525.00 | Review plan classing reports. |

13

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| STRIKE, LLC, *et al.*[1] | ) Case No. 21-90054 (DRJ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**NOTICE OF JACKSON WALKER LLP'S SIXTH MONTHLY FEE STATEMENT FOR COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL AND CONFLICTS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM MAY 1, 2022 THROUGH MAY 17, 2022**

| | | |
|---|---|---|
| **Name of Applicant:** | Jackson Walker LLP | |
| **Applicant's Role in Case:** | Co-Counsel and Conflicts Counsel to Debtors | |
| **Date Order of Employment Signed:** | February 7, 2022 [Docket No. 661] | |
| | **Beginning of Period:** | **End of Period** |
| **Time period covered by this Statement:** | May 1, 2022 | May 17, 2022 |
| **Summary of Total Fees and Expenses Requested** | | |
| **Total fees requested in this Statement:** | $52,965.60 (80% of $66,207.00) | |
| **Total expenses requested in this Statement:** | $949.33 | |
| **Total fees and expenses requested in this Statement (exclusive of 20% Holdback):** | $53,914.93 | |
| **Total fees and expenses referenced in this Statement (inclusive of 20% Holdback):** | $67,156.33 | |
| **Summary of Attorney Fees Requested** | | |
| **Total attorney fees requested in this Statement:** | $64,543.00 | |
| **Total actual attorney hours covered by this Statement:** | 79.6 | |
| **Average hourly rate for attorneys:** | $810.84 | |
| **Summary of Paraprofessional Fees Requested** | | |
| **Total paraprofessional fees requested in this Statement:** | $1,664.00 | |
| **Total actual paraprofessional hours covered by this Statement:** | 8.0 | |
| **Average hourly rate for paraprofessionals:** | $208.00 | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Strike, LLC (2120); STH ShellCo LLC (*f/k/a* Strike HoldCo, LLC) (0607); Delta Directional Drilling, LLC (9896); SGH ShellCo LLC (*f/k/a* Strike Global Holdings, LLC) (4661); CIS ShellCo LLC (*f/k/a* Capstone Infrastructure Services, LLC) (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 460 Wildwood Forest Dr., Suite 350, Spring, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

> **In accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 660], each party receiving notice of the monthly fee statement will have until 4:00 p.m. (Prevailing Central Time), 14 days after service of the monthly fee statement to object to the requested fees and expenses. Upon the expiration of such 14-day period, the Debtors are authorized to pay the Professional an amount of 80% of the fees and 100% of the expenses requested in the applicable monthly fee statement.**

Pursuant to §§ 327, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* (the "Fee Procedures Order") [Docket No. 660], Jackson Walker LLP ("JW"), as co-counsel and conflicts counsel to the Debtors, hereby files its *Sixth Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counsel to the Debtors for the Period from May 1, 2022 through May 17, 2022* ("Monthly Fee Statement").

1.      By this Monthly Fee Statement, and pursuant to the Fee Procedures Order, JW seeks interim payment of $52,965.60 (80% of $66,207.00) as compensation for professional services rendered to the Debtors during the period from May 1, 2022 through May 17, 2022 (the "Fee Period"); and reimbursement of actual and necessary expenses in the amount of $949.33, for a total of $53,914.93.

2.      In support of the Monthly Fee Statement, JW submits a *Summary of Expenses for the Fee Period*, attached hereto as **Exhibit A**, a *Summary of Legal Fees by Category as Co-Counsel and Conflicts Counsel for the Fee Period*, attached hereto as **Exhibit B,** and a *Detailed Record of Fees as Co-Counsel for the Fee Period*, attached hereto as **Exhibit C**.

3.      Pursuant to the Fee Procedures Order, any party objecting to the payment of interim compensation and reimbursement of expenses shall, within fourteen (14) days of service of the Monthly Fee Statement, serve via email to JW, and the following Application Recipients (as defined in the Fee Procedures Order), a written notice setting forth the precise nature of the objection and the amount at issue (the "Notice of Objection") on or before 4:00 p.m. (prevailing Central Time) fourteen (14) days after service of this Monthly Fee Statement:

(a)      the Debtors, Strike, LLC, 460 Wildwood Forest Drive, Suite 350N, Spring, TX 77380;

(b)      counsel to the Debtors, White & Case, (a) 111 South Wacker Drive, Suite 5100, Chicago, IL 60606, Attn: Andrew O'Neill; (b) 609 Main Street, Suite 2900, Houston, TX 77002, Attn: Charles Koster; and (c) 555 South Flower Street, Suite 2700, Los Angeles, CA 90071, Attn: Aaron Colodny;

(c)      co-counsel for the Debtors, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas, 77010, Attn: Matthew D. Cavenaugh and Kristhy M. Peguero;

(d)      counsel for the Committee, Akin Gump Strauss Hauer & Feld LLP, Attn: Marty L. Brimmage, Jr., Lacy M. Lawrence, 2300 N. Field St., Suite 1800, Dallas, Texas 75201, and Attn: Philip C. Dublin, Meredith A. Lahaie, Gary A. Ritacco, One Bryant Park, New York, NY 10036- 6745;

(e)      counsel for AIP and the DIP Secured Parties, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166; Attn: Kristopher M. Hansen; and

(f)      the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn.: Hector Duran, Jr.; and

(g)      counsel to any statutory committee appointed in these chapter 11 cases.

4.      If a Notice of Objection is timely served pursuant to the Fee Procedures Order, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay JW an amount equal to 80% of the agreed-upon fees and 100% of the agreed-upon expenses.

5.     Although every effort has been made to include all fees and expenses incurred in the Fee Period, some fees and expenses might not be included in this Monthly Fee Statement due to delays caused by accounting and processing during the Fee Period.  JW reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent Monthly Fee Statements will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Fee Procedures Order.

Houston, Texas
July 12, 2022

/s/ *Kristhy M. Peguero*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy Peguero (TX Bar No. 24102776)
Genevieve Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
Email: kpeguero@jw.com
Email: ggraham@jw.com

***Co-Counsel for the Debtor and Debtors in Possession***

## EXHIBIT A

### SUMMARY OF EXPENSES FOR THE FEE PERIOD

| EXPENSE | TOTAL |
|---|---|
| Airfare | $417.20 |
| Coping Expense | $48.60 |
| Delivery Fees | $22.57 |
| Hotel | $372.06 |
| Research Services | $2.70 |
| Taxi Expense | $49.90 |
| Hearing Transcript | $36.30 |
| **TOTAL** | **$949.33** |

## EXHIBIT B

### SUMMARY OF LEGAL FEES AND EXPENSES
### BY CATEGORY FOR THE FEE PERIOD

|     | DESCRIPTION | LEGAL FEES | EXPENSES | TOTAL |
|-----|-------------|------------|----------|-------|
| 110 | Case Administration | $2,347.00 | | |
| 115 | Reporting | $886.50 | | |
| 120 | Asset Analysis and Recovery | $1,200.00 | | |
| 140 | Relief from Stay and Adequate Protection | $2,671.00 | | |
| 150 | Meetings and Communications with Creditors | $225.00 | | |
| 160 | Fee/Employment Applications | $2,707.50 | | |
| 185 | Assumption and Rejection of Leases and Contracts | $600.00 | | |
| 210 | Business Operations | $170.50 | | |
| 310 | Claims Administration and Objections | $31,028.50 | | |
| 320 | Plan and Disclosure Statement | $24,371.00 | | |
|     | **Totals** | **$66,207.00** | **$949.33** | **$67,156.33** |

| | |
|---|---|
| Total Fees for Fee Period | **$66,207.00** |
| 20% Fee Holdback for Fee Period | $13,241.40 |
| **80% of Fees Amount for Fee Period** | **$52,965.60** |
| Expenses for Fee Period | $949.33 |
| **TOTAL REQUEST** | **$53,914.93** |

## EXHIBIT C

### DETAILED RECORD OF FEES FOR THE FEE PERIOD

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| **Case Administration**: | | | | |
| 05/03/22 | K. Peguero | 0.4 | 300.00 | Attend working group call with company, W&C, and Opportune. |
| 05/04/22 | K. Gradney | 0.2 | 41.00 | Review court docket and recently filed pleadings and calculate and docket related deadlines. |
| 05/04/22 | K. Gradney | 0.1 | 20.50 | Attend status conference. |
| 05/09/22 | K. Gradney | 0.2 | 41.00 | Process documents received for attorney review. |
| 05/10/22 | K. Peguero | 0.7 | 525.00 | Attend working group call with company, W&C, and Opportune teams. |
| 05/11/22 | M. Cavenaugh | 1.3 | 1,235.00 | Correspond with WC team re initial PCR report (.4); correspond with advisor teams re exhibit and witness lists (.4); prepare for and attend conference with JW team re diligence issues (.5). |
| 05/13/22 | K. Gradney | 0.1 | 20.50 | Email correspondence regarding witness and exhibit list. |
| 05/13/22 | K. Gradney | 0.6 | 123.00 | Prepare exhibits for witness and exhibit list and finalize same for filing. |
| 05/17/22 | K. Gradney | 0.2 | 41.00 | Coordinate hearing appearances (.1); coordinate hearing transcript (.1). |
| Total Case Administration | | 3.8 | $ 2,347.00 | |
| **Reporting**: | | | | |
| 05/06/22 | K. Peguero | 0.3 | 225.00 | Coordinate with K. Gradney regarding filing of UST fees. |
| 05/06/22 | K. Gradney | 0.3 | 61.50 | Finalize for filing monthly operating reports for all debtors. |
| 05/09/22 | K. Peguero | 0.6 | 450.00 | Correspondence to G. Sniezek regarding UST fees (.4); correspondence to C. Waxton regarding UST fees (.2) |
| 05/12/22 | K. Peguero | 0.2 | 150.00 | Correspondence to G. Sniezek regarding UST inquiry regarding UST fee calculation. |

1

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| Total Reporting | | 1.4 | $ 886.50 | |

**Asset Analysis and Recovery:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/05/22 | K. Peguero | 0.3 | 225.00 | Call with O. Alaniz regarding Pate request for K-1 financials. |
| 05/06/22 | K. Peguero | 0.3 | 225.00 | Correspondence to W&C and JW teams regarding Pate request for K-1 financial information. |
| 05/07/22 | K. Peguero | 0.2 | 150.00 | Correspond with M. Sampson regarding E. Lee non-compete matters. |
| 05/09/22 | K. Peguero | 0.4 | 300.00 | Analyze non-complete issues. |
| 05/10/22 | K. Peguero | 0.4 | 300.00 | Discuss Lee non-compete matters with M. Sampson. |
| Total Asset Analysis and Recovery | | 1.6 | $ 1,200.00 | |

**Relief from Stay/Adequate Protection Proceedings:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/02/22 | G. Graham | 0.4 | 274.00 | Correspondence regarding motion for relief from stay. |
| 05/04/22 | K. Peguero | 0.4 | 300.00 | Call with J. Martinez regarding insurance claims (.3); correspondence to C. Koster regarding insurance matters (.1) |
| 05/04/22 | G. Graham | 1.2 | 822.00 | Prepare for and attend status conference on motion to quash (.8); correspondence regarding same (.4). |
| 05/05/22 | K. Peguero | 0.3 | 225.00 | Review and comment on Sechrest lift stay stipulation. |
| 05/09/22 | K. Peguero | 0.7 | 525.00 | Analyze FVL issue and review claim (.5); correspondence to J. Martinez regarding proposed suit for indemnification (.2) |
| 05/10/22 | K. Peguero | 0.5 | 375.00 | Review, finalize and oversee filing of Taproot stipulation (.3); correspondence to Z. Dickens with comments on additional stipulation (.2). |
| 05/12/22 | K. Peguero | 0.2 | 150.00 | Correspond with O. Alaniz regarding Pate request and review status of same (.2) |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| Total Relief from Stay/Adequate Protection Proceedings | | 3.7 | $ 2,671.00 | |

**Meetings of and Communications with Creditors**:

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/02/22 | K. Peguero | 0.3 | 225.00 | Respond to creditor inquiries. |
| Total Meetings of and Communications with Creditors | | 0.3 | $ 225.00 | |

**Fee/Employment Applications**:

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/03/22 | K. Gradney | 0.5 | 102.50 | Finalize Jackson Walker March fee statement for attorney review and approval. |
| 05/04/22 | K. Gradney | 0.1 | 20.50 | Email correspondence with K Peguero regarding March fee statement. |
| 05/09/22 | K. Peguero | 0.4 | 300.00 | Review and comment on Opportune Fourth Monthly Fee Statement. |
| 05/09/22 | K. Peguero | 1.1 | 825.00 | Review JW Fourth Monthly Fee Statement and approve for filing. |
| 05/09/22 | K. Gradney | 0.2 | 41.00 | Finalize for filing March fee statement. |
| 05/10/22 | K. Peguero | 0.1 | 75.00 | Finalize and oversee filing of Opportune fee statement. |
| 05/10/22 | K. Gradney | 0.1 | 20.50 | Review Opportune fee statement for local rule compliance and prepare same for filing. |
| 05/16/22 | K. Peguero | 1.2 | 900.00 | Advise G. Laswell regarding Opportune fee application and coordinate with K. Gradney regarding same (.2); review W&C first interim fee application and fee order (1.0) |
| 05/16/22 | K. Gradney | 0.6 | 123.00 | Prepare first interim fee application for attorney review and approval. |
| 05/17/22 | K. Peguero | 0.4 | 300.00 | Revise JW First Interim Fee App. |
| Total Fee/Employment Applications | | 4.7 | $ 2,707.50 | |

**Assumption/Rejection of Leases and Contracts**:

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/03/22 | K. Peguero | 0.4 | 300.00 | Analyze abandoned property issue and correspond with G. Warren regarding same (.4) |

3

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/13/22 | K. Peguero | 0.4 | 300.00 | Provide comments on supplemental notice of assumption. |
| Total Assumption/Rejection of Leases and Contracts | | 0.8 | $ 600.00 | |
| **Business Operations:** | | | | |
| 05/10/22 | K. Peguero | 0.2 | 150.00 | Review and oversee filing of Grant Thornton ordinary course professional declaration. |
| 05/10/22 | K. Gradney | 0.1 | 20.50 | Prepare for filing declaration of ordinary course professional. |
| Total Business Operations | | 0.3 | $ 170.50 | |
| **Claims Administration and Objections:** | | | | |
| 05/01/22 | B. Dethrow | 0.4 | 426.00 | Check POA issues. |
| 05/01/22 | B. Dethrow | 0.4 | 426.00 | Work on New Mexico claim issues (0.2); consider POAs for various federal and state claims (0.2). |
| 05/02/22 | B. Dethrow | 0.5 | 532.50 | Call M Swantner re New Mexico tax claim (0.3); follow up relating thereto (0.2). |
| 05/02/22 | R. Kerridge | 0.2 | 215.00 | Telephone conference with B. Dethrow re conversation with R. Hunn and plan for protest. |
| 05/03/22 | B. Dethrow | 1.2 | 1,278.00 | Analyze Strike TX issues and outline for group (0.5); analyze Strike New Mexico issues and summarize for group (0.4); consider MD issues (0.3). |
| 05/03/22 | C. Bankler | 0.3 | 223.50 | Telephone conference with T. Horton regarding investigation. |
| 05/03/22 | S. Moore | 0.4 | 390.00 | Phone conference and work with B. Dethrow on TWC claim in Strike bankruptcy and strategy to understand nature and scope of claim. |
| 05/03/22 | K. Peguero | 0.5 | 375.00 | Correspond with B. Dethrow regarding tax issues (.3); advise B. Lingle regarding Empire claim (.1); review correspondence from PADOR and correspond with B. Dethrow (.1) |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/04/22 | B. Dethrow | 1.5 | 1,597.50 | Review Strike IRS appeals protest and comment on same and consider others' comments and Fulbright's background info (0.7); consider MD claim (0.2); consider MI claims and personal liability potential for prior owners (0.2); review and analyze Sniezek summary of many state claims (0.4). |
| 05/04/22 | R. Kerridge | 3.3 | 3,547.50 | Reviewing IRS communications and Strike response (0.9); analysis re ESRP issues (0.5); preparing draft appeals protest (1.6); email correspondence with A. Colodny (0.2); email circulating draft appeals protest (0.1). |
| 05/04/22 | S. Moore | 0.4 | 390.00 | Phone conference and work with B. Dethrow on Strike TWC claim and strategy to understand background and meeting with J. Wertz on protocols for communications to AG then TWC legal counsel. |
| 05/04/22 | K. Peguero | 0.3 | 225.00 | Analyze status of tax matters. |
| 05/04/22 | J. Wertz | 0.6 | 417.00 | Provide bankruptcy related advice to S. Moore concerning analysis and approach to Texas Workforce Commission proofs of claim (.4); correspond with Epiq concerning claims (.2) |
| 05/05/22 | R. Kerridge | 0.2 | 215.00 | Email correspondence with Strike team re review of draft appeals protest and IRS power of attorney. |
| 05/05/22 | S. Moore | 0.2 | 195.00 | Review Goliad property tax claim issue and provide advisory response on same regarding equipment situs on January 1 of each year. |
| 05/06/22 | S. Moore | 0.2 | 195.00 | Legal analysis and work on TWC claim delineation and clarification. |
| 05/06/22 | J. Wertz | 0.5 | 347.50 | Correspondence with S. Moore concerning Texas Workforce Commission claims. |
| 05/07/22 | K. Peguero | 0.2 | 150.00 | Correspondence to W&C and JW teams regarding Pates K-1. |
| 05/09/22 | B. Dethrow | 0.2 | 213.00 | Consider TX TWC claims. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/09/22 | R. Kerridge | 0.5 | 537.50 | Telephone conference with Strike team re protest (0.3); email correspondence with H. Jacobson, A. O'Neill, and A. Colodny re appeals protest (0.2). |
| 05/09/22 | S. Moore | 0.7 | 682.50 | Review Texas Workforce Commission claims (.1); phone conference with Texas AG counsel, C. Searcy on origination and theory of claims (.3); follow up phone call on same and relay information to Strike working group (.3). |
| 05/09/22 | K. Peguero | 1.7 | 1,275.00 | Review docket and email correspondence relating to first through fifth omnibus claims objections (.4); coordinate with K. Gradney regarding W/E list (.1); review and revise draft W/E list (.2); correspondence to M. Cavenaugh regarding claims responses (.1); correspondence to G. Sniezek regarding hearing prep (.2); correspondence to G. Sniezek regarding revisions to exhibits (.4); revise draft CNOs (.3) |
| 05/09/22 | K. Gradney | 0.7 | 143.50 | Prepare witness and exhibit list for upcoming hearing on claim objections (.4); finalize same for filing and service (.3). |
| 05/09/22 | K. Gradney | 0.4 | 82.00 | Draft certificate of no objection regarding first through fourth omnibus objection (.2); draft certificate of counsel for fifth omnibus objection (.1); prepare exhibits and finalize for filing (.1). |
| 05/10/22 | B. Dethrow | 0.4 | 426.00 | Review NM proofs of claim and consider same. |
| 05/10/22 | R. Kerridge | 1.6 | 1,720.00 | Telephone conference with H. Jacobson (Akin) re IRS claim and appeals protest (0.5); reviewing proposed changes to draft appeals protest (0.3); telephone conference with Strike and W&C re appeals protest (0.3); email correspondence with D. Deferrari (0.2); telephone conference with D. Deferrari (0.1); finalizing appeals protest (0.2). |
| 05/10/22 | K. Peguero | 1.7 | 1,275.00 | Call with G. Sniezek to prepare for claims objection hearing (.5); review and revise draft CNO and COC (.7); research regarding Goliad matter (.3); coordinate with V. Polnick regarding CNOs (.2) |

6

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/10/22 | M. Swantner | 1.5 | 952.50 | Analysis of claims from New Mexico Taxation and Revenue Department. |
| 05/10/22 | C. Edwards | 0.3 | 85.50 | Coordinate copies of proofs of claims filed by Strike, LLC and Crossfire, LLC. |
| 05/10/22 | K. Gradney | 1.2 | 246.00 | Review email for objections received for the first through fifth omnibus objections (.5); prepare orders for certificate of no objection (.5); update orders with new debtor address (.2). |
| 05/11/22 | R. Kerridge | 0.1 | 107.50 | Email correspondence with A. O'Neill re filing of appeals protest. |
| 05/11/22 | K. Peguero | 1.2 | 900.00 | Revise agenda (.2); prepare for and attend hearing on omnibus claims objections (1.0) |
| 05/11/22 | G. Graham | 0.3 | 205.50 | Review email correspondence regarding omnibus objection responses (.1); correspondence regarding same (.2). |
| 05/11/22 | A. Withers | 0.4 | 238.00 | Analysis and review of Proofs of Claim filed by the New Mexico Taxation and Revenue Department. |
| 05/11/22 | K. Gradney | 0.1 | 20.50 | Draft agenda for hearing on omnibus claim objections. |
| 05/12/22 | B. Dethrow | 2.0 | 2,130.00 | Gather results and summarize NM, TX and IRS results for group (1.4); prep for and call with Strike group in tax claims (0.6). |
| 05/12/22 | K. Peguero | 0.5 | 375.00 | Call with JW tax team regarding status of tax claims (.3); review summary prepared by B. Dethrow (.2) |
| 05/13/22 | B. Dethrow | 1.1 | 1,171.50 | Analyze Texas tax issues (0.4); call S Moore (0.2); call with H. Jacobson (Akin) re: state tax issues and claims (0.5). |
| 05/13/22 | S. Moore | 0.3 | 292.50 | Phone conference with B. Dethrow and H. Jacobson on state tax claims pending in Strike bankruptcy. |
| 05/15/22 | K. Peguero | 5.4 | 4,050.00 | Draft Goliad objection (3.9); correspond with G. Sniezek regarding declaration (.2); review transcripts (.5); revise Goliad objection (.8) |

| Date | Timekeeper | Hours | Amount | Description |
|------|------------|-------|--------|-------------|
| 05/16/22 | S. Moore | 1.3 | 1,267.50 | Review Goliad County property tax objections on client's statements as to 2016 location of assets (.7) phone conference with K. Peguero on same (.6). |
| 05/16/22 | K. Peguero | 1.9 | 1,425.00 | Review state court docket report (.2); revise objection to incorporate G. Sniezek's comments (.2); review additional asset reports and confer with S. Moore regarding same (.6); revise objection based on discussion with S. Moore (.4); incorporate G. Sniezek's additional comments (.2); finalize and oversee filing of same (.3) |
| 05/16/22 | K. Gradney | 0.3 | 61.50 | Finalize for filing objection to Goliad ISD claim. |
| Total Claims Administration and Objections | | 37.1 | $ 31,028.50 | |

**Plan and Disclosure Statement (including Business Plan):**

| Date | Timekeeper | Hours | Amount | Description |
|------|------------|-------|--------|-------------|
| 05/01/22 | K. Peguero | 0.2 | 150.00 | Review W&C's revised draft of retained causes of action. |
| 05/02/22 | K. Peguero | 1.1 | 825.00 | Coordinate with N. Abbattista regarding retained causes of action and oversee filing of same (1.1) |
| 05/02/22 | K. Gradney | 0.2 | 41.00 | Finalize for filing plan supplement. |
| 05/03/22 | C. Bankler | 1.5 | 1,117.50 | Plan and prepare issues related to investigation for plan confirmation. |
| 05/04/22 | K. Peguero | 0.1 | 75.00 | Review voting report. |
| 05/06/22 | C. Bankler | 2.2 | 1,639.00 | Analysis of investigation issues to prepare evidence for plan confirmation hearing. |
| 05/09/22 | C. Bankler | 1.5 | 1,117.50 | Prepare outline of key issues for declaration relating to investigation in support of plan confirmation. |
| 05/09/22 | K. Peguero | 2.4 | 1,800.00 | Review voting report (.2); review and comment on confirmation order (2.2) |
| 05/10/22 | K. Peguero | 0.2 | 150.00 | Correspondence to N. Abbattista regarding confirmation brief (.1); advise N. Abbattista regarding reclassification orders (.1) |

8

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/11/22 | C. Bankler | 2.5 | 1,862.50 | Analysis of Fifth Circuit case law to prepare investigation evidence in support of plan confirmation. |
| 05/11/22 | K. Peguero | 1.7 | 1,275.00 | Call with C. Bankler (.2); research regarding independent board member declaration (1.5) |
| 05/12/22 | C. Bankler | 1.7 | 1,266.50 | Analysis of release, investigation, and related issues in conjunction with plan confirmation. |
| 05/12/22 | C. Bankler | 2.8 | 2,086.00 | Draft and revise Horton declaration. |
| 05/12/22 | K. Peguero | 3.5 | 2,625.00 | Review voting report (.3); review and analyze outline of declaration (.4); research regarding declaration in support of investigation (1.1); analyze and comment on proposed declaration in support of feasibility (1.2); review Bankler draft of Horton declaration (.3); coordinate with G. Graham regarding w/e list and agenda (.2) |
| 05/13/22 | C. Bankler | 1.3 | 968.50 | Analysis of release and exculpation issues for plan confirmation. |
| 05/13/22 | K. Peguero | 1.8 | 1,350.00 | Coordinate with G. Graham &  K. Gradney regarding agenda and w/e list (.3); review drafts of same (.2); correspondence to B. Lingle regarding same (.2); review revised versions and oversee filing of same (.2); correspondence to E. Young regarding appearance at hearing (.1); advise C. Koster regarding plan preparation (.3); review Horton declaration (.5) |
| 05/13/22 | G. Graham | 0.8 | 548.00 | Correspondence regarding confirmation agenda and e/w list (.4); review docket regarding same (.2); draft same and circulate (.2). |
| 05/13/22 | K. Gradney | 0.1 | 20.50 | Prepare for filing E Young voting declaration. |
| 05/14/22 | C. Bankler | 1.6 | 1,192.00 | Prepare for and participate in conference with co-counsel and T. Horton regarding confirmation hearing. |
| 05/15/22 | K. Peguero | 1.4 | 1,050.00 | Review revised confirmation declarations (1.1); call with C. Koster regarding plan objections (.3) |

9

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/16/22 | K. Peguero | 2.3 | 1,725.00 | Advise N. Abbattista regarding filings (.1); review revised DS/Plan (.3); review and revise notice of amended plan supplement (.2); review updated confirmation declarations and coordinate with K. Gradney regarding filing (.5); review and finalize confirmation order (.4); research and correspondence to C. Koster regarding additional transcripts (.5); review revised agenda and w/e lists (.3) |
| 05/16/22 | K. Gradney | 0.9 | 184.50 | Prepare for filing modified plan/disclosure statement (.1); amended plan supplement (.1); amended witness and exhibit list for upcoming confirmation hearing (.5); prepare agenda for filing (.2). |
| 05/17/22 | K. Peguero | 1.6 | 1,200.00 | Analyze LA DOR objection and requested plan language (.5); analyze case closing language (.3); prepare for (.4) and attend confirmation hearing (.4) |
| 05/17/22 | K. Gradney | 0.5 | 102.50 | Prepare for upload revised confirmation order (.1); attend confirmation hearing (.4). |
| Total Plan and Disclosure Statement (including Business Plan) | | 33.9 | $ 24,371.00 | |

10

**EXHIBIT 3**

**Customary and Comparable Compensation Disclosure with Fee Applications**

| Category of Timekeeper | Total Hours | Total Fees | BLENDED HOURLY RATE | |
|---|---|---|---|---|
| | | | Billed in this Fee Application | Billed or Collected from Firm or Offices for Preceding Year (Excluding Bankruptcy) |
| Equity Partner/Shareholder | 211.4 | $203,647.50 | $963.33 | $598.00 |
| Non-Equity Partner/Shareholder | 600.4 | $453,013.00 | $754.52 | $502.00 |
| Senior Counsel | 132.6 | $90,831.00 | $685.00 | $349.00 |
| Associate | 164.4 | $93,470.50 | $568.56 | $349.00 |
| Paraprofessional | 147.6 | $34,064.00 | $230.79 | $250.00 |
| **All Timekeepers Aggregated:** | **1256.4** | **$875,026.00** | **$696.45** | **$452.38** |

Case Name: Strike, LLC

Case Number:  21-90054

Applicant's Name:  Jackson Walker LLP

Date of Application: July 21, 2022

Interim or Final: Second Interim and Final

## EXHIBIT 4
## Summary of Timekeepers Included in this Fee Application

| Name | Title or Position | Department, Group, or Section | Date of First Admission | Fees Billed in this Application | Hours Billed in this Application | Hourly Rate Billed in this Application | Hourly Rate Billed in First Interim Application | Number of Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|---|---|
| Ron Kerridge | Partner | Tax | 11/6/1987 | $11,825.00 | 11.0 | $1,075.00 | | N/A |
| Brian Dethrow | Partner | Tax | 11/4/1983 | $26,092.50 | 24.5 | $1,065.00 | | N/A |
| Steve Moore | Partner | Tax | 5/5/1989 | $6,240.00 | 6.4 | $975.00 | | N/A |
| Matthew D. Cavenaugh | Partner | Bankruptcy | 5/2/2008 | $177,555.00 | 186.9 | $950.00 | | N/A |
| Kristhy M. Peguero | Partner | Bankruptcy | 12/2/2006 | $233,625.00 | 311.5 | $750.00 | | N/A |
| Chris Bankler | Partner | Litigation | 11/6/2009 | $188,261.50 | 252.7 | $745.00 | | N/A |
| Chris Thompson | Partner | Litigation | 11/7/1997 | $2,288.00 | 3.2 | $715.00 | | N/A |
| J. Machir Stull | Partner | Bankruptcy | 11/6/2009 | $3,010.00 | 4.3 | $700.00 | | N/A |
| Jennifer F. Wertz | Partner | Bankruptcy | 11/4/2011 | $6,811.00 | 9.8 | $695.00 | | N/A |
| Genevieve M. Graham | Sr. Counsel | Bankruptcy | 5/3/2013 | $90,831.00 | 132.6 | $685.00 | | N/A |
| Veronica Polnick | Associate | Bankruptcy | 11/4/2011 | $9,316.00 | 13.6 | $685.00 | | N/A |
| Vienna F. Anaya | Associate | Bankruptcy | 5/18/2016 | $6,302.00 | 9.2 | $685.00 | | N/A |
| Harris Huguenard | Associate | Litigation | 11/4/2016 | $1,290.00 | 2.0 | $645.00 | | N/A |
| Devanshi Somaya | Associate | Litigation | 11/4/2016 | $32,637.00 | 50.6 | $645.00 | | N/A |
| Matthew Swantner | Partner | Litigation | 11/7/2008 | $952.50 | 1.5 | $635.00 | | N/A |
| Ashley Withers | Associate | Tax | 11/4/2011 | $238.00 | 0.4 | $595.00 | | N/A |
| Zach Zurek | Associate | Litigation | 11/6/2014 | $892.50 | 1.5 | $595.00 | | N/A |
| Victoria Argeroplos | Associate | Bankruptcy | 11/3/2017 | $9,243.00 | 15.8 | $585.00 | | N/A |
| Alicia Vesely | Associate | Corporate | 11/3/2017 | $2,632.50 | 4.5 | $585.00 | | N/A |
| Austin Yancy | Associate | Litigation | 11/2/2018 | $2,223.00 | 3.8 | $585.00 | | N/A |
| William Nilsson | Associate | Litigation | 4/30/2021 | $12,076.50 | 24.9 | $485.00 | | N/A |
| Carter Dickson | Associate | Litigation | 1/13/2019 | $4,092.00 | 9.3 | $440.00 | | N/A |
| Courtney Cameron | Associate | Corporate | 11/18/2021 | $1,783.50 | 4.1 | $435.00 | | N/A |
| Javier Gonzalez | Associate | Litigation | 10/8/2021 | $10,744.50 | 24.7 | $435.00 | | N/A |

| Name | Title or Position | Department, Group, or Section | Date of First Admission | Fees Billed in this Application | Hours Billed in this Application | Hourly Rate Billed in this Application | Hourly Rate Billed in First Interim Application | Number of Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|---|---|
| Duane Lites | Lit Support | IT | N/A | $1,760.00 | 4.4 | $400.00 | | N/A |
| Leonides Gonzalez | Lit Support | IT | N/A | $9,922.50 | 31.5 | $315.00 | | N/A |
| Carey Edwards | Paralegal | Litigation | N/A | $85.50 | 0.3 | $285.00 | | N/A |
| Kendra Gradney | Legal Assistant | Bankruptcy | N/A | $11,746.50 | 57.3 | $205.00 | | N/A |
| Daniela Trevino | Legal Assistant | Bankruptcy | N/A | $10,549.50 | 54.1 | $195.00 | | N/A |
| **Total** | | | | **$875,026.00** | **1256.4** | | | |

Case Name: Strike, LLC
Case Number:  21-90054
Applicant's Name:  Jackson Walker LLP
Date of Application: July 21, 2022
Interim or Final: Second Interim and Final

# EXHIBIT 5

## Budget

**JW did not submit a budget for this case.**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Asset Analysis and Recovery | | |
| Asset Disposition | | |
| Assumption and Rejection of Leases and Contracts | | |
| Avoidance Action Analysis | | |
| Budgeting (Case) | | |
| Business Operations | | |
| Case Administration | | |
| Claims Administration and Objections | | |
| Corporate Governance and Board Matters | | |
| Employee Benefits and Pensions | | |
| Employment and Fee Applications | | |
| Employment and Fee Application Objections | | |
| Financing and Cash Collateral | | |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) - identify each separately by caption and adversary number, or title of motion or application and docket number) | | |
| Meeting and Communications with Creditors | | |
| Non-Working Travel | | |
| Plan and Disclosure Statement | | |
| Real Estate | | |
| Relief from Stay and Adequate Protection | | |
| Reporting | | |
| Tax | | |
| Valuation | | |
| **Total** | | |

Case Name: Strike, LLC
Case Number:  21-90054
Applicant's Name:  Jackson Walker LLP
Date of Application: July 21, 2022
Interim or Final:  Second Interim and Final

### EXHIBIT 6
### Summary of Compensation Requested by Project Category

| Project Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Sought |
|---|---|---|---|---|
| Asset Analysis and Recovery | | | 236.8 | $165,272.50 |
| Asset Disposition | | | 85.9 | $57,018.50 |
| Assumption and Rejection of Leases and Contracts | | | 53.7 | $33,536.50 |
| Avoidance Action Analysis | | | | |
| Budgeting (Case) | | | | |
| Business Operations | | | 33.4 | $27,176.50 |
| Case Administration | | | 195.6 | $117,891.00 |
| Claims Administration and Objections | | | 192.8 | $140,656.50 |
| Corporate Governance and Board Matters | | | 135.2 | $98,358.00 |
| Employee Benefits and Pensions | | | 5.0 | $3,110.00 |
| Employment and Fee Applications | | | 73.5 | $45,096.50 |
| Employment and Fee Application Objections | | | | |
| Financing and Cash Collateral | | | 35.3 | $23,578.00 |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) - identify each separately by caption and adversary number, or title of motion or application and docket number) | | | | |
| Meeting and Communications with Creditors | | | 11.6 | $8,481.50 |
| Non-Working Travel | | | | |
| Plan and Disclosure Statement | | | 150.6 | $124,399.50 |
| Real Estate | | | | |
| Relief from Stay and Adequate Protection | | | 30.2 | $19,073.50 |
| Reporting | | | 16.8 | $11,377.50 |
| Tax | | | | |
| Valuation | | | | |
| **Total** | | | **1256.4** | **$875,026.00** |

Case Name: Strike, LLC

Case Number:  21-90054

Applicant's Name:  Jackson Walker LLP

Date of Application:  July 21, 2022

Interim or Final: Second Interim and Final